STARK & STARK
A Professional Corporation
John E. MacDonald (CT Fed. Bar No.: 14853)
Thomas B. Lewis (Member NJ Bar)
993 Lenox Drive, Bldg 2
Post Office Box 5315
Princeton, New Jersey 08543-5315
(609) 895-7321

*Attorneys for Defendants, Timothy McMullan,*
*James Cook, Timothy McFadden, Karen Bazon,*
*Tamara Rivera and TJT Capital Group, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. <br><br> Plaintiff, <br> vs. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC <br><br> Defendants. <br> ——————————————— <br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC <br><br> Third-Party Plaintiffs, <br> vs. <br><br> GURINDER AHLUWALIA <br><br> Third-Party Defendant. | CIVIL ACTION NO. 3:09-CV-01521-VLB <br><br><br><br> **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT** |

Defendants, Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon,

Tamara Rivera and TJT Capital Group, LLC. (collectively "Defendants"), by way of Answer

to the Complaint hereby state as follows:

## **INTRODUCTION**

1.     The allegations set forth in Paragraph 1 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 1 of the Complaint are denied.

2.     The allegations set forth in Paragraph 2 of the Complaint are denied.

3.     The allegations set forth in Paragraph 3 of the Complaint directed against the Defendants are denied.  The remainder of allegations are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 3 of the Complaint are denied.

## **PARTIES**

4.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth within Paragraph 4 of the Complaint and, therefore, the allegations are denied.

5.     The allegations set forth in Paragraph 5 of the Complaint are admitted.

6.     The allegations set forth in Paragraph 6 of the Complaint are admitted.

7.     The allegations set forth in Paragraph 7 of the Complaint are admitted.

8.     The allegations set forth in Paragraph 8 of the Complaint are admitted.

9.     The allegations set forth in Paragraph 9 of the Complaint are admitted.

10.    The allegations set forth in Paragraph 10 of the Complaint are admitted.

11.    The allegations set forth in Paragraph 11 of the Complaint are admitted.

## **JURISDICTION AND VENUE**

12.    Paragraph 12 of the Complaint states a legal conclusion and, therefore, no answer is required from the Defendants.  However, Defendants believe that a valid

arbitration policy exists between Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth") and Defendants, requiring this matter to be submitted to Arbitration.

13.     Paragraph 13 of the Complaint states a legal conclusion and, therefore, no answer is required from the Defendants.  However, Defendants believe that a valid arbitration policy exists between Genworth and Defendants, requiring this matter to be submitted to Arbitration.

## STATEMENT OF FACTS

14.     The allegations set forth in Paragraph 14 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 14 of the Complaint are denied.  Upon information and belief, it is denied that Genworth followed the proprietary models developed by Bob Brinker.

15.     The allegations set forth in Paragraph 15 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 15 of the Complaint are denied.

16.     Upon information and belief, the allegations contained within Paragraph 16 of the Complaint are denied.

17.     The allegations set forth in Paragraph 17 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 17 of the Complaint are denied.

18.     The allegations set forth in Paragraph 18 of the Complaint are denied as stated.  It is admitted, only, that Genworth employed Defendants McMullan, Cook, McFadden, Bazon and Rivera; that Defendant McMullan was hired in 2004 and worked with, among others, Defendants McFadden and Cook; and that Defendants Rivera and Bazon were employed by Genworth as administrative assistants.  The remainder of the allegations contained in Paragraph 18 of the Complaint are denied.

19.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint and, therefore, the allegations contained within Paragraph 19 of the Complaint are denied.  Further, the allegation that identities of clients are not readily ascertainable by legitimate means is denied.

20.     The allegations set forth in Paragraph 20 of the Complaint are denied as stated.  It is admitted, only, that Defendants McMullan, McFadden and Cook serviced Genworth's clients and that all named Defendants were provided access to the Automated Contact Tracking (ACT) database.  The remainder of the allegations contained in Paragraph 20 of the Complaint are denied.

21.     The allegations set forth in Paragraph 21 of the Complaint are denied as stated.  It is admitted, only, that Defendants were provided with access to the Schwab and Genworth custodial account databases.  The remainder of the allegations contained in Paragraph 21 of the Complaint are denied.

22.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and/or the allegations set forth in Paragraph 22 of the Complaint are not directed against the Defendants and, therefore,

no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 22 of the Complaint are denied.

23.     The allegations set forth in Paragraph 23 of the Complaint are denied as stated. It is admitted, only, that each named Defendant received a copy of *Integrity First*.  The document speaks for itself.

24.     The allegations set forth in Paragraph 24 of the Complaint are denied as stated.  It is admitted, only, that each individual Defendant signed an acknowledgment form. The document speaks for itself.

25.     The allegations set forth in Paragraph 25 of the Complaint are denied.

26.     The allegations set forth in Paragraph 26 of the Complaint are denied.

27.     The allegations set forth in Paragraph 27 of the Complaint are denied.

28.     The allegations set forth in Paragraph 28 of the Complaint are denied as stated.  It is admitted, only, that Defendant McMullan noticed his resignation on June 15, 2009.  The remainder of the allegations contained in Paragraph 28 of the Complaint are denied.

29.     The allegations set forth in Paragraph 29 of the Complaint are denied.

30.     The allegations set forth in Paragraph 30 of the Complaint are denied.

31.     The allegations set forth in Paragraph 31 of the Complaint are denied.

32.     The allegations set forth in Paragraph 32 of the Complaint are denied.

33.     The allegations set forth in Paragraph 33 of the Complaint are denied.

34.     The allegations set forth in Paragraph 34 of the Complaint are denied.

35.     The allegations set forth in Paragraph 35 of the Complaint are denied.

36.     The allegations set forth in Paragraph 36 of the Complaint are denied.

37.     The allegations set forth in Paragraph 37 of the Complaint are denied.

38.     The allegations set forth in Paragraph 38 of the Complaint are denied.

39.     The allegations set forth in Paragraph 39 of the Complaint are denied.

## CAUSES OF ACTION

### COUNT I

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT
AS TO DEFENDANTS MCFADDEN AND TJT CAPITAL**

40.     The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

41.     The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations and/or the allegations set forth in Paragraph 41 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 41 of the Complaint are denied.

42.     Paragraph 42 of the Complaint states a legal conclusion and, therefore, no answer is required from the Defendants.  To the extent that any answer is required, the allegations set forth in Paragraph 42 of the Complaint are denied.

43.     The allegations set forth in Paragraph 43 of the Complaint are denied.

44.     The allegations set forth in Paragraph 44 of the Complaint are denied.

45.     The allegations set forth in Paragraph 45 of the Complaint are denied.

46.     The allegations set forth in Paragraph 46 of the Complaint are denied.

### COUNT II

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT
AS TO DEFENDANTS COOK AND TJT CAPITAL**

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

47. The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

48. The allegations set forth in Paragraph 48 of the Complaint are not directed against the Defendants and, therefore, no answer is required. To the extent that any answer is required, the allegations set forth in Paragraph 48 of the Complaint are denied.

49. Paragraph 49 of the Complaint states a legal conclusion and, therefore, no answer is required from the Defendants. To the extent that any answer is required, the allegations set forth in Paragraph 49 of the Complaint are denied.

50. The allegations set forth in Paragraph 50 of the Complaint are denied.

51. The allegations set forth in Paragraph 51 of the Complaint are denied.

52. The allegations set forth in Paragraph 52 of the Complaint are denied.

53. The allegations set forth in Paragraph 53 of the Complaint are denied.

## COUNT III

## MISAPPROPRIATION OF TRADE SECRETS
## AS TO ALL DEFENDANTS

54. The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

55. The allegations set forth in Paragraph 55 of the Complaint are not directed at the Defendants and, therefore, no answer is required. To the extent that any answer is required, the allegations set forth in Paragraph 55 of the Complaint are denied.

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

MAILING ADDRESS

PO BOX 5315

PRINCETON, NJ 08543-5315

STARK & STARK

56.     The allegations set forth in Paragraph 56 of the Complaint are not directed at the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 56 are denied.

57.     The allegations set forth in Paragraph 57 are denied as stated.  It is admitted, only, that Defendants were privy to information belonging to Genworth's clients during their respective employments with Genworth.

58.     The allegations set forth in Paragraph 58 of the Complaint are denied.

59.     The allegations set forth in Paragraph 59 of the Complaint are denied.

60.     Paragraph 60 of the Complaint states a legal conclusion and, therefore, no answer is required from the Defendants.  To the extent that any answer is required, the allegations set forth in Paragraph 60 of the Complaint are denied.

61.     The allegations set forth in Paragraph 61 of the Complaint are denied.

62.     The allegations set forth in Paragraph 62 of the Complaint are denied.

## COUNT IV

## BREACH OF CONTRACT
## AS TO THE INDIVIDUAL DEFENDANTS

63.     The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

64.     The allegations set forth in Paragraph 64 of the Complaint are denied as stated.  It is admitted, only, that Defendants were aware of Genworth's code of conduct during their employment with Genworth.  The remainder of the allegations set forth in Paragraph 64 state a legal conclusion and, therefore, no answer is required from the Defendants.  To the extent that any further response is required, the remainder of the allegations set forth in Paragraph 64 of the Complaint are denied.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

65. The allegations set forth in Paragraph 65 of the Complaint are denied.

66. The allegations set forth in Paragraph 66 of the Complaint are denied.

67. The allegations set forth in Paragraph 67 of the Complaint are denied.

## COUNT V

### VIOLATION OF CONNECTICUT UNFAIR AND
### DECEPTIVE TRADE PRACTICES ACT
### AS TO ALL DEFENDANTS

68. The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

69. Paragraph 69 of the Complaint states a legal conclusion and no answer is required from the Defendants. To the extent that any answer is required, the allegations set forth in Paragraph 69 of the Complaint are denied.

70. The allegations set forth in Paragraph 70 of the Complaint are denied.

71. The allegations set forth in Paragraph 71 of the Complaint are denied.

72. The allegations set forth in Paragraph 72 of the Complaint are denied.

## COUNT VI

### VIOLATION OF STORED COMMUNICATIONS ACT
### AS TO ALL DEFENDANTS

73. The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

74. The allegations set forth in Paragraph 74 of the Complaint are not directed at the Defendants and, therefore, no answer is required. To the extent that any answer is required, the allegations set forth in Paragraph 74 of the Complaint are denied.

75.     The allegations set forth in Paragraph 75 of the Complaint are denied as stated.  It is admitted, only, that Defendant McMullan accessed his voicemail to check for personal messages.  The remainder of the allegations set forth in Paragraph 75 of the Complaint are denied.

76.     Paragraph 76 of the Complaint states a legal conclusion and, therefore, no answer is required from the Defendants.  To the extent that any answer is required, the allegations set forth in Paragraph 76 of the Complaint are denied.

77.     The allegations set forth in Paragraph 77 of the Complaint are denied.

78.     The allegations set forth in Paragraph 78 of the Complaint are denied.

## COUNT VII

### TORTIOUS INTERFERENCE WITH
### CONTRACTUAL AND/OR ADVANTAGEOUS BUSINESS RELATIONS
### AS TO ALL DEFENDANTS

79.     The Defendants repeat and reallege each and every answer contained in the preceding paragraphs as if fully set forth at length herein.

80.     The allegations set forth in paragraph 80 of the Complaint are denied.

81.     The allegations set forth in paragraph 81 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 81 of the Complaint are denied.

82.     The allegations set forth in paragraph 82 of the Complaint are not directed against the Defendants and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 82 of the Complaint are denied.

83.     The allegations set forth in Paragraph 83 of the Complaint are denied.

84.     The allegations set forth in Paragraph 84 of the Complaint are denied.

85.     The allegations set forth in Paragraph 85 of the Complaint are denied.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants, Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC hereby pray that the Plaintiff take nothing by its Complaint and demand judgment in their favor dismissing the Complaint, with prejudice, together with reasonable attorneys fees and costs of suit and any such additional relief as this Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted. *See* FED.R.CIV.P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed as this dispute is subject to a binding agreement to submit these claims to Arbitration.

## THIRD AFFIRMATIVE DEFENSE

Defendants deny a breach of contract.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by equitable defenses including estoppel, laches and waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of "unclean hands."

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the claims were filed for an improper purpose and lack a good faith basis in fact or law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants deny any breach of any duties owed to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendants are not in violation of any statute, common law, or public policy.

### TENTH AFFIRMATIVE DEFENSE

Subject to a reasonable opportunity for further investigation or discovery, Defendants allege that all or some of Plaintiff's claims for relief are brought in bad faith, without a reasonable basis in law or fact, and entitle Defendants to an award of damages, reasonable attorneys fees and costs herein.

### COUNTERCLAIMS/THIRD-PARTY COMPLAINT

Defendants-Counterclaimants, Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC, by their attorneys, Stark & Stark, P.C., for their counterclaims against Plaintiff, Genworth Financial Wealth Management, Inc. and Third-Party Complaint against Third-Party Defendant, Gurinder Ahluwalia, President and CEO of Genworth, hereby allege as follows:

### NATURE OF THE ACTION

1.      This is an action seeking injunctive relief and damages arising out of Plaintiff-Counterclaim Defendant Genworth Financial Wealth Management, Inc. and Third-Party

Defendant Gurinder Ahluwalia's improper acts of defamation, disparagement, unfair competition and tortious interference with the Defendants-Counterclaimants–Third-Party Plaintiffs' contractual and/or advantageous business relations.

## PARTIES

2.      Defendant-Counterclaimant–Third-Party Plaintiff Timothy McMullan ("McMullan") is a citizen of the United States of America and a resident of the State of Connecticut, with a residence located at 39 Revere Place, Ridgefield, Connecticut 06877.

3.      Defendant-Counterclaimant–Third-Party Plaintiff James Cook ("Cook") is a citizen of the United States of America and a resident of the State of Connecticut, with a residence located at 91 Echo Hill Drive, Stamford, Connecticut 06903.

4.      Defendant-Counterclaimant–Third-Party Plaintiff Timothy McFadden ("McFadden") is a citizen of the United States of America and a resident of the State of New York, with a residence located at 4250 Van Cortland Pk. E 2g, Bronx, New York 10470.

5.      Defendant-Counterclaimant–Third-Party Plaintiff TJT Capital Group, LLC ("TJT") is a Delaware limited liability company with a principal place of business located at 9 West Broad Street, Stamford, Connecticut 06902.

6.      Plaintiff-Counterclaim Defendant Genworth Financial Wealth Management, Inc. ("Genworth") is a California corporation with a principal place of business located at 2300 Contra Costa Blvd., Suite 600, Pleasant Hill, California 94523.  At all relevant times, Genworth operated an office located in Stamford, Connecticut.

7.      Third-Party Defendant, Gurinder Ahluwalia, is the President and CEO of

Genworth and, upon information and belief, is a citizen of the United States of America and a resident of the State of California, with a residence located at 112 Victoria Place, Danville, California 94506.

## JURISDICTION AND VENUE

8.　　This Court, subject to all claims being submitted to Arbitration, has subject matter jurisdiction over this action pursuant to 28 U.S.C.§1332 as there is complete diversity of citizenship between the parties and as the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.  Venue is proper is this district pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO ALL COUNTERCLAIMS/THIRD-PARTY COMPLAINT

9.　　Defendants-Counterclaimants–Third-Party Plaintiffs McMullan, Cook and McFadden were formerly employed by Genworth.

10.　　None of the Defendants-Counterclaimants–Third-Party Plaintiffs are subject to any contractual, post-employment restrictions against solicitation or competition owed to Genworth.

11.　　Defendants-Counterclaimants–Third-Party Plaintiffs McMullan, Cook and McFadden resigned from Genworth, in part, after becoming increasingly concerned by Genworth's management of accounts, asset allocation for accounts, and selection of mutual funds which were being  represented to Genworth clients as being managed in a manner consistent with and pursuant to the investment philosophy, strategy and guidance provided by Robert J. Brinker ("Bob Brinker") when, in fact, they were not.

12.　　Defendant-Counterclaimant–Third-Party Plaintiff McMullan complained about and reported to management at Genworth, and specifically to Third-Party Defendant

Genworth President and CEO Gurinder Ahluwalia ("CEO Ahluwalia"), the fact that client accounts were grossly under-performing due to Genworth's inappropriate selection of non-Brinker recommended mutual funds in a manner inconsistent and often contrary to Bob Brinker's recommendations; that inappropriate funds were clearly being selected in a manner calculated solely to obtain additional revenue at the clients' expense; that Genworth was fraudulently representing to clients that it "implements Bob Brinker's recommendations by selecting mutual funds for client accounts" when, in fact, it very often did not; that there was significant evidence of "double dipping" practices at Genworth - at the clients' expense and contrary to both good practice and the law; and that Genworth was failing to properly monitor and report on the performance of accounts under its control and within its custody.

13.     Since resigning from the employ of Genworth, agents of Genworth, including Ahluwalia, its President and CEO, have defamed and disparaged Defendants-Counterclaimants–Third-Party Plaintiffs and have tortiously interfered with TJT, by fraudulently and intentionally misrepresenting to clients, prospective clients and third parties both that Genworth has an exclusive agreement with Bob Brinker and that TJT does not have any relationship or agreement with Bob Brinker causing Defendants-Counterclaimants–Third-Party Plaintiffs' damage.

14.     On or about August 24, 2009, CEO Ahluwalia sent an e-mail to all individuals that Defendants-Counterclaimants–Third-Party Plaintiffs worked with while at Genworth, stating that neither McMullan, Cook, McFadden or TJT  have any affiliation with Bob Brinker.  The e-mail was followed up with a letter sent to the same individuals via Federal Express.

-15-

15.     Genworth and CEO Ahluwalia, however, were, at all times, aware of the fact that TJT has a relationship/affiliation with Bob Brinker and, in fact, had been told, and had been provided a copy, of TJT's agreement with Bob Brinker.

16.     Despite being told, and having been provided with a copy, of the agreement between TJT and Bob Brinker, Genworth continued to misrepresent and/or improperly imply that none of the Defendants-Counterclaimants–Third-Party Plaintiffs have a relationship with Bob Brinker.

17.     Further, Genworth continues to misrepresent and/or imply that Defendants-Counterclaimants–Third-Party Plaintiffs McMullan, Cook and McFadden are lying about the fact that they have any relationship with Bob Brinker.

18.     These intentional misrepresentations have damaged Defendants-Counterclaimants–Third-Party Plaintiffs' reputations and relationships with clients and business relations and with prospective clients and business relations.

**COUNT I**
**DEFAMATION**

19.     Defendants-Counterclaimants–Third-Party Plaintiffs repeat and reallage all of the foregoing allegations of the Counterclaims as if fully set forth herein.

20.     Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false and defamatory statements of fact concerning McMullan, Cook and McFadden which have had the effect of damaging the professional reputation of McMullan, Cook and McFadden.

21.     Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false defamatory

statements of fact concerning TJT, which have had the effect of damaging TJT's reputation.

22.     Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false statements while acting intentionally or with reckless disregard for the truth.

23.     As a result of Genworth's and CEO Ahluwalia's false, defamatory and slanderous actions and libelous publications, Defendants-Counterclaimants–Third-Party Plaintiffs' reputations have been injured and business has been lost sustaining damages for Defendants-Counterclaimants–Third-Party Plaintiffs.

**COUNT II**
**DISPARAGEMENT**

24.     Defendants-Counterclaimants–Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims–Third Party Complaint as if fully set forth herein.

25.     Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false and defamatory statements of fact concerning McMullan, Cook and McFadden, which have had the effect of damaging the professional reputations of McMullan, Cook and McFadden.

26.     Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false defamatory statements of fact concerning TJT, which have had the effect of damaging TJT's reputation.

27.     Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false statements while acting intentionally or with reckless disregard for the truth.

28.     As a result of Genworth's and CEO Ahluwalia's false, defamatory and slanderous actions and libelous publications, Defendants-Counterclaimants'–Third-Party Plaintiffs' reputations have been injured.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND/OR ADVANTAGEOUS BUSINESS RELATIONS

29.     Defendants-Counterclaimants–Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims–Third-Party Complaint as if fully set forth herein.

30.     TJT has substantial and on-going contractual and/or business expectancy relationships with its clients, potential clients and third parties that Genworth has diverted and/or is actively attempting to divert from TJT.

31.     TJT has existing contractual relationships with its clients and with Bob Brinker, a third party business relation.

32.     TJT has had a reasonable prospect of entering into a contractual or a business relationship with its clients and potential clients.

33.     Genworth knew of TJT's contractual and/or business expectancy relationships with its clients, potential clients, and third party business relations.

34.     By engaging in the conduct described above, Genworth intentionally and wrongfully interfered with TJT's contractual and/or business expectant relationships with those clients, prospective clients and third party relations.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

35. As a result of Genworth's tortious interference, Defendants-Counterclaimants–Third-Party Plaintiffs have suffered actual loss in an amount that cannot be presently determined.

## COUNT IV
## VIOLATION OF CONNECTICUT UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

36. Defendants-Counterclaimants–Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims–Third-Party Complaint as if fully set forth herein.

37. Genworth's conduct in operating its business and making intentional misrepresentations and CEO Ahluwalia's publications against Defendants-Counterclaimants–Third-Party Plaintiffs McMullan, Cook, McFadden and TJT is unethical, unscrupulous, unfair and deceptive, and constitutes an unfair method of competition or trade practice in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§42-110. et seq. ("CUTPA").

38. Genworth's conduct was intentional and willful.

39. Genworth's violation of CUTPA was carried out for the improper purpose of competing unfairly with TJT.

40. As a result of Genworth's violation of CUTPA, TJT has suffered damages in an amount that cannot be presently determined.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

41. Defendants-Counterclaimants–Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims–Third-Party Complaint as if fully set forth herein.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

42. The foregoing acts of Genworth and CEO Ahluwalia constitute unfair competition under the common law.

WHEREFORE, Defendants-Counterclaimants–Third-Party Plaintiffs, Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC, respectfully request the following temporary and permanent relief to be further specified by an order by the Court:

I. An injunction restraining and enjoining Genworth Financial Wealth Management, Inc., whether directly or indirectly, alone or in concert with others, including but not limited to Gurinder Ahluwalia, any officer, agent, employee or representative of Genworth Financial Wealth Management, Inc., from:

(a) representing or implying that TJT Capital Group, LLC does not have a contractual or business relationship with Robert J. Brinker or his affiliated businesses; and

(b) making false or misleading statements about Timothy McMullan, James Cook, Timothy McFadden, TJT Capital Group, LLC, or any of its agents or employees.

II. The following other relief:

(a) compensatory damages;

(b) statutory damages;

(c) punitive damages;

(d) attorneys' fees;

(e) costs; and

(f) such other and further relief as this Court may deem proper.

## <u>RESERVATION OF RIGHTS</u>

The Defendants hereby reserve all rights to move to dismiss the Plaintiff's

Complaint and/or to assert any and all counterclaims for damages against the Plaintiff

within the time and in the manner prescribed by the Federal Rules of Civil Procedure.

Respectfully submitted,

STARK & STARK
A Professional Corporation

By: __s/ John E. MacDonald_____
    JOHN E. MACDONALD (CT Fed. Bar No.: 14853)

*Counsel for Defendants Timothy McMullan,*
*James Cook, Timothy McFadden, Karen Bazon,*
*Tamara Rivera and TJT Capital Group, LLC*

Dated: October 21, 2009

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

The undersigned certifies that this matter is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding.

STARK & STARK
A Professional Corporation

By: __s/ John E. MacDonald_____
    JOHN E. MACDONALD (CT Fed. Bar No.: 14853)

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2009, I filed the foregoing with the Clerk of

the Court and sent notification of such filing via the Court's CM/ECF system to:

**Kurt Hansson, Esquire**
Paul, Hastings, Janofsky & Walker, LLP
75 E. 55th Street
New York, NY 10022

*Attorneys for Plaintiff Genworth*
*Financial Wealth Management, Inc.*

STARK & STARK
A Professional Corporation

By: ___s/ John E. MacDonald_____
      JOHN E. MACDONALD (CT Fed. Bar No.: 14853)

Of Counsel:
Thomas B. Lewis
(Member Bar of NJ)
Stark & Stark
A Professional Corporation
993 Lenox Drive, Bldg 2
Post Office Box 5315
Princeton, New Jersey 08543-5315
(609) 895-7321

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

G:\docs\LIT\TBL\TJT CAPITAL\Genworth\Answer & Counterclaim.wpd      -22-