KURT HANSSON (CT No. 01373)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6627
Facsimile: (212) 230-7843
kurthansson@paulhastings.com

Attorney for Plaintiff and Third-Party Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | : | |
| Plaintiff, | : | Civil Action No. 3:09-CV-1521-VLB |
| v. | : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC. | : | |
| Defendants. | : | **PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT** |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | : | |
| Third-Party Plaintiffs, | : | |
| v. | : | |
| GURINDER AHLUWALIA, | : | |
| Third-Party Defendant. | : | November 10, 2009 |

Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia hereby Answer the Counterclaims and Third-Party Complaint of Defendants and Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden, and TJT Capital Group, LLC, set forth in Defendants-

Counterclaimants-Third-Party Plaintiffs' "ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT" filed on October, 21, 2009, as follows:

## ALLEGATIONS CONCERNING THE "NATURE OF THE ACTION"

1. This is an action seeking injunctive relief and damages arising out of Plaintiff-Counterclaim Defendant Genworth Financial Wealth Management, Inc., and Third-Party Defendant Gurinder Ahluwalia's improper acts of defamation, disparagement, unfair competition and tortious interference with the Defendants-Counterclaimants-Third-Party Plaintiffs' contractual and/or advantageous business relations.

**ANSWER:** The allegations set fort in Paragraph 1 of the Counterclaim and Third-Party Complaint are not directed against the Plaintiff or the Third-Party Defendant and, therefore, no answer is required. To the extent that any answer is required, the allegations set forth in Paragraph 1 of the Counterclaim and Third-Party Complaint are denied.

## ALLEGATIONS CONCERNING "PARTIES"

2. Defendant-Counterclaimant-Third-Party Plaintiff Timothy McMullan ("McMullan") is a citizen of the United States of America and a resident of the State of Connecticut, with a residence located at 39 Revere Place, Ridgefield, Connecticut 06877.

**ANSWER:** The Plaintiff and Third-Party Defendant are without sufficient knowledge or information to form a belief as to the truth or falsity allegations set forth in Paragraph 2 of the Counterclaim and Third-Party Complaint and, therefore, the allegation is denied.

3. Defendant-Counterclaimant-Third-Party Plaintiff James Cook ("Cook") is a citizen of the United States of America and a resident of the State of Connecticut, with a residence located at 91 Echo Hill Drive, Stamford, Connecticut 06903.

**ANSWER:** The Plaintiff and Third-Party Defendant are without sufficient knowledge or information to form a belief as to the truth or falsity allegations set forth in Paragraph 3 of the Counterclaim and Third-Party Complaint and, therefore, the allegation is denied.

4. Defendant-Counterclaimant-Third-Party Plaintiff Timothy McFadden ("McFadden") is a citizen of the United States of America and a resident of the State of New York, with a residence located at 4250 Van Cortland Pk. E 2g, Bronx, New York 10470.

**ANSWER:** The Plaintiff and Third-Party Defendant are without sufficient knowledge or information to form a belief as to the truth or falsity allegations set forth in Paragraph 4 of the Counterclaim and Third-Party Complaint and, therefore, the allegation is denied.

5. Defendant-Counterclaimant-Third-Party Plaintiff TJT Capital Group, LLC ("TJT") is a Delaware limited liability company with a principal place of business located at 9 West Broad Street, Stamford, Connecticut 06902.

LEGAL_US_W # 63001700.4

**ANSWER:** The Plaintiff and Third-Party Defendant are without sufficient knowledge or information to form a belief as to the truth or falsity allegations set forth in Paragraph 5 of the Counterclaim and Third-Party Complaint and, therefore, the allegation is denied.

6. Plaintiff-Counterclaim Defendant Genworth Financial Wealth Management, Inc. ("Genworth") is a California corporation with a principal place of business located at 2300 Contra Costa Blvd., Suite 600, Pleasant Hill, California 94523. At all relevant times, Genworth operated an office located in Stamford, Connecticut.

**ANSWER:** The allegations set forth in Paragraph 6 of the Counterclaim and Third-Party Complaint are admitted.

7. Third-Party Defendant, Gurinder Ahluwalia, is the President and CEO of Genworth and, upon information and belief, is a citizen of the United States of America and a resident of the State of California, with a residence located at 112 Victoria Place, Danville, California 94506.

**ANSWER:** The allegations set forth in Paragraph 7 of the Counterclaim and Third-Party Complaint are admitted.

### ALLEGATIONS CONCERNING "JURISDICTION AND VENUE"

8. This Court, subject to all claims being submitted to Arbitration, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and as the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Venue is proper is [sic] this district pursuant to 28 U.S.C. § 1391.

**ANSWER:** Paragraph 8 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. However, Plaintiff and Third-Party Defendant deny that this matter is required to be submitted to arbitration.

### ALLEGATIONS CONCERNING "FACTS COMMON TO ALL COUNTERCLAIMS/THIRD-PARTY COMPLAINT"

9. Defendants-Counterclaimants-Third-Party Plaintiffs McMullan, Cook and McFadden were formerly employed by Genworth.

**ANSWER:** The allegations set forth in Paragraph 9 of the Counterclaim and Third-Party Complaint are admitted.

10. None of the Defendants-Counterclaimants-Third-Party Plaintiffs are subject to any contractual, post-employment restrictions against solicitation or competition owed to Genworth.

**ANSWER:** The allegations set forth in Paragraph 10 of the Counterclaim and Third-Party Complaint are denied.

11. Defendants-Counterclaimants-Third-Party Plaintiffs McMullan, Cook and McFadden resigned from Genworth, in part, after becoming increasingly concerned by Genworth's management of accounts, asset allocation for accounts, and selection of mutual funds which were being represented to Genworth clients as being managed in a manner consistent with and pursuant to the investment philosophy, strategy and guidance provided by Robert J. Brinker ("Bob Brinker") when, in fact, they were not.

**ANSWER:** The allegations set forth in Paragraph 11 of the Counterclaim and Third-Party Complaint are denied. It is admitted, only, that Defendants Counterclaimants

Third-Party Plaintiffs McMullan, Cook, and McFadden resigned from Genworth. The remainder of the allegations in Paragraph 11 are denied.

12. Defendant-Counterclaimant-Third-Party Plaintiff McMullan complained about and reported to management at Genworth, and specifically to Third-Party Defendant Genworth President and CEO Gurinder Ahluwalia ("CEO Ahluwalia"), the fact that client accounts were grossly under-performing due to Genworth's inappropriate selection of non-Brinker recommended mutual funds in a manner inconsistent and often contrary to Bob Brinker's recommendations; that inappropriate funds were clearly being selected in a manner calculated solely to obtain additional revenue at the clients' expense; that Genworth was fraudulently representing to clients that it "implements Bob Brinker's recommendations by selecting mutual funds for client accounts" when, in fact, it very often did not; that there was significant evidence of "double dipping" practices at Genworth – at the clients' expense and contrary to both good practice and the law; and that Genworth was failing to properly monitor and report on the performance of accounts under its control and within its custody.

**ANSWER:** The allegations set forth in Paragraph 12 of the Counterclaim and Third-Party Complaint are vague and ambiguous and, therefore, are denied. Further, the allegation that the Plaintiff or the Third-Party Defendant engaged in improper or unlawful activity involving client accounts is denied.

13. Since resigning from the employ of Genworth, agents of Genworth, including Ahluwalia, its President and CEO, have defamed and disparaged Defendants-Counterclaimants-Third-Party Plaintiffs and have tortiously interfered with TJT, by fraudulently and intentionally misrepresenting to clients, prospective clients and

third parties both that Genworth has an exclusive agreement with Bob Brinker and that TJT does not have any relationship or agreement with Bob Brinker causing Defendants-Counterclaimants-Third-Party Plaintiffs' damage.

**ANSWER:** Paragraph 13 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 13 are denied.

14. On or about August 24, 2009, CEO Ahluwalia sent an e-mail to all individuals that Defendants-Counterclaimants-Third-Party Plaintiffs worked with while at Genworth, stating that neither McMullan, Cook, McFadden or TJT have any affiliation with Bob Brinker. The e-mail was followed up with a letter sent to the same individuals via Federal Express.

**ANSWER:** The allegations set forth in Paragraph 14 of the Counterclaim and Third-Party Complaint are denied. It is admitted, only, that on August 24, 2009, an email and letter was sent to certain individuals that Defendants Counterclaimants Third-Party Plaintiffs McMullan, Cook, and McFadden worked with while at Genworth. The remainder of the allegations in Paragraph 14 are denied.

15. Genworth and CEO Ahluwalia, however, were, at all times, aware of the fact that TJT has a relationship/affiliation with Bob Brinker and, in fact, had been told, and had been provided a copy, of TJT's agreement with Bob Brinker.

**ANSWER:** The allegations set forth in Paragraph 15 of the Counterclaim and Third-Party Complaint are denied.

16. Despite being told, and having been provided with a copy, of the agreement between TJT and Bob Brinker, Genworth continued to misrepresent

and/or improperly imply that none of the Defendants-Counterclaimants-Third-Party Plaintiffs have a relationship with Bob Brinker.

**ANSWER:** The allegations set forth in Paragraph 16 of the Counterclaim and Third-Party Complaint are denied.

17. Further, Genworth continues to misrepresent and/or imply that Defendants-Counterclaimants-Third-Party Plaintiffs McMullan, Cook and McFadden are lying about the fact that they have a relationship with Bob Brinker.

**ANSWER:** The allegations set forth in Paragraph 17 of the Counterclaim and Third-Party Complaint are denied.

18. These intentional misrepresentations have damaged Defendants-Counterclaimants-Third-Party Plaintiffs' reputations and relationships with clients and business relations and with prospective clients and business relations.

**ANSWER:** The allegations set forth in Paragraph 18 of the Counterclaim and Third-Party Complaint are denied.

### ALLEGATIONS CONCERNING
### COUNT 1
### DEFAMATATION

19. Defendants-Counterclaimants-Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims as if fully set forth herein.

**ANSWER:** No answer is required from the Plaintiff or Third-Party Defendant.

20. Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made

false and defamatory statements of fact concerning McMullan, Cook and McFadden.

**ANSWER:** Paragraph 20 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 20 are denied.

21. Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false and defamatory statements of fact concerning TJT, which have had the effect of damaging TJT's reputation.

**ANSWER:** Paragraph 21 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 21 are denied.

22. Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false statements while acting intentionally or with reckless disregard for the truth.

**ANSWER:** Paragraph 22 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 22 are denied.

23. As a result of Genworth's and CEO Ahluwalia's false, defamatory and slanderous actions and libelous publications, Defendants-Counterclaimants-Third-

Party Plaintiffs' reputations have been injured and business has been lost sustaining damages for Defendants-Counterclaimants-Third-Party Plaintiffs.

**ANSWER:** Paragraph 23 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 23 are denied.

### ALLEGATIONS CONCERNING
### COUNT II
### DISPARAGEMENT

24. Defendants-Counterclaimants-Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims-Third-Party Complaint as if fully set forth herein.

**ANSWER:** No answer is required from the Plaintiff or Third-Party Defendant.

25. Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false and defamatory statements of fact concerning McMullan, Cook and McFadden, which have had the effect of damaging the professional reputations of McMullan, Cook and McFadden.

**ANSWER:** Paragraph 25 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 25 are denied.

26. Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made

false defamatory statements of fact concerning TJT, which have had the effect of damaging TJT's reputation.

**ANSWER:** Paragraph 26 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 26 are denied.

27. Genworth and its officers, agents and employees, including Genworth's President and Chief Executive Officer, Gurinder Ahluwalia, have made false and defamatory statements while acting intentionally or with reckless regard for the truth.

**ANSWER:** The allegations set forth in Paragraph 27 of the Counterclaim and Third-Party Complaint are denied.

28. As a result of Genworth's and CEO Ahluwalia's false, defamatory and slanderous actions and libelous publications, Defendants-Counterclaimants-Third-Party Plaintiffs' reputations have been injured.

**ANSWER:** The allegations set forth in Paragraph 28 of the Counterclaim and Third-Party Complaint are denied.

## ALLEGATIONS CONCERNING
## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND/OR ADVANTAGEOUS BUSINESS RELATIONS

29. Defendants-Counterclaimants-Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims-Third-Party Complaint as if fully set forth herein.

**ANSWER:**  No answer is required from the Plaintiff or Third-Party Defendant.

30. TJT has substantial and on-going contractual and/or business expectancy relationships with its clients, potential clients and third parties that Genworth has diverted and/or is actively attempting to divert from TJT.

**ANSWER:**  The allegations set fort in Paragraph 30 of the Counterclaim and Third-Party Complaint are not directed against the Plaintiff or the Third-Party Defendant and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 30 of the Counterclaim and Third-Party Complaint are denied.

31. TJT has existing contractual relationships with its clients and with Bob Brinker, a third party business relation.

**ANSWER:**  The allegations set fort in Paragraph 31 of the Counterclaim and Third-Party Complaint are not directed against the Plaintiff or the Third-Party Defendant and, therefore, no answer is required.  To the extent that any answer is required, the allegations set forth in Paragraph 31 of the Counterclaim and Third-Party Complaint are denied.

32. TJT has had a reasonable prospect of entering into a contractual or a business relationship with its clients and potential clients.

**ANSWER:** The allegations set fort in Paragraph 32 of the Counterclaim and Third-Party Complaint are not directed against the Plaintiff or the Third-Party Defendant and, therefore, no answer is required. To the extent that any answer is required, the allegations set forth in Paragraph 32 of the Counterclaim and Third-Party Complaint are denied.

33. Genworth knew of TJT's contractual and/or business expectancy relationships with its clients, potential clients, and third party business relations.

**ANSWER:** The allegations set forth in Paragraph 33 of the Counterclaim and Third-Party Complaint are denied.

34. By engaging in the conduct described above, Genworth intentionally and wrongfully interfered with TJT's contractual and/or business expectant relationships with those clients, prospective clients and third party relations.

**ANSWER:** The allegations set forth in Paragraph 34 of the Counterclaim and Third-Party Complaint are denied.

35. As a result of Genworth's tortious interference, Defendants-Counterclaimants-Third-Party Plaintiffs have suffered actual loss in an amount that cannot be presently determined.

**ANSWER:** The allegations set forth in Paragraph 35 of the Counterclaim and Third-Party Complaint are denied.

# ALLEGATIONS CONCERNING
# COUNT IV
# VIOLATION OF CONNECTICUT UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

36. Defendants-Counterclaimants-Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims-Third-Party Complaint as if fully set forth herein.

**ANSWER:** No answer is required from the Plaintiff or Third-Party Defendant.

37. Genworth's conduct in operating its business and making intentional misrepresentations and CEO Ahluwalia's publications against Defendants-Counterclaimants-Third-Party Plaintiffs McMullan, Cook, McFadden and TJT is unethical, unscrupulous, unfair and deceptive, and constitutes an unfair method of competition or trade practice in violation of the Connecticut Unfair Trade Practices Act, Conn Gen. Stat. §§42-110 et seq. ("CUTPA")

**ANSWER:** Paragraph 37 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 37 are denied.

38. Genworth's conduct was intentional and willful.

**ANSWER:** Paragraph 38 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 38 are denied.

39. Genworth's violation of CUTPA was carried out for the improper purpose of competing unfairly with TJT.

**ANSWER:** Paragraph 39 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 39 are denied.

40. As a result of Genworth's violation of CUTPA, TJT has suffered damages in an amount that cannot be presently determined.

**ANSWER:** Paragraph 40 of the Counterclaim and Third-Party Complaint states a legal conclusion and, therefore, no answer is required from the Plaintiff or the Third-Party Defendant. To the extent that an answer is required, the allegations set forth in Paragraph 40 are denied.

### ALLEGATIONS CONCERNING
### COUNT V
### COMMON LAW UNFAIR COMPETITION

41. Defendants-Counterclaimants-Third-Party Plaintiffs repeat and reallege all of the foregoing allegations of the Counterclaims-Third-Party Complaint as if fully set forth herein.

**ANSWER:** No answer is required from the Plaintiff or Third-Party Defendant.

42. The foregoing acts of Genworth and CEO Ahluwalia constitute unfair competition under the common law.

**ANSWER:** The allegations set forth in Paragraph 42 of the Counterclaim and Third-Party Complaint are denied.

# COUNTERCLAIM AND THIRD-PARTY COMPLAINT AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a cause of action upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by equitable defenses including estoppel, laches, and waiver.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, by the doctrine of "unclean hands."

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Third-Party Plaintiffs' claims are barred, in whole or in part, as the claims were filed for an improper purpose and lack a good faith basis in fact or law.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Third Party Plaintiffs have failed to mitigate their alleged damages.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiff and Third-Party Defendant are not in violation of any statute, common law, or public policy.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Subject to reasonable opportunity for further investigation or discovery, Plaintiff and Third-Party Defendant alleges that all or some of Defendants' and Third-Party Plaintiffs' claims for relief are brought in bad faith, without a reasonable basis in law or fact, and entitle Plaintiff and Third-Party Defendant to an award of damages, reasonable attorneys fees, and costs.

Dated: November 10, 2009

GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.

GURINDER AHLUWALIA

By: /s/ Kurt W. Hansson
Kurt W. Hansson (CT No. 01373)
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York 10022
(213) 318-6627

Attorney for Plaintiff and
Third-Party Defendant

Of Counsel

Victoria A. Cundiff
Paul, Hastings, Janofsky & Walker LLP
75 E. 55th Street
New York, NY 10022
(212) 318-6030
victoriacundiff@paulhastings.com

Kirby D. Behre
Paul, Hastings, Janofsky & Walker LLP
875 15th Street NW
Washington, DC 20005
(202) 551-1719
kirbybehre@paulhastings.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2009, a copy of the foregoing PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of this Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

　/s/ Kurt W. Hansson