KURT HANSSON (CT No. 01373)
VICTORIA A. CUNDIFF (*pro hac vice* to be filed)
KIRBY D. BEHRE (*pro hac vice* to be filed)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6627
Facsimile: (212) 230-7843
kurthansson@paulhastings.com

Attorney for Plaintiff and Third-Party Defendant

JOHN E. MACDONALD (CT Fed. Bar No.: 14853)
THOMAS B. LEWIS (admitted *pro hac vice*)
STARK & STARK
993 Lenox Drive, Building Two
Lawrenceville, NJ 08658
Telephone: (609) 895-7321
Facsimile: (609) 895-7395
tlewis@stark-stark.com

Attorney for Defendants and Third-Party Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | : | Civil Action No. 3:09cv01521 VLB |
| Plaintiff, | : | |
| v. | : | **REPORT OF PARTIES' PLANNING MEETING** |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC. | : | |
| Defendants. | : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN and TJT CAPITAL GROUP, LLC. | : | |
| Third Party Plaintiffs, | : | |
| v. | : | |
| GURINDER AHWALIA, | : | |
| Third Party Defendant. | : | November 16, 2009 |

Date Complaint Filed: September 25, 2009
Waiver of Service: October 2, 2009
Date of Defendants' Appearance: October 7, 2009

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on November 3, 2009. The participants were Kirby D. Behre and Bradley W. Bloodworth for Plaintiff/Third Party Defendant (hereinafter collectively referred to as "Plaintiff") and Amy Beth Dambeck for Defendants/Third Party Plaintiffs (hereinafter collectively referred to as "Defendants").

## I. Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

A. *Subject Matter Jurisdiction*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00 and because there is Federal Question jurisdiction under the Computer Fraud and Abuse Act and the Stored Communications Act. 18 U.S.C. §§ 1030, 2701. Notwithstanding the foregoing, and while Defendants recognize that this Court has subject matter jurisdiction over claims asserted in this action for injunctive relief, Defendants contend that this Court lacks subject matter

jurisdiction as to any claims for damages asserted in this matter given the existence of a binding agreement to arbitrate such claims.

B. *Personal Jurisdiction.* Personal jurisdiction is not contested.

## III. Brief Description of Case.

A. *Claims of Plaintiff*: Plaintiff seeks injunctive relief against Defendants McMullan, Cook, McFadden, Bazon, and Rivera, and injunctive relief and damages against Defendant TJT Capital, for Defendants' alleged (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. ("CFAA"); (2) misappropriation of Genworth's trade secrets and confidential business information in violation of the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. §§ 35-50 et seq. ("CUTSA"); (3) breach of contract; (4) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110 et seq. ("CUTPA"); (5) violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq. ("SCA"); and (6) tortious interference with business relationships. Plaintiff and Third-Party Defendant assert the following affirmative defenses: (1) the Counterclaims and Third-Party Complaint fails to state a claim; (2) the Counterclaims and Third-Party claims are barred by equitable defenses; (3) the Counterclaims and Third-Party claims are barred by the doctrine of "unclean hands;" (4) the Counterclaims and Third-Party claims are barred because they were filed for an improper purpose and lack a good faith basis; (5) Counterclaimants and Third-Party Plaintiffs have failed to mitigate damages; (6) Plaintiff and Third-Party Defendant are not in violation of any statute, common law, or public policy; and (7) Counterclaimants and Third-Party Plaintiffs' claims are brought in bad faith.

B. *Defenses and Claims of Defendants*: Defendants' assert the following affirmative defenses: (1) the Complaint fails to state a claim; (2) the damages claims are

3

subject to binding arbitration; (3) Defendants' deny breach of contract; (4) the Complaint is barred by equitable defenses; (5) the claims are barred by the doctrine of "unclean hands;" (6) the claims are barred because they were filed for an improper purpose and lack a good faith basis; (7) Plaintiff has failed to mitigate damages; (8) Defendants' deny breach of any duties owed to Plaintiff; (9) Defendants are not in violation of any statute, common law, or public policy; and (10) Plaintiffs' claims are brought in bad faith.

Defendants' seek injunctive relief and damages against Plaintiff Genworth and Third-Party Defendant for alleged (1) defamation; (2) disparagement; (3) tortious interference with contractual and/or advantageous business relations; (4) violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110 et seq. ("CUTPA"); and (5) common law unfair competition.

**IV. Case Management Plan.**

A. *Standing Order on Scheduling in Civil Cases.* The Parties do not request modification of the deadlines in the Standing Order on Scheduling in Civil cases.

B. *Scheduling Conferences with the Court.* The Parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If the court does order a conference, the Parties prefer a conference by telephone.

C. *Early Settlement Conference.*

1. The Parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by use of the following procedure:

    a. The Parties request an early settlement conference.

b. The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. *Joinder of Parties and Amendment of Pleadings*.

1. The Parties should be allowed until November 17, 2009 to file motions to join additional Parties and until January 19, 2010 to file motions to amend the pleadings.

E. *Discovery*.

1. The Parties anticipate that discovery will be needed on the following subjects: (i) Defendants' establishment, formation, and operation of TJT Capital, (ii) Plaintiff's and Defendants' relationships with Bob Brinker, (iii) Plaintiff's and Defendants' relationship with The Charles Schwab Corporation, (iv) Plaintiff's and Defendants' clients and potential clients and generation of information to identify and serve them, (v) Plaintiff's and Defendants' communications with third parties – including, but not limited to, Bob Brinker, clients and potential clients – regarding Plaintiff and Defendants; (vi) Statements and publications made by Gurinder Ahluwalia regarding Defendants; and (vii) liability and damages. Defendants anticipate that discovery will be needed on Plaintiffs' management of client accounts during Defendants' tenure with Plaintiff.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced as soon as the Answer to the Counterclaim/Third-Party Complaint is filed and completed (not propounded) by March 27, 2010.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by March 27, 2010.

5

LEGAL_US_W # 62891723.2

5. The Parties anticipate that the Parties will each require a total of 10 depositions of fact witnesses. The depositions may commence as soon as the Answer to the Counterclaim/Third-Party Complaint is filed and will be complete by March 27, 2010.

6. The parties will not serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 27, 2010. Plaintiff will provide opposing counsel with its damages analysis by January 27, 2010. Depositions of any such experts will be completed by March 27, 2010.

8. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) regarding their Counterclaims and Third-Party claims by January 27, 2010 and remaining reports by February 27, 2010. Defendants will provide opposing counsel with their damages analysis regarding their Counterclaims and Third-Party claims by January 27, 2010 and their remaining damages analysis by February 27, 2010. Depositions of such experts will be completed by March 27, 2010.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Parties are

6

discussing procedures for the preservation, disclosure, and management of electronically stored information *or* the Parties have been unable to reach agreement on the procedures for the preservation, disclosure, and management of electronically stored information.

11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties have agreed to procedures for asserting claims of privilege after production and such agreement has been memorialized in a proposed Stipulation and Order Regarding Non-Waiver of Privilege, a copy of which is annexed hereto.

12. The Parties have agreed to the terms of a Protective Order, with one exception. Plaintiff seeks to designate Plaintiff's client lists and information as "Confidential - Attorneys' Eyes Only," so as to prevent Defendants from reviewing and perhaps utilizing this information. Defendants oppose such a restriction.

F. *Dispositive Motions*. Dispositive motions will be filed on or before May 3, 2010.

G. *Joint Trial Memorandum*. The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 26, 2010.

**VI. Trial Readiness.**

The case will be ready for trial by July 12, 2010.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Plaintiff and Third-Party Defendant

By /s/ Kurt W. Hansson      Date: November 16, 2009
  Kurt W. Hansson

Defendants and Third-Party Plaintiffs

By /s/ Thomas B. Lewis      Date: November 16, 2009
  Thomas B. Lewis (admitted *pro hac vice*)