KURT W. HANSSON (CT No. 01373)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 E. 55th Street
New York, NY 10022
Telephone: (212) 318-6627
Facsimile: (212) 230-7843
kurthansson@paulhastings.com

Attorney for Plaintiff and Third-Party Defendant

JOHN E. MACDONALD (CT Fed. Bar No.: 14853)
THOMAS B. LEWIS (admitted *pro hac vice*)
STARK & STARK
993 Lenox Drive, Building Two
Lawrenceville, NJ 08658
Telephone: (609) 895-7321
Facsimile: (609) 895-7395
tlewis@stark-stark.com

Attorney for Defendants and Third-Party Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | : : : | Civil Action No. 3:09cv01521 VLB |
| Plaintiff, | : | |
| v. | : : | **STIPULATION AND ORDER REGARDING NONWAIVER** |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC. | : : : : : | **OF PRIVILEGE** |
| Defendants. | : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN and TJT CAPITAL GROUP, LLC. | : : : | |
| Third Party Plaintiffs, | : | |
| v. | : : | |
| GURINDER AHWALIA, | : : | |
| Third Party Defendant. | : | November 16, 2009 |

## **STIPULATION AND ORDER REGARDING NONWAIVER OF PRIVILEGE**

Upon the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. Pursuant to agreement of the parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d), no inadvertent or unintentional disclosure, production, or exchange of documents or information subject to a claim of privilege or protection, including attorney-client privilege and work product protection, ("Inadvertently Produced Privileged Document") shall constitute a waiver in whole or in part of any applicable privilege or protection, including any applicable attorney-client privilege or any applicable work product protection, regardless of whether the document or information was so designated at the time of disclosure, in this or any other federal or state proceeding.

2. The receiving party of an Inadvertently Produced Privileged Document shall return to the producing party such document and all copies thereof within ten days of receiving a written request from the producing party for the return of such document.

3. If the receiving party challenges a producing party's claim that a document is an Inadvertently Produced Privileged Document, the receiving party may in connection with any good faith challenge, take notes concerning such document and refer to such document in any paper submitted to the Court, so long as such submission is made under seal. If requested by the receiving party, the producing party shall provide such document to the Court for in-camera review. If the Court sustains the producing party's privilege claim, the receiving party shall within five days of the Court's

order, destroy any notes concerning such document and advise the producing party in writing of the destruction.

4. A party in possession of an Inadvertently Produced Privileged Document which the producing party has requested returned who receives a subpoena or other process from any person who is not a party to this Order which seeks disclosure, production, or exchange of such document shall promptly provide written notice and a copy of the subpoena or other process to the producing party. The party receiving the subpoena shall not disclose, produce, or exchange such document until the producing party provides written consent or the party receiving the subpoena or other process is ordered to do so by a court of competent jurisdiction. The party receiving the subpoena or other process shall inform the person seeking such document that it is subject to this Order and may not be disclosed absent the producing party's written consent or court order.

5. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) privileged or protected or (b) admissible in evidence at trial.

6. Nothing in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery, or of any party to assert any additional claims of privilege or protection.


Plaintiff and Third-Party Defendant

By /s/ Kurt W. Hansson               Date: November 16, 2009
   Kurt W. Hansson

Defendants and Third-Party Plaintiffs

By /s/ Thomas B. Lewis            Date: November 16, 2009
   Thomas B. Lewis

IT IS SO ORDERED

Dated this ___ day of _____, 2009, at Hartford, Connecticut

_____
   USDJ