# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br> Defendants. | Civil Action No. 3:09cv01521 VLB <br><br> **PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFFS' CROSS-MOTION FOR PROTECTIVE ORDER** |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN and TJT CAPITAL GROUP, LLC, <br> Third-Party Plaintiffs, <br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | February 2, 2010 |

## PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S REPLY IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER AND OPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFFS' CROSS-MOTION FOR PROTECTIVE ORDER

For the reasons stated in their original Motion for Protective Order and the additional reasons stated herein, Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia respectfully request that this Court enter the Protective Order found at Exhibit B to this Reply and deny the Defendants' and Third-Party Plaintiffs' Cross-Motion.

1. On December 22, 2009, the same day Plaintiff and Third-Party Defendant filed their Motion for Protective Order, a class action was filed in the Eastern District of New York entitled *Goodman, et al. v. Genworth Financial Wealth Management, Inc., et*

*al.*, Case No. 09-cv-5603 (the "Class Action"). A copy of the Class Action complaint is attached to this Reply as Exhibit A. The Class Action complaint was not first served until January 12, 2010, after briefing was under way on this Motion for Protective Order.

2. The Class Action alleges, based on purported disclosures by a former senior level executive at Genworth, that Genworth had engaged in certain activities with respect to model portfolios known as the Brinker model. It is facially apparent that the source for many of these allegations is one or more of the individual Defendants in this action. A number of the issues raised in the Class Action directly relate to Defendants' allegations in this proceeding concerning the reasons for their resignation from Genworth.

3. Genworth intends to defend itself vigorously in the Class Action. Some of the information disclosed by Defendants in this action will likely be relevant to Genworth's defense in the Class Action. The authorized recipients of information designated as CONFIDENTIAL in this action are also obliged to zealously defend Genworth in the Class Action, and must not be placed in the untenable and risky position of potentially being limited in their defense of that suit due to restrictions on the use of relevant information discovered in this suit but designated "CONFIDENTIAL" and subject to the terms of the protective order in this proceeding. Accordingly, Exhibit B to this Reply is a revised proposed Protective Order which permits information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in this proceeding to be used in both this proceeding and in the Class Action by authorized recipients and Genworth's counsel of record in both proceedings, subject to the other protections of the proposed order. Except for these changes necessitated by events that have occurred

during the pendency of this motion, the proposed Protective Order appearing as Exhibit B is identical to the proposed protective order Plaintiff previously submitted to the Court.

4. The other issue before the Court is whether Defendants should be permitted to learn the identities of Genworth's clients. They should not be permitted to do so because it would lead them to contact Genworth's clients and is not required for them to assist their counsel with their defense or Third-Party Plaintiffs' claims.

5. Defendants' proposed protective order at Exhibit A to their Cross-Motion permits Defendants to learn the identities of Genworth's clients in two ways: (1) Paragraph 5(b) enables Defendant McMullan review all material designated "Confidential – Attorneys' Eyes Only" and (2) Paragraph 5(c)(iii) allows Defendants to review material "Confidential – Attorneys' Eyes Only" to which they had access during their employment.

6. Defendants have admitted that they have solicited hundreds of Genworth's clients, whose identities Defendants claim to have recalled solely from memory. Defendant Cook admitted that TJT's business plan involved moving as much business from Genworth as they possibly could. Learning the identities of Genworth's clients who Defendants' have not recalled may "refresh" Defendants' memory and potentially lead Defendants to contact additional Genworth clients.

7. Defendants can assist counsel with analyzing the information received without knowing the identities of Genworth's clients. Defendants' claim Defendant McMullan must know the identities of Genworth's clients so that he can interpret Genworth's client communications for counsel. It is clear, however, that he can interpret them without learning the identity of Genworth's clients. Defendants have not provided,

because they cannot provide, a single example of how this action specifically requires that a Defendant, as opposed to counsel, know the identity of Genworth's clients.

In further support of their Motion for Protective Order and the revised proposed Protective Order attached at Exhibit B, Genworth submits herewith the Affirmation of Good Faith of Bradley W. Bloodworth, Esq. (Exhibit C, attached).

WHEREFORE, Genworth respectfully requests that this Court enter the proposed Protective Order found at Exhibit B to this Reply and deny the Defendants' and Third-Party Plaintiffs' Cross-Motion.

THE PLAINTIFF
GENWORTH FINANCIAL WEALTH
MANAGEMENT, INC.

THIRD-PARTY DEFENDANT
GURINDER AHLUWALIA

By _____/s/_____
Elizabeth M. Smith (CT19808)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06117
Tele: (860) 275-8338
Fax: (860) 275-8299
esmith@rc.com

-and-

Victoria A. Cundiff (phv 03712)
Kirby D. Behre (phv 03713)
Paul, Hastings, Janofsky & Walker LLP
75 E. 55th Street
New York, NY 10022
Tele: (212) 318-6030
victoriacundiff@paulhastings.com

## CERTIFICATION

I hereby certify that on 2/2/10, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Thomas B. Lewis, Esq.
John E. MacDonald, Esq.
Stark & Stark LLC
993 Lenox Drive, First Floor
Princeton, NJ 08453

                                                      /s/
                                       Elizabeth M. Smith