# EXHIBIT B

## Proposed Protective Order

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | : : : | |
| Plaintiff, | : : | Civil Action No. 3:09-CV-1521-VLB |
| v. | : : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC. | : : : : : | |
| Defendants. | : : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | : : : : | |
| Third-Party Plaintiffs, | : : | |
| v. | : : | |
| GURINDER AHLUWALIA, | : : | |
| Third-Party Defendant. | : : | |

## **PROTECTIVE ORDER**

1.    The parties are involved in providing competing investment services and the disclosure of their respective confidential or proprietary information could be highly damaging and prejudicial to the parties. Because the parties may exchange sensitive client information, there is good cause for the entry of this Order.

2.    Any information or material produced, formally or informally, in response to a discovery request or otherwise, in this action may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a party to

this action) producing, providing, or filing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of parties to this action, constitutes "Designated Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy and of protecting trade secrets or other confidential client information relating to the Designating Person's business. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party during the proceedings in this action.

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information, or (c) information invasive of an individual's legitimate privacy interests.

4. "CONFIDENTIAL-ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party or significant competitive or commercial advantage to the receiving party.

5. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and in defense of the action entitled *Goodman, et al. v. Genworth Financial Wealth Management, Inc., et al.*, pending as Case No. 09-cv-5603 in the United States District Court for the Eastern District of New York (the "Class

Action") and may be disclosed only as follows, provided that no material which identifies Genworth's clients may be disclosed to Defendants under any circumstance:

    a. *Parties*: Material designated "CONFIDENTIAL" may be disclosed to those parties to this action or officers, directors, members, and/or employees of parties to this action who have a legitimate need, in conjunction with the management of this litigation, to see such information. Before the disclosure of any Designated Material to parties, each such person must agree in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order.

    b. *Witnesses or Prospective Witnesses:* All Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to any witness or prospective witnesses in this action or the Class Action, but only for purposes of testimony or preparation of testimony in this case or the Class Action, whether at trial, hearing, or deposition provided that: material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed to a witness or prospective witness who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person, but then only as to specific material which the person authored or received at the time the material was originally created or disseminated, or (ii) is a current employee of the Designating Person. Before the disclosure of any Designated Material to witnesses or prospective witnesses, each such person must agree in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order.

    c. *Outside Experts*: All Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to any

expert who is not an officer, director, member, employee or independent contractor of the parties, but only for purposes of consulting, forming an opinion and testifying in this matter or the Class Action. Before the disclosure of any Designated Material to outside experts, each such person must agree in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order.

    d.    *Counsel*: All Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff, and may be disclosed to Genworth's in-house counsel and Genworth's counsel of record in the case entitled *Goodman, et al. v. Genworth Financial Wealth Management, Inc., et al.*, pending as Case No. 09-cv-5603 in the United States District Court for the Eastern District of New York, as well as their associates, paralegals and regularly employed office staff.

    e.    *Court Personnel*: All Designated Material filed with any Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

    f.    *Other Persons*: Temporary disclosure or possession of Designated Material may be provided as necessary to copying services, translators, and to litigation support firms providing consultation, graphics and jury research (including focus group participants). Before the disclosure of any Designated Material to other persons, each such person must agree in writing, by signing a document substantially in the form of Exhibit A, to be bound by this Order.

6. A person having custody of any Designated Material shall maintain it in a manner that limits access to persons who, pursuant to this Order, are permitted such access. Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall maintain separately a collection of all documents by which such persons agree to be bound by this Order. Both counsel shall make each signed Exhibit A available to the other party within ten business days after the conclusion of the case.

7. Documents shall be designated by placing, stamping, or marking the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or similar words clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. The legend should be placed on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing.

8. The parties will use reasonable care to avoid designating any documents or information which are generally available to the public.

9. A party shall not be obligated to challenge the propriety of a designation at the time made and the failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who produced the Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within ten business days of receipt of the written request,

the objecting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the Designating Person to show why its classification is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally. The Court may award sanctions on a motion concerning the designation if it finds that any party's position with respect to the designation was taken without substantial justification.

10. Deposition transcripts or portions thereof may be designated either (a) when or before the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Party's receipt of the transcript in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 6 of this Order. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 6 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

11. If it becomes necessary to file Designated Material with this Court, a party must comply with Local Civil Rule 5 by moving before the Court to file such Designated

Material under seal. If it becomes necessary to file Designated Material in another court, the filing party will seek to file Designated Material under seal.

12. Offering or submitting any pleadings or other papers disclosing or containing Designated Material to the Court shall not waive the designated status of any such information. Such Designated Material shall not be disclosed by the Court except to persons identified in paragraph 6 of this order. The Court shall determine how Designated Material shall be treated during trial and other hearings as it deems appropriate.

13. Upon final termination of this action and the Class Action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the party that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

14. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

15. If any party is subpoenaed or subject to any other demand or legal process seeking Designated Material (other than its own confidential information), that receiving party shall give prompt written notice, by hand, facsimile or electronic transmission, to the party that produced such information within ten business days of receipt of such subpoena, demand, or legal process, and shall object to its production to the extent permitted by law. Should the person seeking access to Designated Material take action against a receiving party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process, that party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the producing party of such action by hand, facsimile, or electronic transmission within ten business days of notice of any such action. If no action is taken by the producing party within ten business days following the notice of legal process or notice of action by the person seeking access, whichever is later, to prevent compliance with such legal process, the receiving party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of confidential information covered by this Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

16. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by the order of this Court. This Order shall survive termination of this action.

IT IS SO ORDERED

Dated this ___ day of _____, 2010, at Hartford, Connecticut

_____
Vanessa L. Bryant
USDJ

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | : | |
| Plaintiff, | : | Civil Action No. 3:09-CV-1521-VLB |
| v. | : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC. | : | |
| Defendants. | : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | : | |
| Third-Party Plaintiffs, | : | |
| v. | : | |
| GURINDER AHLUWALIA, | : | |
| Third-Party Defendant. | : | |

## CONSENT FORM

I hereby acknowledge that I am to have access to information designated in this action as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY material, if permitted by the terms of the Protective Order. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Protective Order, including paragraph 5 thereof, and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof.

Dated:_____   Signature:_____

Print Name:_____

Address:_____

_____