**EXHIBIT C**

## Affirmation of Good Faith of Bradley W. Bloodworth, Esq.

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., | : | Civil Action No. 3:09cv01521 VLB |
| | : | |
| Plaintiff, | : | **AFFIRMATION OF** |
| v. | : | **GOOD FAITH OF** |
| | : | **BRADLEY W. BLOODWORTH** |
| TIMOTHY MCMULLAN, JAMES COOK, | : | **IN SUPPORT OF** |
| TIMOTHY MCFADDEN, KAREN BAZON, | : | **PLAINTIFF'S AND** |
| TAMARA RIVERA and TJT CAPITAL | : | **THIRD-PARTY DEFENDANT'S** |
| GROUP, LLC. | : | **REPLY IN SUPPORT OF THEIR** |
| Defendants. | : | **MOTION FOR PROTECTIVE** |
| | : | **ORDER AND OPPOSITION TO** |
| TIMOTHY MCMULLAN, JAMES COOK, | : | **DEFENDANTS' AND** |
| TIMOTHY MCFADDEN and TJT CAPITAL | : | **THIRD-PARTY PLAINTIFFS'** |
| GROUP, LLC, | : | **CROSS-MOTION FOR** |
| Third-Party Plaintiffs, | : | **PROTECTIVE ORDER** |
| v. | : | |
| | : | |
| GURINDER AHLUWALIA, | : | |
| | : | |
| Third-Party Defendant. | : | February 2, 2010 |
| | : | |

Bradley W. Bloodworth, an attorney admitted to practice *pro hac vice* before this Court, hereby affirms the truth of the following:

1.       I am an associate with Paul, Hastings, Janofsky & Walker LLP, attorneys for Plaintiff Genworth Financial Wealth Management ("Genworth") and Third-Party Defendant Gurinder Ahluwalia, and am fully familiar with the facts set forth herein.

2.       I respectfully submit this affirmation of good faith in support of Plaintiff's and Third-Party Defendant's Reply in Support of Their Motion For Protective Order and Opposition to Defendants' and Third-Party Plaintiffs' Cross-Motion for Protective Order ("Reply").

3. On December 22, 2009, a class action was filed in the Eastern District of New York entitled *Goodman, et al. v. Genworth Financial Wealth Management, Inc., et al.*, Case No. 09-cv-5603 (the "Class Action"). A copy of the Class Action complaint is attached to the Reply as Exhibit A. The Class Action complaint was not first served until January 12, 2010, after briefing was under way on this Motion for Protective Order.

4. The Class Action alleges, based on purported disclosures by a former senior level executive at Genworth, that Genworth had engaged in certain activities with respect to model portfolios known as the Brinker model. It is facially apparent that the source for many of these allegations is one or more of the individual Defendants in this action. A number of the issues raised in the Class Action directly relate to Defendants' allegations in this proceeding concerning the reasons for their resignation from Genworth.

5. Genworth intends to defend itself vigorously in the Class Action. Some of the information disclosed by Defendants in this action will likely be relevant to Genworth's defense in the Class Action. The authorized recipients of information designated as CONFIDENTIAL in this action are also obliged to zealously defend Genworth in the Class Action, and must not be placed in the untenable and risky position of potentially being limited in their defense of that suit due to restrictions on the use of relevant information discovered in this suit but designated "CONFIDENTIAL" and subject to the terms of the Protective Order in this proceeding. Accordingly, Exhibit B to the Reply is a revised proposed Protective Order which permits information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in this proceeding to be used in both this proceeding and in the Class Action by authorized recipients and

Genworth's counsel of record in both proceedings, subject to the other protections of the order. Except for these changes necessitated by events that have occurred during the pendency of this motion, the proposed Protective Order appearing as Exhibit B to the Reply is identical to the proposed protective order Plaintiff previously submitted to the Court.

6.     On February 2, 2010, in an effort to avoid unnecessary motion practice, Tom Lewis of Stark and Stark, LLP, counsel for Defendants and Third-Party Plaintiffs, and I conferred in good faith as to whether TJT would agree to the proposed changes to the protective order relating to the Class Action. TJT is opposed to the proposed changes.

7.     Despite our good faith efforts, we have been unable to resolve the aforementioned dispute. Accordingly, judicial intervention is necessary.

Dated: February 2, 2010            By _____

Bradley W. Bloodworth (phv 03714)
Paul, Hastings, Janofsky & Walker LLP
875 15th Street NW
Washington, DC 20005
bradbloodworth@paulhastings.com
(202) 551-1731

Attorney for

THE PLAINTIFF
GENWORTH FINANCIAL WEALTH
MANAGEMENT, INC.

THIRD-PARTY DEFENDANT
GURINDER AHLUWALIA