STARK & STARK

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>Third-Party Defendant. | Civil Action No. 3:09-CV-01521-VLB<br><br>**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND THIRD PARTY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**<br><br><br>February 12, 2010 |

**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S AND THIRD PARTY DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DEFENDANTS' AND THIRD PARTY PLAINTIFFS' REPLY IN SUPPORT OF THEIR CROSS-MOTION FOR PROTECTIVE ORDER**

Plaintiff Genworth Financial Management ("Genworth") and Third Party Defendant Gurinder Ahluwalia ("Ahluwalia") have moved before this Court for a Protective Order. Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera, and TJT Capital Group, LLC, and Third Party Plaintiffs Timothy McMullan, James

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

Cook, Timothy McFadden, and TJT Capital Group, LLC, (hereinafter referred to as "Defendants/Third Party Plaintiffs") oppose Genworth and Ahluwalia's Motion for a Protective Order ("Motion") and have Cross-Moved before this Court for a Protective Order. Accordingly, for the reasons stated in Defendants' Opposition and Cross Motion for a Protective Order ("Opposition and Cross Motion") and for the additional reasons stated below, Defendants/Third Party Plaintiffs respectfully request that this Court deny Genworth's and Ahluwalia's Motion and grant the Cross-Motion, entering the form of Protective Order annexed to Defendants/Third Party Plaintiffs' Cross-Motion as Exhibit "A."

**I. Plaintiff's Application to Allow Class Action Counsel to Participate in Discovery in this Case Should be Denied.**

1. In their Reply in Support their Motion for a Protective Order and in Opposition to Defendants' Cross-Motion for a Protective Order ("Reply and Opposition"), Genworth and Ahluwalia have raised a new and distinct request to allow Genworth's counsel in a separate and distinct litigation – a class action filed by Genworth's customers against Genworth, *Goodman, et al. v. Genworth Financial Capital Management, Inc., et al.*, Case No. 09-cv-5603 ("Class Action") – to participate in the discovery in this case by reviewing confidential-attorneys' eyes only documents. As a procedural matter, a reply brief is not the place to raise new issues. It should be filed in a separate motion and heard independently on its own merits. However, if this Court decides to consider Genworth's new application as part of Genworth's pending Motion for a Protective Order, then the Court should deny Genworth's request seeking to allow separate class action counsel the ability to review confidential discovery exchanged in this case because: (1) Genworth's newly requested relief is not necessary to protect any of Genworth's legitimate interests in the case before this Court; (2) there are long-standing procedural methods already in

place through which Genworth's Class Action counsel can obtain information relevant to the Class Action; and (3) permitting Genworth's Class Action counsel to review confidential-attorneys' eyes only information produced in this matter would only needlessly complicate this litigation.

2. Genworth's and Ahluwalia's Motion should be denied because there is no valid reason to permit discovery, particularly discovery exchanged on a confidential-attorneys' eyes only basis, to be shared with Genworth's outside counsel in an entirely separate matter. As an initial matter, Defendants note that Genworth and Ahluwalia have asked for new and different relief in their Reply and Opposition. Having asked for new and different relief, as a matter of procedure, it may have been more proper for Genworth and Ahluwalia to withdraw their initial Motion and file a new motion. Doing so would permit Defendants/Third Party Plaintiffs adequate time to analyze the new positions argued by Genworth and Ahluwalia and would thereby permit Defendants/Third Party Plaintiffs to file a proper opposition thereto.

3. Additionally, because the Class Action matter that Genworth and Ahluwalia reference in their Reply and Opposition is an entirely separate litigation, which was filed in a different jurisdiction, which involves different facts, and which does not name Defendants as parties, there is no valid reason to permit Genworth's Class Action counsel to review confidential-attorneys' eyes only documents and information produced by Defendants/Third Party Plaintiffs in this matter. As noted in Genworth's and Ahluwalia's Reply and Opposition, on December 22, 2009, a class action was filed against Genworth on behalf of its clients in the U.S. District Court for the Eastern District of New York. *See Goodman, et al. v. Genworth Financial Capital Management, Inc., et al.*, Case No. 09-cv-

5603. The Class Action, as stated in Defendants' Reply and Opposition, alleges, essentially, that Genworth, including its senior executives, defrauded its clients by neglecting to disclose the availability of certain investment portfolios to those clients.

4. The Class Action and the matter before this Court rely on separate facts, and it does not logically follow that, simply because Defendants/Third Party Plaintiffs may be in possession of some information relevant to some of the claims leveled in the Class Action, all confidential-attorneys' eyes only information produced by Defendants/Third Party Plaintiffs in this litigation should be disclosed to Genworth's Class Action counsel. The matter before this Court involves the resignation of Defendants/Third Party Plaintiffs, their formation of a competing company, and the transition of clients from Genworth to that competing company. The facts underlying the Class Action have no direct relation to the matter before this Court, and whatever limited overlap of common facts exists is not a sufficient basis to justify Genworth's and Ahluwalia's request to open this matter to be reviewed and analyzed by Genworth's Class Action counsel. Therefore, the relief requested in Genworth's and Ahlwalia's Reply and Opposition should be denied.

5. Genworth's intent to vigorously defend itself in the Class Action will not be hampered if the Court denies Genworth's Class Action counsel the opportunity to review confidential-attorneys' eyes only material produced by Defendants/Third Party Plaintiffs in this matter. As previously stated, the Class Action and the matter before this Court rely on separate facts. Furthermore, upon information and belief, Genworth's counsel in the Class Action is separate and different from its counsel in this matter. There are ample and long-accepted procedural methods in place through which Genworth's Class Action counsel can obtain relevant information without having to review confidential-attorneys' eyes only

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

material produced by Defendants/Third Party Plaintiffs in this case. Specifically, Genworth's Class Action counsel will have the opportunity to conduct discovery in the Class Action. Class Action counsel should not be given advantages outside the Class Action itself.

6. Finally, Genworth's and Ahluwalia's request to allow Genworth's Class Action counsel to review confidential-attorneys' eyes only information produced by Defendants//Third Party Plaintiffs in this matter should be denied because granting such a request would needlessly complicate this case and would, essentially, permit the Class Action to be litigated within this case. If Genworth's and Ahluwalia's request were to be granted, it would, in all likelihood, necessitate that Defendants/Third Party Plaintiffs make a similar request to allow Plaintiffs' Class Action counsel to review any confidential-attorneys' eyes only information produced by Genworth and/or Ahluwalia. If these corresponding requests were both granted, Class Action counsel would likely become intimately involved in this action, which would then lead to the litigation of the Class Action within this case. Because permitting Class Action counsel to review confidential-attorneys' eyes only information produced in this matter would needlessly complicate this case, Defendants' respectfully request that the Court deny Genworth's and Ahluwalia's request to permit Genworth's Class Action counsel to review confidential-attorneys' eyes only information produced by Defendants/Third Party Plaintiffs in this matter.

**II.    Defendants' Request that Timothy McMullen, as the Principal of TJT, be Permitted to View and Discuss with Counsel Materials Identified by Plaintiff as "Attorneys Eyes Only" Should be Granted.**

7. Defendants'/Third Party Plaintiffs' request to permit Timothy McMullan the option to review confidential-attorneys' eyes only information should be granted because

Genworth's proposed form of Protective Order would substantially disadvantage the Defendants/Third Party Plaintiffs. Unlike Genworth, TJT Capital has no in-house counsel to assist it in the review of documents produced in this matter. Because TJT Capital is without in-house counsel, Timothy McMullan should be permitted to review confidential-attorneys' eyes only documents produced by Genworth and/or Ahluwalia. Importantly, Timothy McMullan will be subject to the terms and conditions of the Protective Order.

8. The securities-related issues in this case involve sophisticated and complex securities porfolios and securities portfolio strategies, along with communications between various parties and customers regarding those portfolios. Many of the documents being produced by Genworth in this case only make sense to person's with direct knowledge of how Genworth conducted its business. Genworth has in-house counsel to assist its litigation counsel in deciphering the complex issues raised in the information being produced. On the other hand, the Defendants/Third Party Plaintiffs do not have in-house counsel to assist them in the review of discovery production. Genworth's proposed protective order would allow Genworth to mark discovery materials as "attorneys eyes only," which would effectively bar Defendants'/Third Party Plaintiffs' counsel from gaining a reasonably quick and thorough understanding of the meaning of these materials. As a result, Genworth's proposed form of Protective Order would unduly prejudice Defendants/Third Party Plaintiffs. To combat this prejudice, Defendants/Third Party Plaintiffs have proffered a reasonable compromise, under which Timothy McMullan, the main principal of TJT Capital, would be permitted to review confidential-attorneys' eyes only information.

9. This compromise appears at Paragraph 5(b) of the proposed Protective Order, a copy of which is attached to Defendants/Third Party Plaintiffs' Cross-Motion as Exhibit "A". Under this compromise, only Timothy McMullan would be permitted to review and discuss the marked "attorneys eyes only" information with Defendants'/Third Party Plaintiffs' counsel. This compromise would provide for a more level playing field, and avoid the prejudice of having Defendants'/Third Party Plaintiffs' counsel "flying blind" while Genworth's outside counsel enjoys the substantial benefit of being able to discuss all such information with its in-house counsel – a significant advantage.

10. As previously stated, Defendants/Third Party Plaintiffs do not have in-house legal counsel with whom their counsel could confer. Without the aid of review by an individual familiar with the materials received, counsel is unable to fully review and analyze the information received and may be unable to fully represent Defendants'/Third Party Plaintiffs' interests. Moreover, the information at issue involves far more than just client lists, and also concerns communications with clients that are directly related to Defendants' defenses in, and Third Party Plaintiffs' claims asserted in, this action. Timothy McMullan would work with counsel to review and interpret the documents, and he would be subject to the same limitations and Court ordered restraints as counsel regarding the disclosure of such information.

WHEREFORE, Defendants/Third Party Plaintiffs respectfully request that this Court:

a. Deny Genworth's and Ahluwalia's Motion for a Protective Order in the form that Genworth requests;

b. Deny Genworth's and Ahluwalia's request (made in Genworth's and

STARK & STARK

Ahluwalia's Reply and Opposition) to permit Genworth's Class Action counsel to review confidential-attorneys' eyes only information produced in this matter; and

   c. Grant Defendants'/Third Party Plaintiffs' Cross-Motion allowing Timothy McMullan the opportunity to review confidential-attorneys' eyes only information subject to the terms of the Protective Order, and enter the Protective Order found at Exhibit "A" to Defendants/Third Party Plaintiffs' Opposition and Cross-Motion.

    Respectfully,

    The Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC

    The Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC

    By  /s/ *John E. MacDonald*
     John E. MacDonald (CT Fed. Bar No. 14853)
     Stark & Stark, PC
     993 Lenox Drive, Bldg 2
     Post Office Box 5315
     Princeton, New Jersey 08543-5315
     Tele: (609) 895-7321
     Fax: (609) 895-7395
     jmacdonald@stark-stark.com

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

STARK & STARK

## CERTIFICATION

I hereby certify that on February 12, 2010, a copy of the forgoing Sur-Reply in Opposition to Plaintiff's Motion for a Protective Order and Reply in Support of Defendants' Cross-Motion for a Protective Order was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System. Courtesy copies are also being e-mailed on this date to counsel for the Plaintiff and Third Party Defendant, Bradley W. Bloodworth, Esquire, PAUL, HASTINGS, JANOFSKY & WALKER LLP, 875 15th Street N.W.,Washington, DC 20005.

By   /s/ *John E. MacDonald*
      John E. MacDonald (CT Fed. Bar No. 14853)

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

9

G:\docs\LIT\TBL\TJT CAPITAL\Genworth\Motions\Protective Order\Sur-Reply & Reply of Defendants re Mot. for Protective Order Version Feb 11th.wpd