UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., | : : : | Civil Action No. 3:09cv01521 VLB |
| Plaintiff, | : | **PLAINTIFF'S AND** |
| v. | : : | **THIRD-PARTY DEFENDANT'S MOTION FOR EXTENSION OF** |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, | : : : : | **TIME TO SERVE EXPERT REPORT** |
| Defendants. | : : | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN and TJT CAPITAL GROUP, LLC, | : : : | |
| Third-Party Plaintiffs, | : | |
| v. | : : | |
| GURINDER AHLUWALIA, | : : | |
| Third-Party Defendant. | : | February 26, 2010 |
| | : | |

## PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S
## MOTION FOR EXTENSION OF TIME TO SERVE EXPERT REPORT

Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia respectfully move this Court for an extension of time to serve their expert report to a date 45 days after the deadline by which Defendants are ordered to produce, or the date by which Defendants voluntarily produce, the entirety of their responsive electronic and other documents and submit to depositions as requested by Plaintiff and Third-Party Defendant.

Good cause exists for granting this motion because of the unforeseen and insurmountable obstacles to compliance with the current deadline. Those obstacles are

10242316-v2

twofold:  First, Plaintiff's February 5, 2010 Emergency Motion to Compel, which seeks the preservation and production of evidence needed for the Expert's Report, has not yet been ruled on by the Court.[1]   Defendants should not be permitted to profit from their failures to produce, or worse, failure to preserve and/or destruction of evidence.

Second, Defendants' acts complained of are ongoing and wide-ranging, and continue to cause damage to the Plaintiff.  The impact of Defendants' acts cannot be ascertained at this time, nor can a quantitative analysis be produced that will be useful to the parties or the Court.  In that regard, on February 25, 2010, Plaintiff filed a Motion for Emergency Relief, Immediate Temporary Restraints and Expedited Discovery, seeking injunctive relief and expedited discovery so that these ongoing activities may be halted and further injury prevented.  That Motion is scheduled for a hearing on April 8, 2010.  Until that Motion is resolved, the harm to Plaintiff has been halted, and full information about Defendants' activities and the business they have built at Plaintiff's expense is provided, Plaintiff's damages expert cannot properly analyze the extent of the damages in this case.

In further support of its Motion, Plaintiff states:

1.  This case involves Defendants' ongoing misuse of Plaintiff's confidential information and their misrepresentations regarding Plaintiff's business to divert Plaintiff's customer base to a new business.  The harm is ongoing and the consequences are not fully quantifiable.  While Plaintiff knows that it has lost a significant amount of business to Defendants and stands to lose more, the Defendants have refused to produce evidence relating to what specific business they have obtained, how they moved the

---

[1] A hearing on the Emergency Motion to Compel was originally set for March 1, 2010, but has since been rescheduled to April 8, 2010.

business, and what their own cost structure, overhead, and profitability have been. The few documents Defendants have produced relating to these issues are incomplete. Further, Defendants have failed to produce evidence showing what Genworth customer databases they have removed, retained and used and what other Genworth assets they possess. Evidence produced just this week by The Charles Schwab Corporation ("Schwab") as well as the circumstances of the client diversions, prove that Defendants' retention of and use of Genworth property is extensive. Without the ability to examine the evidence that Defendants have actively concealed, Plaintiff's damages expert is not in a position to develop a robust damages analysis.

2. On February 5, 2010, Plaintiff and Third-Party Defendants filed a Motion to Compel Forensic Imaging of Defendants' Computers, Order for Preservation of Evidence, Order for Production of Evidence, Appointment of Neutral Forensic Expert, and Sanctions. In that Motion, Plaintiff and Third-Party Defendants requested that the Court issue a preservation and production order, appoint a neutral computer forensic expert to image the computers, preserve, and retrieve electronic evidence from Defendants' computers and computer media, and award attorneys' fees and costs associated with the Motion. That motion will be argued on April 8, 2010. Until the electronic evidence issues are resolved, including Defendants' agreement voluntarily or by Court order to produce all responsive electronic evidence with all metadata, and until follow-up depositions relating to this information are concluded, the expert cannot complete his analysis. Further, any depositions of the experts need to be delayed until Defendants' production and the expert reports can be completed.

3. Chief among Defendants' deficiencies is the fact that despite repeated requests from Genworth beginning as early as August 19, 2009, Defendants failed and refused to preserve any electronic evidence until February 12, have only partially preserved some evidence since that time,[2] and have not yet produced any of what they belatedly preserved. *See, e.g.,* 8/19/09 Letter from V. Cundiff to T. McMullan; 8/19/09 Letter from V. Cundiff to T. McFadden; 8/19/09 Letter from V. Cundiff to J. Cook; 1/14/10 Email from K. Behre to T. Lewis and A. Dambeck; 1/20/10 Email from V. Cundiff to T. Lewis (attached as Exhs. A, B, C, E, and F respectively to 2/5/10 Memorandum in Support of Expedited Motion to Compel Forensic Imaging of Defendants' Computers, Order for Preservation of Evidence, Order for Production of Evidence, Appointment of Neutral Forensic Expert, and Sanctions).

4. The discovery received last week from non-party Schwab in response to Genworth's subpoena reveals that Defendant McMullan used his personal email address to email Genworth confidential, proprietary and trade secret information to Schwab, and to send certain financial projections to Schwab regarding Defendants' proposed business, while still an employee of Genworth as well as thereafter. The documents produced by Schwab include extremely probative information revealing that Defendants, before they left Genworth's employ, emailed Genworth client account and asset lists to Schwab in order to start their competing business. Schwab's production is not yet complete. Yet the limited production to date makes clear that "smoking gun" documents have been concealed by Defendants, who have not produced <u>any</u> of their

---

[2] Defendants have now purportedly imaged and preserved only certain "business computers" and may have failed to preserve additional computer devices and home computers belonging to Defendants that may contain responsive information—even though, to take just one example, Defendant Cook admitted that he had emailed Genworth documents to his home computer.

4

correspondence with Schwab. Defendants' correspondence with Schwab and background calculations and related business plans are also crucial to the expert's report.

5. Defendants also have refused, purportedly on relevance and confidentiality grounds, to produce the Junxure database or the Portfolio Center database that presumably reside on their computers. These databases are critically relevant to Genworth's expert report because they would contain evidence of the client names and other proprietary information Defendants took from Genworth and will reveal information about the portfolios and assets under management, revenues, fees, and profits.

6. Defendants' electronic evidence, including the Junxure and Portfolio Center databases, are critical to the expert's report because that data will reveal the clients that Defendants obtained from Genworth, their assets under management, the fees and rates Defendants are charging those clients, and other information pertinent to lost profits, disgorgement and loss of value analyses.

7. On February 23, Plaintiff and Third-Party Defendants' counsel attempted to obtain consent from Defendants' counsel for an extension of time to serve expert reports based on Defendants' failure to preserve, search, and produce electronic evidence. Defendants' counsel would not agree to an extension.

8. Currently, the parties' Rule 26(f) Report provides that "Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by January 27, 2010. Plaintiff will provide opposing counsel with its damages analysis by January 27, 2010. Depositions of any

such experts will be completed by March 27, 2010." ¶ 7.  Further, the Report provides that "Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) regarding their Counterclaims and Third-Party claims by January 27, 2010 and remaining reports by February 27, 2010. Defendants will provide opposing counsel with their damages analysis regarding their Counterclaims and Third-Party claims by January 27, 2010 and their remaining damages analysis by February 27, 2010. Depositions of such experts will be completed by March 27, 2010." ¶ 8.  The parties agreed without court intervention to extend the initial report date to February 27, 2010.  Plaintiff agreed to this extension on the understanding that further requested information would be promptly forthcoming.  As detailed herein, it has not been produced.

WHEREFORE, Genworth respectfully requests that this Court grant the Defendants' and Third-Party Plaintiffs' Motion for Extension of Time to Serve Expert Report to a date 45 days after the deadline by which Defendants are ordered to produce, or the date by which Defendants voluntarily produce, the entirety of their responsive electronic and other documents and submit to depositions as requested by Plaintiff and Third-Party Defendant.

THE PLAINTIFF
GENWORTH FINANCIAL
WEALTHMANAGEMENT, INC.

THIRD-PARTY DEFENDANT
GURINDER AHLUWALIA

By _____/s/_____
ROBINSON & COLE LLP
Mitchell L. Fishberg (ct19661)
Elizabeth Smith (ct 19808)
280 Trumbull Street
Hartford, CT  06117
E-mail: mfishberg@rc.com
E-mail: esmith@rc.com
Tele:  (860) 275-8338
Fax:  (860) 275-8299

-and-

PAUL, HASTINGS, JANOFSKY & WALKER LLP
Victoria A. Cundiff (phv 03712)
75 E. 55th Street
New York, NY 10022
victoriacundiff@paulhastings.com
 (212) 318-6030

-and-

SONNENSCHEIN NATH & ROSENTHAL LLP
Reid L. Ashinoff   *(admitted phv)*
1221 Avenue of the Americas
New York, NY 10020
rashinoff@sonnenschein.com
Tele: (212) 768-6700
Fax: (212) 768-6800

CERTIFICATION

       I hereby certify that on 2/26/10, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                Thomas B. Lewis, Esq.
                John E. MacDonald, Esq.
                Amy Beth Dambeck, Esq.
                Stark & Stark LLC
                993 Lenox Drive, 1st Floor
                PO Box 5315
                Princeton, NJ 08453

                Victoria A. Cundiff, Esq.
                Paul, Hastings, Janofsky & Walker, LLP
                75 East 55th Street, 1st Floor
                New York, NY 10022

                Reid L. Ashinoff, Esq.
                Sonnenschein Nath & Rosenthal LLP
                1221 Avenue of the Americas
                New York, NY 10020

                                      _____/s/_____
                                        Elizabeth M. Smith