STARK & STARK

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>Third-Party Defendant. | Civil Action No. 3:09-CV-01521-VLB<br><br>**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN OPPOSITION TO THE APPEARANCE AND/OR ADMISSION OF RICHARD M. ZUCKERMAN, REID L. ASHINOFF, SANDRA D. HAUSER, AND BRENDAN E. ZAHNER AS COUNSEL FOR PLAINTIFF AND THIRD PARTY DEFENDANT**<br><br>March 5, 2010 |

**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' MEMORANDUM
IN SUPPORT OF THEIR MOTION IN OPPOSITION TO THE APPEARANCE
AND/OR ADMISSION OF RICHARD M. ZUCKERMAN, REID L. ASHINOFF,
SANDRA D. HAUSER, AND BRENDAN E. ZAHNER AS COUNSEL
<u>FOR PLAINTIFF AND THIRD PARTY DEFENDANT</u>**

Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC and Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC (hereinafter referred to as "TJT Capital") hereby move this Court for an Order prohibiting Richard M. Zuckerman,

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

Esquire, Reid L. Ashinoff, Esquire, Sandra D. Hauser, Esquire, and Brendan E. Zahner, Esquire form appearing on behalf of Plaintiff Genworth Financial Management ("Genworth") and Third Party Defendant Gurinder Ahluwalia ("Ahluwalia") (collectively "Genworth").

## STATEMENT OF FACTS

Genworth filed a Motion for a Protective Order on December 22, 2009, under which certain materials produced by the parties would be produced as "confidential and/or attorneys' eyes only" and would not be available for review by the individual Defendants, Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, or Tamera Rivera. On January 12, 2010, TJT Capital filed a Cross-Motion for a Protective Order. The only substantive difference between Genworth's first proposed protective order and TJT Capital's proposed protective order is that, under TJT Capital's proposed protective order, Timothy McMullan would be permitted to review confidential-attorneys' eyes only information. TJT Capital argued that permitting Timothy McMullan to review confidential-attorenys' eyes only information was necessary because, while Genworth has a team of in-house counsel to consult during this litigation, TJT Capital has no in-house attorneys. Under TJT Capital's proposed protective order, Timothy McMullan would serve in the role of in-house counsel, assisting TJT Capital's counsel in their understanding of documents and information produced during the course of this litigation.

Then, on February 2, 2010, Genworth filed a reply in support of its Motion for a Protective Order and an opposition to TJT Capital's Cross-Motion for a Protective Order ("Reply and Opposition Regarding the Protective Order"). In addition to opposing TJT Capital's request to permit Timothy McMullan to review confidential-attorneys' eyes only

-2-

STARK & STARK

information, the primary purpose of Genworth's Reply and Opposition Regarding the Protective Order was to seek to permit Genworth's counsel in a separate class action litigation to review confidential-attorneys' eyes only information produced during this litigation.[1]

TJT Captial opposed Genworth's request to permit Genworth's Class Action counsel the right to review confidential-attorneys eyes only information produced during this litigation for several reasons, including: (1) because the Class Action and the matter before this Court rely on separate facts, and it does not logically follow that, simply because the individual Defendants may be in possession of some information relevant to some of the claims leveled in the Class Action, all confidential-attorneys' eyes only information produced by TJT Capital in this litigation should be disclosed to Genworth's Class Action counsel; (2) because there are ample and long-accepted procedural methods in place through which Genworth's Class Action counsel can obtain relevant information without having to review confidential-attorneys' eyes only material produced in this case; and finally (3) because Genworth's request to allow its Class Action counsel to review confidential-attorneys' eyes only information produced in this matter needlessly complicates this case and would, essentially, permit the Class Action to be litigated within this case.

Before this Court has had an opportunity to review and rule on Genworth's request to allow its Class Action counsel to review confidential-attorneys' eyes only information produced in this matter, Genworth, on February 25, 2010, filed a Notice of Appearance in

---

[1] On December 22, 2009, a class action was filed in the Eastern District of New York entitled *Goodman, et al. v. Genworth Financial Wealth Management, Inc., et al.*, Case No. 09-cv-5603 ("Class Action"). The Class Action alleges, essentially, that Genworth, including its senior executives, defrauded its clients by neglecting to disclose the availability of certain investment portfolios to those clients.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

this matter on behalf of Richard M. Zuckerman, Esquire, Reid L. Ashinoff, Esquire, Sandra D. Hauser, Esquire, and Brendan E. Zahner, Esquire, all of the law firm of Sonnenschein Nath & Rosenthal LLP.[2]  Upon information and belief, Sonnenchein is Genworth's Class Action counsel.[3]  Upon further information and belief, the Sonnechein attorneys are and have been reviewing confidential-attorneys' eyes only information produced in this case, and are also directly participating in the Class Action.

## DISCUSSION

**I.   Because the Atttorneys from Sonnenchein Are Likely also Acting as Genworth's Class Action Counsel, Those Attorneys Should Not Be Permitted to Participate in this Litigation**

The Sonnenchein attorneys are, upon information and belief, also acting as Genworth's counsel in the Class Action and should not be permitted to serve as Genworth's counsel in this matter because to do so would violate the spirit of the proposed protective orders and because doing so would needlessly complicate this litigation by permitting the class action to be litigated within this case.  Each of the initial proposed protective orders submitted to the Court in this action – one by Genworth and one by TJT Capital – state that "Designated Material shall not be used or disclosed for any purposes other than *the litigation of this action* . . . ."  *See* the proposed protective order submitted with Genworth's Motion for a Protective Order and with TJT Capital's Opposition and

---

[2]Reid L. Ashinoff's, Sandra D. Hauser's, and Brendan E. Zahner's appearence were each pending their admission pro hac vice with the Court.  Their pro hac vice applications were granted by Order of the Clerk of the Court on February 26, 2010.

[3]A copy of the notices of appearance of Sandra D. Hauser, Esquire, and Brendan E. Zahner, Esquire, in the Class Action on behalf of Genworth are attached as Exhibits "A" and "B," respectively, to the Affidavit of John E. MacDonald, Esquire, in support of this Motion.

-4-

STARK & STARK

Cross-Motion for a Protective Order. Allowing Genworth's Class Action counsel to participate in this case would frustrate the intent of these proposed protective orders – to limit the exposure of documents produced during this litigation – by permitting Class Action counsel the opportunity to review information produced in this litigation. Even if Class Action counsel acted in accordance with the initial proposed protective orders, and did not disclose any documents produced under the initial proposed protective orders, there is a real danger of unintended, but inevitable disclosure of such information simply by Genworth's Class Action counsel's mental retention of the information. Therefore, if the Court enters either of the first two proposed protective orders, TJT Capital respectfully requests that the Court enter an order preventing the attorneys from Sonnenchein from participating in this case.[4]

For the same reasons stated in TJT Capital's Reply and Sur-Reply Regarding the Proposed Protective Order, the attorneys from Sonnenchein should not be permitted to be actively involved in this matter. If Sonnenchein is representing Genworth in the Class Action, then permitting the attorneys from Sonnenchein to become involved in this litigation would needlessly complicate this case by permitting Class Action issues to be litigated here. Additionally, Genworth's action in filing the Notice of Appearance on behalf of the attorneys from Sonnenchein seems to be an attempt by Genworth to circumvent the effects of a protective order that does not permit the disclosure of confidential-attorneys' eyes only information outside of this litigation. Genworth, without even waiting for the Court's ruling

---

[4]Alternatively, if the Court enters either of the first two proposed protective orders and permits the Sonnenchein attorneys to remain involved in this litigation, TJT Capital respectfully requests that the Court enter an Order requiring that the Sonnenchein attorneys participating in this action be screened from also participating in the Class Action.

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

on its Opposition and Reply Regarding the Protective Order, took action to ensure – regardless of the wishes of this Court – that it would receive the relief it initially sought through its Opposition and Reply – that is, Genworth, without waiting for the Court, took action to ensure that its Class Action counsel had the ability to review confidential-attorneys' eyes only information produced in this case.

Furthermore, Class Action counsel should not be permitted to become involved in this litigation because their involvement is unnecessary. Genworth does not need its Class Action counsel to become involved in this litigation because (1) Genworth has a full team of outside counsel, including at least seven attorneys (and likely several more than this) representing it in this matter, and (2) as noted in TJT Capital's Reply and Sur-Reply Regarding the Protective Order, the Class Action and the matter before this Court rely on separate facts. The matter before this Court involves the resignation of the individual Defendants from Genworth, their formation of a competing company, and the transition of clients from Genworth to that competing company. The facts underlying the Class Action have no direct relation to the matter before this Court, and there is no need for Class Action counsel to become involved here. Furthermore, to the extent that Genworth's Class Action counsel require information from TJT Capital or the individual Defendants, there are ample and long-accepted procedural methods in place through which Genworth's Class Action counsel can obtain relevant information without having to review confidential-attorneys' eyes only material produced in this case. Specifically, Genworth's Class Action counsel will have the opportunity to conduct discovery in the Class Action, and they should not be given advantages outside the Class Action itself. Finally, permitting Genworth's Class Action counsel to review confidential-attorneys' eyes only information produced in

STARK & STARK

this matter would needlessly complicate what should be a relative simple matter involving, essentially, claims of misappropriation of alleged trade secrets by permitting the much more complicated Class Action issues to permeate and pollute this litigation.  Therefore, because this matter and the Class Action rely on entirely separate facts, because Class Action counsel will have ample other means to discover information relevant to the Class Action, and because permitting Class Action counsel to review confidential-attorneys' eyes only information produced in this case would needlessly complicate this matter, Genworth's Class Action counsel should not be permitted to involve themselves in this litigation.

## CONCLUSION

For the foregoing reasons, TJT Capital respectfully requests that the Court enter an Order  preventing Genworth's Class Action counsel from becoming involved in this litigation.

> The Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC
>
> The Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC
>
> By   /s/ *John E. MacDonald*
>       John E. MacDonald (CT Fed. Bar No. 14853)
>       Stark & Stark, PC
>       993 Lenox Drive, Bldg 2
>       Post Office Box 5315
>       Princeton, New Jersey 08543-5315
>       Tele:  (609) 895-7321
>       Fax:   (609) 895-7395
>       jmacdonald@stark-stark.com

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

STARK & STARK

## CERTIFICATION

I hereby certify that on March 5, 2010, a copy of the forgoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System. Courtesy copies are also being e-mailed on this date to counsel for the Plaintiff and Third Party Defendant, Bradley W. Bloodworth, Esquire, PAUL, HASTINGS, JANOFSKY & WALKER LLP, 875 15th Street N.W., Washington, DC 20005.

By  /s/ *John E. MacDonald*
      John E. MacDonald (CT Fed. Bar No. 14853)

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315