UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | : Civil Action No. 3:09-CV-1521-VLB <br> : <br> : **PLAINTIFF'S AND THIRD PARTY** <br> : **DEFENDANT'S OPPOSITION TO** <br> : **DEFENDANTS' AND THIRD PARTY** <br> : **PLAINTIFFS' MOTION IN** <br> : **OPPOSITION TO THE APPEARANCE** <br> : **AND/OR ADMISSION OF** <br> : **SONNENSCHEIN NATH &** <br> : **ROSENTHAL LLP AS COUNSEL** <br> : **FOR PLAINTIFF AND THIRD PARTY** <br> : **DEFENDANT** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : March 23, 2010 |

**PLAINTIFF'S AND THIRD PARTY DEFENDANT'S OPPOSITION TO DEFENDANTS' AND THIRD PARTY PLAINTIFFS' MOTION IN OPPOSITION TO THE APPEARANCE AND/OR ADMISSION OF SONNENSCHEIN NATH & ROSENTHAL LLP AS COUNSEL FOR PLAINTIFF AND THIRD PARTY DEFENDANT**

Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia (referred to herein collectively as "Plaintiff"), submit this memorandum in opposition to Defendants' and Third Party Plaintiff's (referred to herein collectively as "Defendants") "Motion in Opposition to the Appearance and/or Admission of Richard M. Zuckerman, Reid L. Ashinoff, Sandra D. Hauser, and Brendan

10270810-v1

E. Zahner[1] of Sonnenschein Nath & Rosenthal LLP as Counsel for Plaintiff and Third Party Defendant" (the "Motion").

## I. PRELIMINARY STATEMENT

Offering no support whatsoever in either law or fact, Defendants ask this Court to reject Genworth's choice of counsel and preclude Sonnenschein Nath & Rosenthal LLP ("Sonnenschein") from appearing in this Court and representing Genworth in this action. Defendants allege no conflict of interest nor any wrongdoing by Sonnenschein, identify no Rule of Professional Conduct that has been violated, and cite no case law nor any other authority to support disqualification. Instead, Defendants offer only scant and baseless pronouncements to the effect that additional lawyers are "unnecessary," and that Genworth's counsel create the risk of "needlessly complicating" this case -- insinuating that it is Plaintiff, and not Defendants, who have sought unwarranted expansion of this case. Not only do Defendants' statements lack factual merit, but even if they were true, Defendants would not come remotely close to meeting the high standard in this Circuit for disqualification of counsel.

It is indisputable that a party has the right to choose the counsel it prefers. Only truly extreme circumstances, such as a clear conflict of interest, or an attorney's possession of privileged information through prior representation of a current adversary, can even potentially support a disqualification motion like that filed by Defendants here. At best, Defendants' Motion is purely a tactical play, since Defendants unquestionably

---

[1] Mr. Zuckerman is an attorney admitted in the State of Connecticut and this District, and the others all have been admitted *pro hac vice*. David R. Baum of Sonnenschein has also been admitted *pro hac vice*.

have not, and cannot, meet their high burden required in this Circuit to disrupt Genworth's choice of counsel. Their Motion should be denied.

## II. ARGUMENT

### A. Defendants Do Not Even Acknowledge, Let Alone Meet, the High Burden for Disqualification of Counsel.

The Second Circuit imposes an exceedingly high standard for any party seeking to disqualify opposing counsel, recognizing that a client's choice "can be overridden only where compelling reasons exist." *See, e.g., Bottaro v. Hatton Assocs.*, 680 F.2d 895, 897 (2d Cir. 1982); *Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) (reversing order disqualifying defendant attorney ); *Bennett Silvershein Assocs. v. Furman*, 776 F. Supp. 800, 802 (S.D.N.Y. 1991) (denying motion to disqualify, reiterating that "the party seeking disqualification must carry a 'heavy burden,' and must meet a 'high standard of proof' before a lawyer is disqualified") (citation omitted). With rare exceptions, disqualification has been ordered only where a clear conflict of interest undermines an attorney's representation of his own client, or more commonly, where an attorney possesses attorney-client privileged information about the other side due to a prior representation, and is in a position to misuse client confidences in breach of ethical canons. *See, e.g., Government of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978) (affirming disqualification where plaintiff's attorney had previously represented defendants in similar action and thus had an actual conflict – not the situation in this case). The standard cannot be met by inferences (whether reasonable or not), nor by vague speculation about the possibility of future misconduct, nor even by an appearance of impropriety. *See Nyquist*, 590 F.2d at 1247.

No compelling reason – or, indeed, any reason at all – exists to disqualify counsel in this case. The Second Circuit repeatedly has noted that disqualification motions are wasteful and time-consuming, and "are often interposed for tactical reasons" since they inevitably result in delay. *Nyquist*, 590 F.2d at 1246. *See also Allegaert v. Perot,* 565 F.2d 246, 251 (2d Cir. 1977) (noting disqualification motions have become "common tools of the litigation process, being used . . . for purely strategic reasons."); *Bottaro v. Hatton Assocs.*, 680 F.2d 895 (2d Cir. 1982). It is only where an attorney's unprofessional conduct may affect the outcome of a case that such motions are even entertained -- far from the situation here. *See Nyquist*, 590 F.2d at 1247-48 (Mansfield, J., concurring).

### B. Defendants Fail to Assert Any Valid Basis for Disqualification of Genworth's Chosen Counsel Under the Second Circuit Standards.

The only reasons that Defendants offer for seeking to disqualify Sonnenschein are that: (1) other attorneys have appeared on Genworth's behalf in this case (Mot. at 6), and (2) Sonnenschein represents the same client, Genworth, in a recently filed class action suit which targets the business division of Genworth that Defendants recently left, and whose information and clients they pirated: Genworth's Private Client Group.

As an initial matter, Defendants are not entitled to determine which, or how many, lawyers will represent their adversary. Genworth is entitled to whatever number of lawyers it chooses for a case, irrespective of the firm at which they are affiliated.

Nor is there any conflict of interest presented by Sonnenschein's representation of Genworth in both this case and the class action case -- in fact, Defendants themselves have not even asserted that any actual conflict exists. Sonnenschein has not "changed sides." *See Allegaert*, 565 F.2d at 251. Defendants contend only that

4

because Sonnenschein is counsel for Genworth in the class action, the firm's mere presence will "needlessly complicate" this case. (Mot. at 3).

But "complication" is not a ground for disqualification.  Moreover, the record wholly belies Defendants suggestion that it is Plaintiff, rather than Defendants, who have sought to "permit[] the class action to be litigated within this case."  (Mot. at 4). *Genworth* recently served vigorous objections to the discovery served by Defendants in this case, in which *Defendants* sought wide-ranging production of documents and levied dozens of requests for admission that have absolutely nothing to do with this case, and seek information related solely to the class action.  *See, e.g.,* 3/10/10 Plaintiff's and Third Party Defendant's Objections and Responses to Defendants' and Third Party Plaintiff's Second Request for Production of Documents, Request Nos. 117, 118, 119, 120, 121 (attached as Exh. A); 3/10/10 Plaintiff's and Third Party Defendant's Objections and Responses to Defendants' and Third Party Plaintiffs' First Set of Requests for Admission to Plaintiff, Request Nos. 1-17, 23-68 (attached as Exh. B).

Defendants apparently now concede that the discovery they served was inappropriate, stating that "the Class Action and the matter before this Court rely on separate facts." (Mot. at 3).  Defendants state:  "The matter before this Court involves the resignation of the individual Defendants from Genworth, their formation of a competing company, and the transition of clients from Genworth to that competing company.  The facts underlying the Class Action have no direct relation to the matter before this Court."  (Mot. at 6).

Plaintiff essentially agrees.  Plaintiff has absolutely no intention to permit the merits of the class action allegations, which concern how Genworth managed its clients'

5

funds, "to permeate and pollute this litigation." (Mot. at 6-7).  No evidence is (or can be) offered to the contrary.  To be sure, the two matters do overlap, but only to a certain and defined degree as relates to this case:  Specifically, to the extent that discovery in this action shows that confidential Genworth information has been disclosed by the Individual Defendants to plaintiff's counsel in the class action, in a form or manner that violates the law and/or their duties to Genworth, that is clearly relevant to *this action, which relates to theft of trade secrets and Defendants' misappropriation and misuse of Genworth information*.  Likewise, to the extent that discovery confirms that Defendants have used confidential Genworth information to foment a class action lawsuit against Genworth, and/or have then used the filing of that class action lawsuit to attempt to solicit Genworth's clients away to TJT, such facts are relevant to this case.[2]  And finally, certain facts regarding the parties' relationships with Bob Brinker are present in both cases.

But the merits of the allegations in the class action against Genworth certainly will not be litigated here -- and again, Genworth has been the party vigorously objecting to expansion of discovery in this direction.[3]  In all events, these circumstances do not

---

[2] The Class Action rests certain allegations about Genworth *on purported disclosures by a former high-level employee in Genworth's Private Client Group.  Goodman v. Genworth Financial Wealth Management, Inc. et al*, 2:09-cv-05603-LDW, Complaint ¶ 32, 33, 35, 36, 37.  All of the Defendants were part of the Private Client Group, and Defendants McFadden, McMullan, and Cook were former high-level employees in that Group who left within months prior to the filing of the class action.

[3] Just yesterday, at the deposition of Bob Brinker, and over the strong objection of Genworth's counsel, Defendants' counsel asked Mr. Brinker a series of questions that have nothing at all to do with this case, and that stem directly from allegations made in the class action.  *See* Exh. C.  Since the attached transcript is rough, the information requested from the witness is irrelevant, and the witness indicated that certain parts of the deposition should remain confidential, only counsel's questions and objections are provided, with the answers redacted.

present any basis to disqualify counsel. The presence of a particular lawyer does not have any impact on the appropriate scope of issues to be addressed in this case.

### C. Genworth's Counsel Have Not and Will Not Violate Any Protective Order that Governs This Case.

Defendants assert that Genworth asked Sonnenschein to appear in this case as a self-help measure to avoid the motion pending before the Court and *filed by Genworth* regarding the scope of the Protective Order in this case. (Mot. at 5). There is no basis for this assertion beyond idle speculation, nor does it make any sense. The issues raised by a disqualification motion and by a protective order are distinct. Sonnenschein noticed its appearance as counsel of record in this case and is entitled to participate fully in this case. All counsel for the parties are permitted access to all documents -- and Sonnenschein, as counsel in this case, is entitled to such access. The protective orders submitted do not contain any restriction on which attorneys the parties can choose to represent them in this case. And Defendants do not and cannot present any facts showing that documents, including documents designated "confidential-attorneys'-eyes-only" have been used outside of this litigation or for improper purpose. Defendants do not have any realistic "fear" that counsel will abuse a court order (and certainly have no more heightened fear than Plaintiff that "attorneys' eyes only" information could be shared on Defendants' side.)

And if, as Defendants concede, this case and the Class Action are not related, there should not even be any concern that Sonnenschein would "inevitabl[y] disclos[e]" information from this case in the Class Action through "mental retention of the information" and cause a breach of the protective order (Mot. at 5).

Genworth has argued to the Court that it makes sense for Genworth, and its inside and outside counsel, to have the ability to use any documents produced in this case that may bear on its defense of class action issues, since that would serve the interests of judicial economy and efficiency and avoid duplicative discovery (such as, for example, a subpoena which properly could issue) (*Cf.* Mot. at 3-5).  The parties have fully briefed that issue, and this Court may or may not agree with Genworth when the motion is considered.  But the issue of who Genworth chooses to represent its interests in this litigation, on one hand, and the scope of the protective order, on the other, are separate.  The same in-house attorney serves Genworth on both matters, as is usual practice, and clearly there is no issue with his access to information.  The parties' rights and obligations under any ultimately governing protective order obtain irrespective of which attorneys represent those parties.  Defendants' unfounded speculation about Genworth's counsel leads nowhere.  Instead, Defendant's effort to focus this Motion on the protective order serves only to obfuscate the fact that no basis exists for precluding Sonnenschein's appearance.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion opposing the appearance and/or admission of Sonnenschein in this case.

THE PLAINTIFF
GENWORTH FINANCIAL WEALTH
MANAGEMENT, INC.

THIRD-PARTY DEFENDANT
GURINDER AHLUWALIA

By _____/s/_____
Mitchell L. Fishberg (ct19661)
Elizabeth Smith (ct 19808)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06117
mfishberg@rc.com
esmith@rc.com
(860) 275-8338
Fax: (860) 275-8299

-and-

Victoria A. Cundiff (phv 03712)
Paul, Hastings, Janofsky & Walker LLP
75 E. 55th Street
New York, NY 10022
victoriacundiff@paulhastings.com
(212) 318-6030
Fax: (212) 319-4090

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 23rd day of March 2010 via email and electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. Courtesy copies are also being e-mailed on this date to counsel for the Defendants and Third Party Plaintiffs, Thomas B. Lewis, Esq., Stark & Stark, LLC, 993 Lenox Drive, Lawrenceville, NJ 08648, TLewis@stark-stark.com.

                                                                                                     /s/
                                                      Elizabeth M. Smith