STARK & STARK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>Third-Party Defendant. | Civil Action No. 3:09-CV-01521-VLB<br><br><br><br>**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' EMERGENCY MOTION REQUESTING THAT THE COURT REALLOCATE THE PERCENTAGE RESPONSIBILITIES ASSIGNED TO THE PARTIES REGARDING THE PAYMENT OF COSTS ASSOCIATED WITH THE COMPUTER FORENSIC SERVICES REQUIRED UNDER THE COURT'S JUNE 1, 2010 ORDER**<br><br><br><br>June 23, 2010 |

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC and Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC (collectively "Defendants" or "TJT Capital"), hereby request that the Court reallocate the percentage responsibilities assigned to the parties regarding the payment of costs associated with the computer forensic services required under the Court's June 1, 2010, and in support of their request:

STARK & STARK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

1.      On June 1, 2010, the Court granted Plaintiff Genworth Financial Wealth Management, Inc.'s, ("Plaintiff" or "Genworth") and Third Party Defendant Gurinder Ahluwalia's ("Mr. Ahluwalia") Motion to Compel Forensic Imaging of Defendants' Computer, and for an Order for Preservation of Evidence, Production of Evidence, Appointment of a Neutral Forensic Expert, and for Sanction ("Motion to Compel Forensic Imaging").  In its June 1, 2010 Order on the Motion to Compel Forensic Imaging, the Court ordered Defendants to pay 80% and ordered Genworth and Mr. Ahluwalia to pay 20% of the costs associated with the computer forensic services to be conducted under the Court's Order.

2.      Defendants request that this Motion be considered on an emergency, expedited basis in order to maintain compliance with the deadlines set forth in the Court's June 1, 2010 Order.

3.      Yesterday, June 22, 2010, the parties received a list of estimated costs from Guidance Software, Plaintiff's proposed expert whom Defendants consented to use in order to facilitate the rapid resolution of issues regarding the execution of the Court's Order.  *See* Exhibit "A" to the Certification of John E. MacDonald, Esquire, ("MacDonald Cert.") filed in support of this Motion.  As the Court can see, the total estimated costs of Guidance Software's services are $48,500.00.

4.      Because Defendants were incredibly surprised by the high costs of Guidance Software's services and because Defendants' believed these costs to be prohibitively high, counsel for Defendants, upon receipt of the estimate from Guidance Software, sent a letter to counsel for Genworth and Mr. Ahluwalia requesting that Genworth and Mr. Ahluwalia assume a larger percentage of the costs associated with Guidance Software's services,

a request which was declined. *See* MacDonald Cert. Exhibit "B," counsel for Defendants' request; MacDonald Cert. Exhibit "C," Genworth's and Mr. Ahluwalia's refusal.

5. Therefore, because the costs to Defendants – who include only individuals and a small financial start-up – associated with the computer forensic imaging and analysis required by the Court's June 1, 2010 Order are prohibitively high, and because Genworth and Mr. Ahluwalia have refused to take more financial responsibility for these costs, Defendants respectfully request that Court reallocate the percentage responsibilities assigned to the parties regarding the payment of costs associated with the computer forensic services required under the Court's June 1, 2010. Specifically, Defendants request that the Court require Genworth and Mr. Ahluwalia to bear 80% of the costs and Defendants to bear 20% of the costs associated with the computer forensics services to be performed.

6. As counsel for Defendants indicated during oral argument on April 8, 2010, regarding Plaintiff's Motion to Compel Forensic Imaging, Defendants, unlike Genworth, are not in financial position to pay the high costs associated with computer forensic imaging and analysis. Defendants' fear has always been that the costs associated with such services would be prohibitively high, a fear that was confirmed upon review of the estimated costs provided by Guidance Software, which claims it will require almost 200 hours of service at more than $200.00 per hour to complete its required tasks.[1]

---

[1] Counsel for Genworth and Mr. Ahluwalia, during oral argument on April 8, 2010, on the Motion to Compel Forensic Imaging, indicated that costs associated with forensic imaging and analysis would be much more reasonable than estimate provided by Guidance Software, stating, "Forensic imaging is not something that's big, mysterious. It's a couple hundred dollars an hour to go to someone's home or business and create a mirror image of that computer and then do analysis that would enable us to know what's there." April 8, 2010 Hearing Tr. 14:8-12. *See* MacDonald Cert., Exhibit "D." Thus implying that

STARK & STARK

7. Therefore, because 80% of what will likely be at least a $50,000.00 bill (if not more) from Guidance Software is an alarmingly large sum compared to Defendants' limited resources, and because Genworth is in a far more financially capable of paying these costs than Defendants, Defendants respectfully request that the Court reallocate the percentage responsibilities assigned to the parties regarding the payment of costs associated with the computer forensic services required under the Court's June 1, 2010 Order.

8. Counsel for Defendants are generally available to discuss with Your Honor via teleconference any of the issues raised in this correspondence.

WHEREFORE, Defendants/Third Party Plaintiffs respectfully request that this Court enter an Order re-allocating the percentage responsibilities assigned to the parties regarding the payment of costs associated with the computer forensic services required under the Court's June 1, 2010 Order.

> The Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC
>
> The Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC
>
> By   /s/ *John E. MacDonald*
>      John E. MacDonald (CT Fed. Bar No. 14853)
>      Stark & Stark, PC
>      993 Lenox Drive, Bldg 2
>      Post Office Box 5315
>      Princeton, New Jersey 08543-5315
>      Tele:  (609) 895-7321
>      Fax:   (609) 895-7395
>      jmacdonald@stark-stark.com

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

---

the costs associated with computer forensic imaging and analysis would relatively easy to afford.

-4-

STARK & STARK

## CERTIFICATION

I hereby certify that on June 23, 2010, a copy of the forgoing opposition and Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System. Courtesy copies are also being e-mailed on this date to counsel for the Plaintiff and Third Party Defendant, Reid Ashinoff, Esquire, and David Baum, Esquire, Sonnenchein, Nath & Rosenthal, 1221 Avenue of the Americas, 24th Floor, New York, New York 10020.

By   /s/ *John E. MacDonald*
    John E. MacDonald (CT Fed. Bar No. 14853)

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

STARK & STARK

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>   Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>   Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>   Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>   Third-Party Defendant. | Civil Action No. 3:09-CV-01521-VLB<br><br><br><br><br><br><br><br><br><br><br><br>**PROPOSED ORDER** |

   Upon consideration of Defendants'/Third Party Plaintiffs' Emergency Motion Requesting that the Court Reallocate the Percentage Responsibilities Assigned to the Parties Regarding the Computer Forensic Services Required Under the Court's June 1, 2010 Order;

   IT IS HEREBY ORDERED THAT:

   1.  Defendants/Third Party Plaintiffs shall pay 20% of the costs and fees associated with the computer forensic services required under the Court's June 1, 2010

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

Order, and Plaintiff/Third Party Defendant shall pay 80% of the costs and fees associated with the computer forensic services required under the Court's June 1, 2010 Order.

                SO ORDERED:

Dated: June ____, 2010       _____
                    Hon. Vanessa K. Bryant, U.S.D.J.