STARK & STARK

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>         Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>         Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>         Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>         Third-Party Defendant. | Civil Action No. 3:09-CV-01521-VLB<br><br>**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' SUPPLEMENTAL MOTION REQUESTING A MODIFICATION TO THE COURT'S JUNE 1, 2010 ORDER REGARDING PRODUCTION OF ELECTRONIC INFORMATION**<br><br>**AND**<br><br>**DEFENDANTS' AND THIRD PARTY PLAINTIFFS' SUPPLEMENTAL MOTION REQUESTING A CONFERENCE WITH THE COURT REGARDING MODIFICATION TO THE COURT'S JUNE 1, 2010 ORDER REGARDING PRODUCTION OF ELECTRONIC INFORMATION**<br><br>September 1, 2010 |

      Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC and Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC (collectively "Defendants"), hereby request that the Court modify its June 1, 2010 Order addressing the review and production of the forensic images made of Defendants' computer devices, which were provided by the Court-appointed computer forensic expert, Guidance Software, Inc., ("Guidance"), and also request an in-person conference with

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

STARK & STARK

the Court regarding this and related issues. In support of their requests Defendants state:

1.     As an initial matter, counsel for Defendants' note the following: (1) this Motion raises issues relevant to discovery, and discovery disputes in this matter have been referred to Judge Thomas P. Smith for resolution (Docket No. 94); (2) in an effort to amicably resolve the issues raised in this Motion, counsel for Defendants contacted, and spoke at length with, counsel for Plaintiff on September 1, 2010, but no resolution was reached, thus necessitating the filing of this Motion; and (3) this Motion is not being filed on an "Emergency" basis and Defendants' do not request that Plaintiff respond to this Motion on an expedited basis.

2.     On June 1, 2010, the Court entered an Order requiring that Guidance, after obtaining forensic images of Defendants' relevant computer devices, was to "use the mirrored computer data to recover and organize the mirrored files and information in a reasonable searchable form. The expert shall then provide the recovered data to the Defendants' counsel and contemporaneous notice of this production to the Plaintiff . . . ." June 1, 2010 Order at ¶3. In addition to providing the recovered data to Defendants' counsel, Guidance was also to create a detailed expert report regarding its analysis of the data contained on the imaged computer devices of Defendants.

3.     Guidance, in accordance with the June 1, 2010 Order, authored two separate expert reports after analyzing the Defendants' computer devices. The first report was produced on July 29, 2010, and included an analysis of all computer devices with the exception of the cell phones of Timothy McMullan, James Cook, and Timothy McFadden, which could not be imaged at the time. A copy of Guidance's first expert

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

STARK & STARK

report ("Guidance's First Report") is attached as Exhibit "A" to the Certification of John E. MacDonald, Esquire, ("MacDonald Cert."). Guidance produced its second report on August 13, 2010, which report included an analysis of the cell phones of Timothy McMullan and Timothy McFadden; Guidance could not image, and, therefore, could not analyze, James Cook's cell phone. A copy of Guidance's second expert report ("Guidance's Second Report") is attached as Exhibit "B" to the MacDonald Cert.

    4.    Importantly, after a review of all computer devices, Guidance noted, in its Second Report, that it was unable to locate much of the information that the Plaintiff alleged was removed from Plaintiff by Defendants. Specifically, Guidance's Second Report provided that Genworth's ACT and TNET databases were nowhere to be found on any of Defendants' computer devices. *See* MacDonald Cert. Exhibit "B," Guidance's Second Report at p.4. Furthermore, Guidance's reports made no reference to finding Genworth Prospect lists, Genworth B1 models, or Genworth Model portfolio returns. Finally, while Guidance's Second Report indicates that it recovered Marketimer files from Defendants' computer devices, these files are Marketimer newsletters for which Defendants' pay a subscription fee in order to receive; the files were not Bob Brinker's or Genworth's Marketimer subscription lists.

    5.    In accordance with the June 1, 2010 Order, after it produced its First Report, Guidance provided recovered data to Defendants' counsel, which data was contained on an external hard drive. However, after Defendants' counsel had the opportunity to review the contents of the data provided by Guidance, Defendants' counsel concluded that they could not, without the assistance of an experienced computer professional, review the data forwarded by Guidance and produce

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

STARK & STARK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ  08543-5315

responsive, non-privileged information in compliance with the June 1, 2010 Order.  The data set is simply too large, and much of it is not in a form that can be easily searched through or even accessed.  That Defendants' counsel would be unable to review and produce this information without the further assistance of a sophisticated computer professional was confirmed by Guidance.

      6.      Regarding Guidance's confirmation that counsel for Defendants would be unable, without assistance, to review and produce responsive, non-privileged data from the forensic images of Defendants' computer devices, Guidance's First Report states:

> Of the listed tools to identify in the SOW [Statement of Work] a few were identified.  Specifically, Junxure and Schwab were found to be on one of the servers and multiple custodians' machines. Each machine was searched for these items and placed in report attachment A-2 named "2010-07-15_Custodian-Software-Analysis.xls."  Many documents and files were extracted from the directories of these databases, but not from within the databases themselves.  Should further information need to be extracted, a series of defined queries would be required.  Since these may also be proprietary databases, it may need to be done in its native environment. Database logs were found in Junxure, but also will require defined queries in order to extract any pertinent information.

MacDonald Cert. Exhibit "A," Guidance's First Report at p.8.

      7.      As per Guidance's First Report, it found two databases that are being used by the Defendants, Junxure and Schwab. The databases are located on the servers and have been accessed through the computers from which Guidance made images and then analyzed.  According to Guidance's First Report, due to the format in which the data was recovered and collected, it is not possible, without further work, to search the data for relevancy. Also according to Guidance, this is because much of the data was collected from proprietary databases, and such data can be accessed only if it can be placed in its native environment.  Furthermore, according to Guidance, any

information to be extracted from these databases would have to be done through specific queries, which were not conducted and which Defendants' counsel cannot conduct without further assistance from a computer professional, such as Guidance.

8. Based on research conducted by counsel for Defendants since receiving from Guidance the recovered and collected data from Defendants' computer devices, accessing the databases in their native formats apparently can be accomplished in one of two ways:

    i. The native database program would have to be purchased, installed, and the database reconstructed from the files acquired by Guidance. This process is not only time-consuming, but also burdensome with respect to cost. Not inclusive of the costs of purchasing the native database software programs, the process of reconstructing the databases could cost anywhere from $10,000.00 to $15,000.00, possibly more. Moreover if such a task was to be implemented, Guidance would need to advise if there would be any data loss when attempting to reconstruct the databases from the files that were forensically acquired; or

    ii. Guidance could run the referenced queries to extract the information at the client site where the databases actually reside (i.e., the data's "native environment"). This would be a faster and more reliable method to extract the information and would be based on defined queries that would return the relevant information from the databases. It would also be much more cost effective and less burdensome. However, it is believed that even this method could cost at least $5,000.00. Furthermore, no search queries have been defined by the Court or agreed upon between the parties.

STARK & STARK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

9. The current June 1, 2010 Order did not contemplate or address these additional steps, nor did it contemplate the additional time and costs associated with taking these steps.  Therefore, Defendants request that the Court modify its June 1, 2010 Order to provide additional guidance to the parties regarding how they should deal with the unforeseen complications presented by the review and production of information recovered by Guidance.  Furthermore, because the costs associated with additional steps were not contemplated, because Defendants have already paid 80% of an almost $50,000.00 bill from Guidance, and because much, if not all, of the information Plaintiff sought to uncover was not found on Defendants' computer devices, Defendants request that either Plaintiff, a multi-national company generating billions in annual revenue, as the party that wants this information, pay the remaining computer forensic costs; or that a more equitable distribution of the costs inherent in performing the additional services necessary for Defendants' counsel to review and produce information recovered by Guidance be determined.  Finally, Defendants' request an in-person conference with the Court to address these issues.

        The Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC

        The Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC

        By   /s/ *John E. MacDonald*
            John E. MacDonald (CT Fed. Bar No. 14853)
            Stark & Stark, PC
            993 Lenox Drive, Bldg 2
            Post Office Box 5315
            Princeton, New Jersey 08543-5315
            Tele:  (609) 895-7321
            Fax:   (609) 895-7395
            jmacdonald@stark-stark.com

STARK & STARK

-7-

## CERTIFICATION

I hereby certify that on September 1, 2010, a copy of the forgoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System. Courtesy copies are also being e-mailed on this date to counsel for the Plaintiff and Third Party Defendant, Reid Ashinoff, Esquire, and David Baum, Esquire, Sonnenchein, Nath & Rosenthal, 1221 Avenue of the Americas, 24th Floor, New York, New York 10020.

By   /s/ *John E. MacDonald*
      John E. MacDonald (CT Fed. Bar No. 14853)

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

STARK & STARK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>        Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>        Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>        Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>        Third-Party Defendant. | Civil Action No. 3:09-CV-01521-VLB<br><br><br><br><br><br><br><br><br><br><br><br>**PROPOSED ORDER** |

      Upon consideration of Defendants'/Third Party Plaintiffs' Motion requesting that the Court modify its June 1, 2010 Order and requesting a telephone with the Court;

      IT IS HEREBY ORDERED THAT:

      1.    The parties shall have the neutral Court-appointed computer forensic expert, Guidance Software, Inc., ("Guidance"), perform the following additional services necessary for Defendants' counsel to review and produce responsive, non-privileged information from the images taken of Defendants' computer devices by either:

        i.        Acquiring the necessary native database program(s) and reconstructing the database from the files acquired by Guidance, advising whether or not any data was lost during the attempt to reconstruct the database(s); or

        ii.        Running queries either defined by the Court or agreed upon between the parties to extract the information at the client site where the databases actually reside (i.e., the data's "native environment").

    2.        The costs of these additional services shall be borne either:

        i.        In their entirety, by Plaintiff; or

        ii.        80% by the Plaintiff and 20% by the Defendants;

    3.        An in-person conference with Judge Smith is scheduled for the _____ day of _____, 2010, at _____ a.m./p.m. to review issues relevant to this Motion.

                              SO ORDERED:

Dated: September ____, 2010                _____

STARK & STARK

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543-5315