**SNR DENTON**

SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

Brendan E. Zahner
brendan.zahner@snrdenton.com
D  +1 212 768 5339
T  +1 212 768 6700
F  +1 212 768 6800
snrdenton.com

November 15, 2010

**By ECF**

Honorable Vanessa L. Bryant, USDJ
Abraham Ribicoff Federal Building
United States Courthouse
450 Main Street - Suite 320
Hartford, Connecticut 06103

Re:   Genworth v. TJT Capital LLC et al., Case No. 3:09 Cv 1521-VLB

Dear Judge Bryant:

As requested by the Court, the parties hereby submit a Joint Status Report identifying the remaining discovery and proposing deadlines for discovery and dispositive motions.

## Plaintiff's Joint Status Report Submission

### I.   Outstanding forensic examination of Defendants' databases

As the Court may recall, Guidance Software was hired by the parties to image the Defendants' computers so that Defendants' counsel could review that material and provide a supplemental document production. After a number of motions by the Defendants, Magistrate Judge Smith ordered that the hard drive images be instead provided in their entirety to Plaintiffs' counsel for review. The hard drives were received on October 11, and Plaintiffs' review of those drives is nearly complete.

Under Guidance's Statement of Work, however, which was agreed to by both parties, the Defendants were also required to make their client databases available to Guidance for examination. This was to occur after Guidance obtained images of the hard drives, and those images were completed on July 14, 2010. The Defendants have not yet agreed to a date for Guidance to inspect their client databases. Until this inspection is complete and a report is generated by Guidance, previously noticed depositions of each of the Defendants cannot be conducted.

### II.   Depositions

With regard to depositions, the review of the Defendants' hard drives has resulted in the discovery of relevant material that was not provided in advance of the depositions already conducted. As a result, the depositions of James Cook and Tamara Rivera must be re-opened to address this material, which, among others documents, includes a document called "Client Look up - Cook" that was created by Ms. Rivera on her last afternoon employed by Genworth.

**SNR DENTON**

November 15, 2010
Page 2

The Plaintiffs also intend to take the depositions of Defendants Timothy McMullan, Karen Bazon and Timothy McFadden, which were noticed within the original discovery period but unilaterally cancelled by the Defendants. Because they were noticed first and then cancelled, these depositions should take priority.

The Defendants have noticed the depositions of Gurinder Ahluwalia, Alexander Overkamp, Todd D'Agostino, Jeffrey Joseph and Ronald Cordes. The D'Agostino and Joseph depositions were recently noticed in California. To the extent the Defendants still wish to depose Mr. Ahluwalia and Mr. Cordes, Plaintiffs expect that those depositions will also go forward in California, where Mr. Ahluwalia and Mr. Cordes are primarily located.

Plaintiffs also expect to use an expert to quantify their damages in this case, and under this Court's March 9, 2010 Order that report is due 45 days after documents are produced and the Defendants' depositions are conducted. Defendants expect that they will depose Plaintiffs expert after production of the report.

Plaintiff and Defendants believe that the foregoing fact and expert discovery can be completed by April 5, 2011, and that the deadline to make dispositive motions should be set at May 4, 2011.

**Defendants' Joint Status Report Submission**

I.   Document Requests

Defendants served their First Document Requests on Plaintiff on December 4, 2009. On January 8, 2010, Genworth and Ahluwalia served their responses and objections. Also on January 8, 2010, Genworth and Ahluwalia transmitted 1,219 pages of responsive documents, most of which consisted of Defendants'/Third Party Plaintiffs' human resources files and of Genworth's employee manuals and handbooks.

On January 13, 2010, Defendants sent a letter to counsel for Genworth and Ahluwalia requesting that Genworth and Ahluwalia correct the deficiencies, produce all responsive documents, and indicate as to which request the produced documents are responsive. On January 15, 2010, Defendants, after not having heard from Genworth or Ahluwalia, followed up their January 13, 2010 letter with a much more detailed deficiency letter.

Then, on January 27, 2010, Genworth and Ahluwalia produced an additional 308 pages of documents. On February 5, 2010, Defendants served on Plaintiff their Second Request for the Production of Documents ("Second Document Request"). On February 8, 2010, Defendants served on Plaintiff their Third Request for the Production of Documents ("Third Document Request"). On February 8, 2010, Genworth and Ahluwalia indicated that they intended to produce additional documents collected after a review of their electronically stored information.

On February 26, 2010, Defendants filed a Cross Motion to Compel Production of Documents, More Specific Answer to Interrogatories, and Depositions ("Cross Motion to Compel"). After the Cross Motion to Compel was filed, Genworth produced and additional 2,631 pages of documents. However, even this production failed to fully respond to Defendants requests and much of the production was significantly redacted without explanation and despite the fact that the parties had entered into a comprehensive

Confidentiality Agreement and Protective Order. Unless the parties can resolve these issue amicably, Defendants anticipate having to file a motion to compel additional production.

II.     Interrogatories

Defendants served on Genworth and Ahluwalia their First Set of Interrogatories on December 4, 2009. Genworth and Ahluwalia provided their responses to the First Interrogatories on January 8, 2010. Defendants/Third Party Plaintiffs, on January 15, 2010, sent a letter to Genworth's and Ahluwalia's counsel requesting that they correct the interrogatories' deficiencies. As previously stated, on February 26, 2010, Defendants filed a Cross Motion to Compel Production of Documents, More Specific Answer to Interrogatories, and Depositions ("Cross Motion to Compel"). Plaintiff has not yet provided more complete responses to Defendants' First Interrogatories. Unless the parties can resolve these issue amicably, Defendants anticipate having to file a motion to compel more complete responses.

III.    Depositions

On January 28, 2010, Defendant/Third Party Plaintiffs served on counsel for Genworth and Ahluwalia notices seeking deposition testimony from Alexander Overkamp on February 10, 2010, and from Todd D'Agostino on February 11, 2010. Both Mr. Overkamp and Mr. D'Agostino are employees of Genworth, and both are believed to have knowledge regarding Defendants'/Third Party Plaintiffs' defenses and counterclaims. However, even before serving these deposition notices, counsel for Defendants/Third Party Plaintiffs had attempted, on at least two occasions, to confer with counsel for Genworth and Ahluwalia in order to secure deposition dates for certain Genworth employees.

After receiving the subpoenas to depose Mr. Overkamp and Mr. D'Agostino, Genworth and Ahluwalia waited until February 8, 2010 to respond, and at that time informed Defendants that the deponents would not be produced on the requested date. After telephone conferences between counsel for Genworth and Ahluwalia and counsel for Defendants, it was agreed that Mr. Overkamp would be deposed on February 25, 2010. However, on February 18, 2010, Genworth and Ahluwalia informed Defendants that they would not be producing Mr. Overkamp, "[i]n view of TJT's failure to produce electronic documents and Genworth's pending motion to compel, we must reschedule Mr. Overkamp's deposition. . . . It seems pointless to schedule this deposition until discovery is further along."

On March 18, 2010, Defendants served on Plaintiff's counsel deposition notices for Gurinder Ahluwalia, Ronald Cordes, and Jeffrey Joseph, each of whom are employees of Plaintiff. Plaintiff unilaterally cancelled these deposition. On October 18, 2010, Defendants again served on Plaintiff's counsel a deposition notice for Alexander Overkamp. " Plaintiff unilaterally cancelled this deposition. On November 8, 2010, Defendants again served on Plaintiff's counsel deposition notices for Todd D'Agostino and Jeffrey Joseph. Plaintiff unilaterally cancelled these depositions.

IV.     Forensic Imaging of Defendants' Computer Devices

Guidance Software was hired by the parties to image the Defendants' computers so that Defendants' counsel could review that material and provide a supplemental document production.
Importantly, after a review of all computer devices, Guidance noted, in the second expert report it submitted to the parties ("Guidance's Second Report"), that it was unable to locate much of the

**SNR DENTON**

November 15, 2010
Page 4

information that the Plaintiff alleged was removed from Plaintiff by Defendants. Specifically, Guidance's Second Report provided that Genworth's ACT and TNET databases were nowhere to be found on any of Defendants' computer devices. Furthermore, Guidance's reports made no reference to finding Genworth Prospect lists, Genworth B1 models, or Genworth Model portfolio returns. Finally, while Guidance's Second Report indicates that it recovered Marketimer files from Defendants' computer devices, these files are Marketimer newsletters for which Defendants' pay a subscription fee in order to receive; the files were not Bob Brinker's or Genworth's Marketimer subscription lists.

After a number of motions by Defendants, Judge Smith ordered that the hard drive images be provided in their entirety to Plaintiffs' counsel for review. The hard drives were received on October 11, 2010, and Plaintiff is currently reviewing those drives. Defendants are currently working with Guidance to schedule a follow-up visit so that Guidance can perform additional work and analysis on Defendants' client management databases. This additional work is being performed despite the fact that Plaintiff argued to Judge Smith that no further computer forensic assistance would be necessary.

V.     Proposed Deadlines

Given the number of outstanding depositions that need to be taken, and considering that Defendants need Plaintiff to correct deficiencies' regarding Plaintiff's document production and responses to interrogatories, Defendants' believe that discovery, including expert discovery, can reasonably be completed by April 5, 2011

Defendants believe that they will be in a position to file any dispositive motions by May 4, 2010.

Respectfully submitted,

/s/
Brendan E. Zahner *(phv)*
SNR DENTON US LLP
1221 Avenue of the Americas
New York, NY 10020
Tele: (212) 768-6700
Fax: (212) 768-6800
brendan.zahner@snrdenton.com

John E. MacDonald (CT Fed. Bar No. 14853)
Stark & Stark PC
993 Lenox Drive, Bldg 2
Post Office Box 5315
Princeton, New Jersey 08543-5315
Tele:   (609) 895-7321
Fax:    (609) 895-7395
jmacdonald@stark-stark.com