UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GENWORTH FINANCIAL WEALTH
MANAGEMENT, INC.,

    - Plaintiff,

v.                    Civil Action No. 3:09-CV-1521(VLB)

TIMOTHY MCMULLAN, JAMES COOK,
TIMOTHY MCFADDEN, KAREN BAZON,
TAMARA RIVERA and TJT CAPITAL
GROUP, LLC,,

    - Defendants.
_____

TIMOTHY MCMULLAN, JAMES COOK,
TIMOTHY MCFADDEN, KAREN BAZON,
TAMARA RIVERA and TJT CAPITAL
GROUP, LLC,,

    - Third-Party Plaintiffs,

v.

GURINDER AHLUWALIA,

    - Third-Party Defendant.

## Ruling and Order

The plaintiff, Genworth Financial Wealth ("Genworth"), filed a motion for protective order on January 6, 2011. (Dkt. #145.) The defendants filed their motion to compel on January 14, 2011. (Dkt. #147.) The plaintiff then filed a motion for Leave to File Excess Pages For Reply on January 28, 2011. (Dkt. #149) This case is an action to enjoin five former Genworth

employees and TJT Capital Group, LLC from using Genworth's trade secrets and proprietary confidential information, including Genworth's client lists and client information. Pl.'s Mem. Of Law in Supp. of Pl.'s Mot. For Protective Order 2. The plaintiff here, Genworth, is also a defendant in a pending class action case, Goodman v. Genworth Fin. Wealth Mgmt., Inc., No. 2:09-cv-05603 (E.D.N.Y) (the "Class Action"). Id. The plaintiff claims that a protective order is necessary because the discovery sought by the defendants is irrelevant to the instant case and only relevant to the Class Action. The defendants disagree and seek an order compelling the plaintiff and third party defendant Ahlualia to produce a privilege log, non-redacted copies of documents already produced by plaintiff, and to produce certain documents in response to defendant's fourth request for production of document. Def.'s Mot. to Compel. 1-2. For the reasons stated below, Plaintiff's motion for a protective order (Dkt. #145) is **GRANTED**, the defendants' motion to compel (Dkt. #147) is **DENIED**, and plaintiff's motion for Leave to File Excess Pages For Reply, (Dkt. #149) is hereby **FOUND as MOOT**.

During discovery defendants have sought information that is not likely to lead to the discovery of relevant evidence, regarding any claim, defense or counterclaim in the instant action. Because the information sought is irrelevant to the instant action, and permitting discovery on these issues would unnecessarily increase

2

the costs of this litigation and unduly burden Genworth and potential third party witnesses, there is good cause for the entry of this ruling and order.

As mentioned above, the plaintiff in the instant case is a defendant in the Class Action, Goodman v. Genworth Fin. Wealth Mgmt., Inc., No. 2:09-cv-05603 (E.D.N.Y). This court has found that evidence exists that suggests that defendants in this case have provided Genworth's confidential and proprietary information to counsel for the plaintiffs in the Class Action for the purposes of advancing the claims against Genworth in that action. Mem. of Decision at 13-15 (Dkt. 101). The defendants also used the Class Action complaint and notice to market their firm in competition with Genworth. Genworth reports that discovery is currently stayed in the Class Action, pending a decision on a motion to dismiss that Genworth has filed in that action.

It is hereby ordered that Genworth is not required to produce evidence in response to the following document requests submitted by defendants:

> 63. Copies of documents containing or referring to the "proprietary models" identified on Paragraph 14 of the Complaint.
>
> 73. Copies of all documents in which Genworth discloses to its clients that it is receiving and/or using investment management services from Brinker.
>
> 117. All Genworth Private Client Group model portfolio returns from July 2004 through June 2009.
>
> 118. All investment management executive committee notes

3

and minutes (whether formal or informal), as well as documents identifying meeting attendees, for any such meetings held during the time period from July 2004 through June 2009.

119. All communications, specifically including but not limited to emails but specifically excluding customer account statements, between Timothy McMullan and Robert Brown that were sent or received between January 1, 2005 and December 31, 2006, and that addressed, concerned, or were in any way related to:

   (a) The Legg Mason Value Trust;

   (b) The relationship (contractual or otherwise) between TJT Capital and Brinker; and/or

   (c) The relationship (contractual or otherwise) between Genworth and Brinker.

120. All communications, specifically including but not limited to emails, between Timothy McMullan and Timothy Knepp that were sent or received in December 2008 and that addressed, concerned, or were in any way related to the Genworth Private Client Group model portfolios.

121. All written descriptions of investment portfolios offered by Genworth's Private Client Group to Genworth's clients during the time period from January 1, 2007 through the present.

In addition, Defendants may not propound, and neither Genworth nor any third party shall be required to respond to, any discovery request, including document requests, interrogatories, deposition questions or any other form of discovery, to the extent the discovery seeks information regarding Genworth's model portfolios, or Genworth's client portfolios, including but not limited to the investment decisions, composition, marketing and performance of such portfolios, and internal and client communications concerning

these subjects.

The inadvertent, or unintentional, or any prior production of evidence in response to any of the above enumerated document requests, or to any request or question falling into one or more of the above enumerated categories, shall not be deemed a waiver in whole or in part of Genworth's or any third party's right not to produce such evidence.  Any error in producing such evidence shall be corrected within a reasonable time after the producing party becomes aware of the error.

The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by the order of this Court. This Order shall survive termination of this action.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. 636 (b) (1) (A); Fed. R. Civ. P. 6 (a), (e) and 72 (a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  <u>See</u> 28 U.S.C. § 636 (b) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**
**Dated at Hartford, Connecticut this 11th day of February, 2011.**

                                              <u>/s/ Thomas P. Smith</u>
                                              **Thomas P. Smith**
                                              **United States Magistrate Judge**