# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. <br><br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN and TJT CAPITAL GROUP, LLC, <br><br> Third Party Plaintiffs, <br><br> vs. <br><br> GURINDER AHLUWALIA, <br><br> Third Party Defendants. | Civil Action No. 3:09-CV-01521-VLB <br><br> **DEFENDANTS'/THIRD PARTY PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL CERTAIN DOCUMENTS MARKED CONFIDENTIAL – ATTORNEY EYES ONLY** <br><br> **EMERGENCY RELIEF REQUESTED** <br><br><br><br> MARCH 7, 2011 |

Defendants seek leave of the Court pursuant to Federal Rule of Civil Procedure 26(c) and Connecticut Local Rule 5(e), to file under seal Exhibit 1 to Defendants' and Third Party Plaintiff's Opposition to Plaintiff's Motion to Compel Production of Documents and Cross Motion to Compel Depositions previously filed with the Court on Friday, March 4, 2011 (Docket Entry No. 152). Exhibit 1 consists of 23 pages of documents produced by Plaintiff Genworth Financial

1

Wealth Management, Inc. ("Plaintiff" or "Genworth") that are presently subject to a Protective Order dated December 22, 2009 and entered on April 12, 2010 (Docket Entry No. 88) (the "Protective Order") and were mistakenly filed without a Motion to Seal.  These documents contain the designation "Confidential – Attorneys Eyes Only" and, although the parties dispute whether this restrictive legend and the redaction of most of the substantive details are proper, until that dispute is resolved, they are properly filed under seal.  For this reason, Defendants seek an expedited determination of the Motion to Seal pursuant to Local Rule 7(a)(3) and, if granted, Exhibit 1 should be removed from the public docket.

## FACTS AND ARGUMENT

1.     The purpose of the Protective Order is to protect the parties' interests in the exchange of sensitive client information.  The Protective Order specified the designations that the parties could place on documents.  Under the definition of "Confidential – Attorneys' Eyes Only", the individual defendants are not permitted to review any documents designated as such, and if submitted to the court, the submitting party was required to file a motion to seal.

2.     Defendants filed an Opposition to Plaintiffs' Motion to Compel on March 4, and inadvertently included as Exhibit 1, 23 pages designated by Plaintiff as "Confidential – Attorney Eyes Only".  Defendants seek to correct its filing dated March 4, 2011, by removing Exhibit 1 from the public docket and placing the documents identified as Exhibit 1, under seal.

3.     Counsel for the parties had previously initiated negotiations for the removal of the designation from a broader range of documents.   Of concern in

2

these negotiations were the parties' ability to prepare for depositions and testify fully without complete access to these documents. The negotiations ceased upon Plaintiff's filing of a Motion to Compel and Defendants' Opposition.

4. The documents in question were redacted by Plaintiffs prior to production. The propriety of those redactions, together with the designation of "Attorney's Eyes Only" were the subject of the parties' cross-motions. Although the Plaintiff had previously agreed to remove that designation from some documents, the specific documents in Exhibit 1 to be placed under seal were <u>not</u> specified in Plaintiffs' counsel correspondence with Defendants' counsel discussing the redesignation of a large group previously produced documents from "Confidential – Attorneys Eyes Only" to "Confidential". The purpose of attaching Exhibit 1 was to provied the Court with an example of the documents marked "Confidential – Attorneys Eyes Only", so the Court would be in the best position to consider the parties' Motion and Opposition.

5. Defendants seek expedited treatment of this Motion by the Court in accordance with Local Rule 7(a)3.

6. Federal Rule of Civil Procedures 26(c) provides for broad discretion for a trial court to permit sealing of court documents. Fed.R.Civ.Proc. 26(c). In particular, when the request for sealing documents concerns discovery documents pursuant to an already issued Protective Order, a showing of good cause to seal the documents is sufficient to justify protection under Rule 26(c). Further, Defendants will comply with the requirements of Local Rule 5(e) in effecting the ECF filing in accordance with the proposed Order attached hereto.

3

**CONCLUSION**

**Defendants respectfully request that the Court grant this Motion to Seal the documents identified as Exhibit 1 to Defendants' Opposition on an expedited basis, and remove Exhibit 1 from the public docket.  If the Court grants this Motion, the Defendants will submit to the Clerk in a Sealing envelope unredacted copies of any documents ordered sealed, pursuant to Local Rule 5(e)4(c).**

**Respectfully submitted,**

**      /s/ John E. MacDonald**
**John E. MacDonald (phv14853)**
**Stark & Stark, PC**
**993 Lenox Drive, Bldg 2**
**Post Office Box 5315**
**Princeton, New Jersey 08543-5315**
**Tele:  (609) 895-7286**
**Fax:   (609) 895-7395**
**jmacdonald@stark-stark.com**
**Counsel for Defendants**

        **Paul A. Lieberman (phv04079)**
        **Stark & Stark, PC**
        **993 Lenox Drive, Bldg 2**
        **Post Office Box 5315**
        **Princeton, New Jersey 08543-5315**
        **Tele: (609) 895-7277**
        **Fax: (609) 895-7395**
        **plieberman@stark-stark.com**
        **Counsel for Defendants**

## CERTIFICATION

I hereby certify that on March 7, 2011, a copy of the forgoing Defendants' Motion for Leave to File Under Seal Certain Documents Marked Confidential – Attorney Eyes Only was filed electronically and served by overnight mail. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by overnight mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I further certify that on March 7, 2011, actual notice of this Defendants' Motion for Leave to File Under Seal Certain Documents Marked Confidential – Attorney Eyes Only has been served on Plaintiff, Genworth Financial Wealth Management, Inc. by overnight mail, in accordance with Local Rule 7(e).

By: /s/ John E. MacDonald
John E. MacDonald

**Dated: March 7, 2011**

C:\DOCUME~1\mfagelso\LOCALS~1\Temp\MetaSave\TJT - Motion to Seal.DOC

2094561v1