UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.<br><br>     Plaintiff,<br>vs.<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC<br><br>     Defendants.<br>_____<br><br>TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC<br><br>Third-Party Plaintiffs,<br>vs.<br><br>GURINDER AHLUWALIA<br><br>Third-Party Defendant. | Civil Action No. 3:09-CV-01521-PCD<br><br><br><br><br>DEFENDANTS' MOTION REQUESTING A RULE 16 CONFERENCE<br><br><br><br><br><br><br><br>April 15, 2011 |

  Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC and Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC (collectively "Defendants" or "TJT Capital"), hereby move this Court for an Order Scheduling a Rule 16 Conference.

-2-

This is an action brought by Genworth Financial Wealth Management, Inc. ("Genworth" or Plaintiff") against three of its former employee account representatives, two of their secretaries/administrative assistants and their new SEC registered investment advisor firm, TJT Capital Group, LLC ("TJT" or "Defendants"). The claims are premised upon allegations that the Defendants, *inter alia*, utilized confidential client information to solicit clients, whom they previously serviced at Genworth (and their previous employers), to become clients of TJT.  Plaintiff claims, *inter alia*, violations of the Connecticut Uniform Trade Secrets Act (Conn. Gen. Stat. §§ 35-350, *et seq.*), the Connecticut Unfair Trade Practices Act (Conn. Gen. Stat. §§ 42-160, *et seq.*) and breach of contract and seeks, *inter alia*, lost profit damages of $8-12 million.  Defendants maintain that, as employees-at-will who did not have employment contracts with Genworth of any kind containing either non-solicitation provisions, non-competition provisions, or confidentiality requirements, they were free, following the termination of their employment with Genworth, to compete and utilize client information that was not maintained by Genworth in a manner consistent with a designation of "trade secrets".  Defendants have asserted various counterclaims against Plaintiff.

1. A Scheduling Order was issued in this matter by Judge Bryant on November 17, 2010 (#139).  Under that Order, discovery, including expert discovery, was to be completed by April 5, 2011, and dispositive motions were to be filed by May 4, 2011.

2. As the Court is aware, on or about February 25, 2011, Judge Bryant indicated her intent to recuse herself from this litigation. Commencing on that date, the court file was administratively closed and the parties did not have the ability to seek a modification of the scheduling order until Judge Bryant's recusal became official on April 11, 2011.

3. On March 3, 2011, Judge Smith entered an Order scheduling certain depositions (#162). Although most of the depositions contemplated under that Order were taken, several remain outstanding, including depositions of plaintiff's damages expert (whose report was not distributed to counsel until April 5, 2011), plaintiff's compliance officer Philip McKinley (whose deposition could not be taken due to his illness) and other significant non party witnesses.

4. Without all depositions having been concluded, the parties cannot file dispositive motions, and it seems unlikely that, given the limited amount of time between now and the May 4, 2011 dispositive motion deadline, the parties will have completed all necessary depositions in time to prepare and file dispositive motions. The parties discussed a reasonable extension of the discovery deadline to complete depositions and the deadline for the filing of dispositive motions, and have agreed that extensions of approximately one-month each, to and including May 6, 2011 and June 10, 2011, respectively, would be appropriate.

5. At this juncture, Defendants intend to file summary judgment motions falling into two categories: (1) motions for summary judgment by defendants Karen Bazon and Tamara Rivera – two secretaries/administrative assistants who left their employment with plaintiff and joined defendant firm after its formation, and had no

-3-

involvement in the creation of TJT or the alleged improper activities; and (2) motions by all defendants premised on the facts that all of the individual defendants were employees-at-will, did not have non-competition agreements, or non-solicitation agreements, had no confidentiality agreements, and that the client information allegedly utilized by Defendants did not constitute trade secrets or otherwise protected confidential information

      6.    Therefore, Defendants request that the Court enter an Order scheduling a Rule 16 Conference for the purposes of considering the following matters in accordance with Rule 16(c)(2): (1) the discovery schedule, including an extension of the discovery deadline to May 4, 2011; (2) outstanding discovery issues; (3) the schedule for the filing and briefing of dispositive motions; (4) the trial schedule; and (5) the scheduling of settlement discussions.

> Respectfully submitted,
>
> The Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC
>
> The Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC
>
> By    /s/ *John E. MacDonald*
>       John E. MacDonald (ct14853)
>       Paul A. Lieberman (pro hac vice)
>       Stark & Stark, PC
>       993 Lenox Drive, Bldg 2
>       Princeton, New Jersey 08543-5315
>       Tele: (609) 895-7321
>       Fax: (609) 895-7395
>       jmacdonald@stark-stark.com

-5-

## CERTIFICATION

I hereby certify that on April 15, 2011, a copy of the foregoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

By ____/s/ *John E. MacDonald*
      John E. MacDonald (ct14853)