UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC | ) ) ) ) ) ) | Civil Action No. 3:09-CV-01521-PCD |
| Defendants. _____ | ) ) ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | ) ) ) ) | |
| Third-Party Plaintiffs, vs. | ) ) ) | MAY 12, 2011 |
| GURINDER AHLUWALIA | ) ) ) | |
| Third-Party Defendant. | ) | |

## DEFENDANTS' MOTION TO CLARIFY AND/OR MODIFY PRELIMINARY INJUNCTION

Defendants hereby move this Court to clarify and/or modify the preliminary injunction order issued in this case by Judge Vanessa Bryant on June 10, 2010 to enable defendants, who have been subpoenaed to give deposition testimony and produce documents in a class action lawsuit currently pending in the Eastern District of New York, to answer questions and produce documents at the depositions without

facing claims that such testimony or document production, pursuant to the subpoenas, constitutes a violation of Judge Bryant's preliminary injunction order.  As the result of a denial of a motion to dismiss the Federal Court claims in the class action lawsuit, the parties to that lawsuit are poised to proceed with discovery.  To that end, the depositions of Timothy McMullan, James Cook and Timothy McFadden have been noticed for June 6-8, 2011.  Copies of the subpoenas commanding the deponents' attendance at the depositions and production of documents at the depositions are attached as Exhibit 1.

Factual Background

This case is an action to, *inter alia*, enjoin former employees of plaintiff Genworth Financial Wealth Management ("Genworth") from using Genworth's alleged trade secrets and alleged proprietary confidential information, including Genworth's client lists and client information in connection with their post-Genworth business activities.

On December 22, 2009, a class action lawsuit, <u>Goodman v. Genworth Financial Wealth Management, Inc.</u>, 2:09-cv-05603 (E.D.N.Y.), was initiated against Genworth by client investors of Genworth who alleged that Genworth had failed to manage their portfolios in accordance with the recommendations of Robert Brinker, a respected and knowledgeable analyst of mutual funds.  According to the class action plaintiffs, Genworth had promised to invest the class members' money in accordance with the recommendations of Mr. Brinker.

On February 25, 2010, Genworth filed a motion for temporary injunction (Dkt. #43), claiming that defendants had used confidential client data to solicit Genworth clients and that defendants had allegedly provided the lawyers for the plaintiffs in the class action lawsuit with allegedly confidential information concerning Genworth's failure to comply with Mr. Brinker's recommendations.  Judge Bryant, converted the motion into a motion for a preliminary injunction, granted the motion and following an evidentiary hearing on April 8 and 12, 2011, ordered preliminary injunctive relief directing defendants to (1) refrain from communicating with current clients or known client prospects of Genworth with certain specified exceptions, (2) refrain from utilizing any of Genworth's client information, lists or data for any purpose, other than as authorized by the Federal Rules of Civil Procedure for this pending litigation, (3) retrieve certain client information previously provided to a certain third party custodian of client funds, (4) refrain from further disclosing any Genworth clients or information regarding Genworth's operations "where such information is a protected trade secret, or consists of confidential information that the Defendants learned during the course of their employment with Genworth", (5) refrain from disclosing the nature of Genworth's relationship with Robert Brinker, and the contents of the class action complaint, to the extent that such confidential information reflects trade secrets, or other confidential information that the defendants learned during the course of their employment with Genworth, and (6) refrain from using "any of Genworth's proprietary information for their own advantage or on the behalf of, or for the benefit of, a third party, including without limitation to providing context for the pending class action proceeding." (Dkt. #101).  Judge Bryant further indicated that

defendants' failure to comply with the order would result in the imposition of sanctions absent further order from the Court. (Dkt. #101).

In her ruling on the motion for temporary injunctive relief, Judge Bryant noted that "counsel for the plaintiffs in the class action will likely be entitled to and, will likely receive information regarding Genworth's compliance with Brinker's recommendations through the process of discovery," and thus concluded that her order restricting further disclosure or discussion of the alleged proprietary information used in the class action complaint would be sufficiently narrowly tailored so as to avoid unwarranted interference with commercial operations. (Dkt. #101). Thus, although Judge Bryant's order clearly contemplated that Genworth's compliance or lack of compliance with Mr. Brinker's recommendations would be the subject of discovery in the class action lawsuit, Judge Bryant did not expressly address the extent to which defendants would be precluded from responding to questions and producing documents in their possession, if and when they were subpoenaed in the class action by either side to testify at deposition or at trial, pertaining to this subject matter.

At the time of the injunction hearing, Plaintiffs' counsel took the position that, even if the injunction were granted, defendants should be permitted to testify in response to subpoenas. He represented to Judge Bryant that the only modification to the injunctive relief plaintiffs had requested was that "they [defendants] can respond to a legitimately served subpoena as long as they give Genworth notice -- prompt notice of the subpoena." (Tr. 4/12/10 at 40-41) See also Id. at 34 (attached as Exhibit 2). But, in response to the service of the class action deposition subpoenas served on defendants, Plaintiffs' counsel has now asserted that testimony by defendants on the

subject of Genworth's alleged failure to follow Robert Brinker's recommendations, among other subjects, would constitute, in his view, a violation of Judge Bryant's order, even if the testimony was compelled by subpoena.

So as to prevent any inadvertent violation of Judge Bryant's preliminary injunction order and to prevent the possibility that, absent a clarification of the order, defendants will be subjected to sanctions motions by Plaintiffs' counsel and/or class action counsel, regardless of what they do or do not do in response to the subpoenas, defendants request that the Court clarify and or modify the June 10, 2010 order to specify that defendants' responses to questions, pursuant to subpoena, at depositions or at trial in the class action lawsuit will not constitute a violation of the Court's June 10, 2010 temporary injunction order. To the extent that there are confidentiality concerns with respect to the substance of the anticipated testimony, they can be addressed in the class action lawsuit and would not seem to provide a sufficient basis for suppressing the testimony itself.

> Respectfully submitted,
>
> The Defendants Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera and TJT Capital Group, LLC
>
> The Third Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden and TJT Capital Group, LLC
>
> By    /s/ *David P. Friedman*
> David P. Friedman (ct03558)
> Murtha Cullina LLP
> 177 Broad Street
> Stamford, CT 06901
> Tel: (203) 653-5400
> Fax: (203) 653-5444
> Email: dfriedman@murthalaw.com

and

Paul A. Lieberman (pro hac vice)
Stark & Stark, PC
993 Lenox Drive, Bldg 2
Princeton, New Jersey 08543-5315
Tel: (609) 895-7321
Fax: (609) 895-7395
Email: plieberman@stark-stark.com

*Attorneys for Defendants and Third Party Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC | ) ) ) ) ) ) | Civil Action No. 3:09-CV-01521-PCD |
| Defendants. _____ | ) ) ) ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | ) ) ) ) | |
| Third-Party Plaintiffs, vs. | ) ) ) | |
| GURINDER AHLUWALIA | ) ) | |
| Third-Party Defendant. | ) | |

## PROPOSED ORDER

The Defendants' Motion to Clarify and/or Modify Preliminary Injunction is hereby granted. The Court's order dated June 10, 2010 does not preclude defendants from testifying at deposition or at trial and producing documents in response to duly issued subpoenas in <u>Goodman v. Genworth Financial Wealth Management, Inc.</u>, 2:09-cv-05603 (E.D.N.Y.).

Date: _____    _____
                                United States District Judge

## CERTIFICATION

I hereby certify that on May 12, 2011, a copy of the foregoing Motion was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

By     /s/ *David P. Friedman*
           David P. Friedman (ct03558)