UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br>      Plaintiff <br>   v. <br><br>TIMOTHY MCMULLAN, ET AL., <br><br>      Defendants | Civil Action No. 3:09-CV-1521 (PCD) |
| TIMOTHY MCMULLAN, ET AL., <br><br>      Third-Party Plaintiffs <br>   v. <br><br>GURINDER AHLUWALIA, <br><br>      Third-Party Defendant. | May 17, 2011 |

**REQUEST BY PLAINTIFF GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. AND THIRD-PARTY DEFENDANT GURINDER AHLUWALIA FOR DETERMINATION OF AMOUNT OF ATTORNEYS' FEES TO BE AWARDED PURSUANT TO THE COURT'S JUNE 1, 2010 ORDER**

Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia (together, "Genworth") respectfully request that this Court adjudicate the amount of attorneys' fees and costs to be awarded to Genworth as a sanction against Defendants pursuant to the June 1, 2010 Order of The Honorable Vanessa L. Bryant (the "Order" (Doc. No. 100)), or in the alternative, refer the issue to The Honorable Thomas P. Smith, U.S.M.J., for adjudication.

The attorneys' fees in question were awarded to Genworth following full briefing and a two-day evidentiary hearing in April 2010. Judge Bryant awarded the attorneys'

fees to Genworth as a sanction against the Defendants for their spoliation of evidence and their unjustified refusal to preserve and produce evidence in this case. (See Order.) In the Order, Judge Bryant held:

> Plaintiff's motion for sanctions is warranted by the fact that it had to seek Court orders to obtain that to which it has been entitled but which the Defendants unreasonably and dubiously refused and possibly intentionally made unavailable. The Defendants were wholly unjustified in their position as they tacitly admitted by finally hiring a computer imaging expert. The Defendants have wasted the Plaintiff and the Court's resources in necessitating the judicial resolution of this discovery dispute. . . . As the Court is awarding reasonable attorney's fees and costs, the Plaintiff shall provide a detailed accounting of hours and costs associated with seeking this motion by June 15, 2010.

Order at 11, 13 (Doc. No. 100).

As directed by the Court, Genworth submitted a detailed accounting and Affidavits of Attorneys' Fees and Costs (Doc. No. 105) on June 15, 2010. The parties fully briefed Genworth's entitlement to the requested fees at that time, and the matter has been awaiting final adjudication for approximately 11 months. (See Doc. Nos. 106, 117, and 118.)

In light of the recent transfer of this case, Genworth is alerting this Court to the existence of this outstanding issue, and respectfully requests that the Court review the parties' submission and determine the appropriate amount of the sanction against the Defendants. Alternatively, given Magistrate Judge Smith's handling of prior discovery disputes and familiarity with the facts of this case and the ruling in question, Genworth respectfully requests that the pending application be referred to Magistrate Smith for resolution.

May 17, 2011                                    Respectfully Submitted,

                                              PLAINTIFF GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. AND THIRD PARTY DEFENDANT GURINDER AHLUWALIA

BY:   */s/ Elizabeth M. Smith*
      Eric W. Wiechmann (CT04331)
      ewiechmann@mccarter.com
      Elizabeth M. Smith (CT19808)
      esmith@mccarter.com
      MCCARTER & ENGLISH LLP
      CityPlace I - 36th Floor
      185 Asylum Street
      Hartford, CT 06103
      Tele:  860-275-6763
      Fax:  860-560-5970

      SNR DENTON US LLP
      Reid L. Ashinoff *(admitted PHV)*
      Sandra D. Hauser *(admitted PHV)*
      David R. Baum (*admitted PHV*)
      Brendan E. Zahner *(admitted PHV)*
      SNR DENTON US LLP
      1221 Avenue of the Americas
      New York, NY 10020
      reid.ashinoff@snrdenton.com
      sandra.hauser@snrdenton.com
      david.baum@snrdenton.com
      brendan.zahner@snrdenton.com
      Tele: (212) 768-6700
      Fax: (212) 768-6800

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on May 17, 2011, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                    */s/ Elizabeth M. Smith*