UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC, <br><br> Defendants. <br><br>――――――――――――――――― <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | Civil Action No. 3:09-CV-01521-PCD <br><br> PLAINTIFF'S SURREPLY IN OPPOSITION TO MOTION TO CLARIFY, AND IN OPPOSITION TO MOTION TO MODIFY, PRELIMINARY INJUNCTION <br><br><br><br> June 13, 2011 |

In their Reply Memorandum, Defendants make essentially one point, that Genworth's counsel induced Judge Bryant to enter a preliminary injunction by allegedly proposing an oral modification that would permit any testimony by Defendants in response to a subpoena. But no such limitation is reflected in the Court's order of June 11, 2010. (Reply p. 2,3.) Instead, Judge Bryant, while clearly recognizing the existence of the class action case and in fact expressly contemplating that Defendants would be called upon to testify (and predicting their eagerness to do so), issued a very broad injunction with no general exception for subpoenas. The Court chose

instead to protect Genworth. Defendants make no attempt to explain why, after the entry of the June 2010 order, they did not challenge that order because the supposed concession was not codified in the order. Rule 60 provides a vehicle for correcting an order for mistake, inadvertence, surprise or excusable neglect. Certainly the order itself was not a "surprise" and there is no "excusable neglect" justification given for Defendants' conduct.

Actually, Defendants are simply rearguing a legal position they lost, which is not grounds for a Rule 60 order. Specifically, they argue that there is no trade secret protection because -- they claim wrongly -- there were no formal employment contracts with Genworth (Reply at 7). This argument was explicitly made with the Court at the hearing on the injunction motion and rejected. (Tr. pp. 59-64).

Defendants also claim that Genworth's counsel conceded that if a subpoena issued, the injunction did not apply. The transcript does not support that assertion. Genworth's counsel's statements mean that if or when a subpoena issued, the rules applying to such a subpoena would come into play. Counsel for Genworth actually asked for notice of such a subpoena in order to protect Genworth's rights. Defendants ignore that a Rule 45 subpoena is supposed "to protect a person subject to or affected by a subpoena" and that the "issuing court may, on motion, revise or modify the subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information." A party issuing a subpoena "must take reasonable steps to avoid imposing an undue burden." Instead the issuing party, the class counsel in the EDNY class action, showed no interest in respecting this Court's injunction at all, let alone protecting Genworth's confidential information.

These Defendants also have shown no interest in abiding by the injunction -- and in fact continue to exhibit only their zeal to escape it. Instead of acknowledging the restraints and simply asking for guidance on how to adhere to it, their conduct underscores their animus toward

Genworth, since any neutral, unbiased but enjoined witness in Defendants' shoes ordinarily would want to try either to limit the areas of their testimony or avoid testifying completely. On top of all other grounds, their improper motives emphasize the need for Judge Bryant's injunction to be enforced as written.

Defendants also fail to acknowledge that the Eastern District of New York has recognized Genworth's interest in protecting its confidential information by adopting the procedure Genworth suggested pursuant to Rule 30, instructing the witness not to reveal such information. Magistrate Judge Lindsay issued an Order stating that "the non-parties [Defendants] may be instructed not to answer questions that would violate the injunction issued by the Connecticut court," stating that judicial intervention may be sought only on completion of the depositions. (Order of Magistrate Lindsay dated June 6, 2011, attached hereto as Ex. 1). Since Genworth's recommended procedure now has been endorsed in the Eastern District, Defendants' argument that "plaintiff's plan is unworkable and oppressive" (Reply p. 7) should be rejected. If Defendants follow the instructions, Defendant witnesses are not in danger of any kind of sanctions from either Court.

This supposed conflict between Districts could have been avoided if class counsel had done the proper thing and issued the subpoenas from the District of Connecticut, where the Defendants all reside and where the injunction was issued. Class counsel instead chose to create this multiple district problem by issuing the subpoena from the Eastern District. The Manual for Complex Litigation (4th Edition) specifically contemplates multidistrict problems and encourages coordination. Section 2014 B-"Coordination between Courts" provides that, where cases pending in different districts cannot be transferred, "judges can coordinate proceedings in their respective courts to order, avoid or minimize duplicate effectivity and conflicts." (Manual at 227.)

Defendants and class counsel are not seeking coordination between the Courts. They wrongly argue that a subpoena from the Eastern District nullifies this court's injunction. They cite no authority for this belief. *Baker v. GMC*, 522 U.S. 222 (1998), the only case Defendants cite, involved two separate <u>state</u> court proceedings, and is a case about the Full Faith and Credit clause of the U.S. Constitution, which has no bearing on how two <u>federal</u> courts coordinate with each other. It certainly does not hold that one federal court is entitled to ignore an injunction issued by another federal court -- nor did Magistrate Judge Lindsay ignore the Connecticut injunction in her June 6 Order.

Genworth knows of no case which would permit one federal court to ignore another federal court's injunction. Rather, the appropriate procedure to address this issue is expressed in *Harper v. Trans Union*, 2005 WL697490 (March 24, 2005), where the district judge presiding over class action litigation refused to order discovery in violation of a sister district court's order precluding such discovery, and instead urged the party seeking discovery to intervene in the action in the sister district that issued the order limiting discovery:

> Were I to grant plaintiff's motion to compel, I would necessarily interfere with the decision of a court of coordinate standing. Considerations of comity and orderly administration of justice require that I defer to the judgment of the District of South Carolina on this matter. *See Exxon Corp. v. United States Dep't. of Energy*, 594 F. Supp. 84, 89-91 (D. Del. 1984) (holding that the Court should not exercise its jurisdiction over the action because in order to do so it would have to interfere with the jurisdiction and outstanding injunction of a court of coordinate standing).

*Id.*

Defendants misunderstand the plan proposed by Genworth. They say that "this plan would force Defendants to file a motion in this court every time Genworth's counsel perceive that a question posed in depositions noticed in the class action call for a response that would include confidential information." (Reply p. 7-8.) This isn't the procedure contemplated by

Genworth (or Magistrate Judge Lindsay.) Genworth's procedure is much more straightforward. Genworth will issue its instructions and Defendants simply will not respond to these questions. After the deposition is completed by all parties, a single motion can be made to this Court if either Defendants or the EDNY plaintiffs <u>wish</u> to challenge those instructions as going beyond the injunction. There is no problem with counsel for the EDNY plaintiffs appearing in this Court to contest such an instruction if they choose. As Judge O'Neill explained:

> Federal Rule of Civil Procedure 24(b) provides that "upon timely intervention anyone may be permitted to intervene in an action…when an applicant's claim or defense and the main action have a question of law or fact in common." In a case such as this, where plaintiff seeks to discover information that is subject to a protective order issued by another Court in a different action, the proper procedure for her to follow is to seek permissive intervention in the Clark litigation pursuant to Federal Rule of Civil Procedure 24 in order to petition the District of South Carolina for a modification of its Order of January 28, 2004. In any event, what happens after the depositions is speculative, and federal courts are rightly loathe to issue advisory opinions.

*Harper, supra; see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (appropriate forum for challenge is the court issuing the injunction; a party cannot collaterally attack a federal court's injunction in a different federal court); *Green v. Citigroup, Inc.*, 68 Fed. Appx. 934, 936 (10th Cir. 2003) ("It is axiomatic that one district court has no jurisdiction to review the decision of another district court.")

Genworth believes that given this Court's injunction, this Court must make the determination whether or not certain questions by the class action plaintiffs can be answered, or whether these Defendants' answers to those questions would be barred under this Court's injunction.

## CONCLUSION

Genworth respectfully submits that Defendants have failed to carry their burden under Rule 60, and their Motion to Clarify and/or Modify Preliminary Injunction [Doc. 177] should be denied. Pursuant to settled federal case law, this is the only Court which may construe and apply its own injunction. Defendants and class counsel should not be permitted to use the discovery process to circumvent this Court's authority and undermine the force of the injunction that this Court deemed necessary based upon its considered determination of the facts and the credibility of the witnesses. Accordingly, Genworth respectfully requests that this Court implement the procedures requested in Genworth's Opposition to Defendants' Motion for Clarification [Doc. 183].

Dated: Hartford, Connecticut
June 13, 2011

Respectfully Submitted,
/s/Eric Wiechmann
Eric Watt Wiechmann (CT 04331)
Elizabeth M. Smith (CT 19808)
ewiechmann@mccarter.com
esmith@mccarter.com
McCARTER & ENGLISH, LLP
City Place I, 185 Asylum Street
Hartford, Connecticut 06103-3495
Tele: 860-275-6763
Fax: 860-560-5970

SNR DENTON US LLP
Reid L. Ashinoff *(admitted phv)*
Sandra D. Hauser *(admitted phv)*
Brendan E. Zahner *(admitted phv)*
1221 Avenue of the Americas
New York, NY 10020
reid.ashinoff@snrdenton.com
sandra.hauser@snrdenton.com
brendan.zahner@snrdenton.com
Tele: (212) 768-6700
Fax: (212) 768-6800
*Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 13th day of June 2011 via electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                /s/ Elizabeth Smith

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL J. GOODMAN and LINDA BROWN,
individually and on behalf of all others similarly
situated,

                Plaintiffs,

    -against-

GENWORTH FINANCIAL WEALTH
MANAGEMENT, INC., et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER**
CV 09-5603 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

    Before the court is the plaintiffs' request for an order compelling non-party witnesses Timothy McMullan, James Cook and Timothy McFadden to appear for depositions and the defendants' opposition to that motion. Upon review of the papers, the court grants the plaintiffs' application. The non-parties are directed to appear at a mutually convenient time. At the depositions, the non-parties may be instructed not to answer questions that would violate that injunction issued by the Connecticut court. The parties may seek further judicial intervention only upon completion of the depositions.

Dated: Central Islip, New York
         June 6, 2011

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge