UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 3:09-CV-1521-(PCD) |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | **CONSENTED-TO MOTION FOR IN CAMERA REVIEW AND TO SEAL PLAINTIFF'S MEMORANDUM OF LAW AND EXHIBIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** <br><br> JUNE 23, 2011 |

Pursuant to Local Rule 5(e), Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth"), hereby moves for permission to file the documents listed below under seal and to file redacted versions of these documents on the Court's ECF system with Genworth's confidential client information redacted from them. Genworth's counsel has consulted with counsel for the Defendants, and Defendants have no objection to this Motion.

The documents that are the subject of this Motion are:

- An exhibit to the Declaration of Brendan Zahner in Support of Plaintiff's Motion for Summary Judgment (which will contain a spreadsheet of Genworth's confidential client data compared to client data Defendants misappropriated and sent to Charles Schwab); and

- Those portions of Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment that contain information from the above-referenced exhibit.

Should the Court wish to review the referenced exhibit prior to ruling on Genworth's Motion to Seal, Genworth respectfully requests leave to submit the exhibit for *in camera* review pursuant to Local Rule 5(e)4(d).

Genworth submits that good cause exists to seal the exhibit and to seal any information from it contained in the Memorandum of Law for the following reasons:

1. This is an action that involves the misappropriation of Genworth's highly confidential and proprietary information, including information regarding its clients.

2. In order to protect the proprietary and confidential interests of the parties, this Court entered a Protective Order (Doc. No. 88) allowing either party to designate information or material produced, formally or informally, in response to a discovery request or otherwise, "Confidential" or "Confidential Attorneys' Eyes Only." Under this Order, "If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving before the Court to file such Designated Material under seal." (Id.)

3. Here it is necessary for Genworth to file the above-referenced materials with the Court in order to illustrate Defendants' misappropriation of the information contained therein, which is central to Plaintiff's claims in this case.

4. There is good cause and a clear and compelling reason to seal the documents. The parties are involved in providing competing investment services, and the public disclosure of Genworth's confidential or proprietary client information could be highly damaging to it. Further, the information sought to be sealed includes personal information regarding Genworth clients who are not parties to this proceeding, such as their names, addresses and account information. Genworth's clients provided this information to Genworth under an expectation that Genworth would maintain their privacy.[1]

5. As previously determined by this Court, "Genworth took steps to maintain the confidentiality of the client information in question. . . . [T]he identity of, and detailed data about, Genworth's clients is not known and cannot be known outside of Genworth's business." (Doc. No. 101 at 9) (internal quotation mark omitted) This Court also found "evidence that access to [Genworth's] client databases, including the ACT database, featured restricted access and password protection, and that the Defendants signed a Code of Ethics acknowledging their duty to maintain the confidentiality of the client data." (Id. at 10)

6. Genworth's Motion is narrowly tailored to the interests of protecting the parties' confidential and proprietary information and the personal information of non-parties. Related documents not containing the protected information, including several declarations, Plaintiff's Local Rule 56(a)(1) Statement and all other exhibits will be electronically filed, unsealed, on the Court's docket.

---

[1] See, e.g., Genworth's customer privacy policy at http://www.yourpcg.com/privacy.html.

**WHEREFORE,** Genworth respectfully requests that its Consented-To Motion to Seal the referenced exhibit and portions of its Memorandum of Law in Support of Motion for Summary Judgment be granted.

Dated: Hartford, Connecticut
       June 23, 2011

Respectfully Submitted,

/s/ Elizabeth M. Smith
Eric W. Wiechmann (CT 04331)
Elizabeth M. Smith (CT 19808)
ewiechmann@mccarter.com
esmith@mccarter.com
McCARTER & ENGLISH, LLP
City Place I, 185 Asylum Street
Hartford, Connecticut 06103-3495
Tele: 860-275-6763
Fax: 860-560-5970

SNR DENTON US LLP
Reid L. Ashinoff *(admitted phv)*
Sandra D. Hauser *(admitted phv)*
Brendan E. Zahner *(admitted phv)*
1221 Avenue of the Americas
New York, NY 10020
reid.ashinoff@snrdenton.com
sandra.hauser@snrdenton.com
brendan.zahner@snrdenton.com
Tele: (212) 768-6700
Fax: (212) 768-6800

*Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 23rd day of June 2011 via electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                          /s/ *Elizabeth M. Smith*_____
                                                             Elizabeth M. Smith