UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 3:09-CV-1521-(PCD) |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | **CONSENTED-TO MOTION TO SEAL CERTAIN EXHIBITS IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> AUGUST 11, 2011 |

Pursuant to Local Rule 5(e), Plaintiff Genworth Financial Wealth Management, Inc.

("Genworth"), hereby moves for permission to file certain Exhibits to its Local Rule 56(a)(2)

Statement under seal and to file redacted versions of these documents on the Court's ECF system

with Genworth's confidential and proprietary information redacted from them..  Genworth's

counsel has consulted with counsel for the Defendants, and Defendants have no objection to this

Motion.

_____

**ORAL ARGUMENT NOT REQUESTED**

The documents that are the subject of this Motion are listed below:

- Exhibits 34, 42 and 43, which were produced by third party Charles Schwab ("Schwab") and designated by Schwab as "Confidential" pursuant to a Protective Order entered by the Court (Doc. No. 88). The Protective Order allowed third parties to designate as "Confidential" information produced in response to a subpoena that the third party believed to be confidential and proprietary, so as to limit the further dissemination of those materials. The information in Exhibits 34, 42 and 43 includes communications between Schwab and its clients (the Defendants), a spreadsheet with confidential customer data related to Genworth customers whose accounts Defendants were pursuing, and an "Asset List" with the CUSIP numbers of Genworth clients' investments.

- EExhibit 48, which is an email communication from Defendant McMullan to class counsel in the *Goodman v. Genworth Financial Wealth Management, Inc.*, No. 2:09-CV-05603-LDW-ARL (E.D.N.Y. 2009) class action litigation, providing counsel with confidential and proprietary information regarding Genworth's business practices, asset allocation strategies, internal company communications, and customer communications. In addition to containing this information, the email contains various misrepresentations regarding Genworth's business practices. Public dissemination of the confidential information and Defendant's misrepresentations via the Court's ECF site would give Genworth's competitors ready access to the confidential and proprietary information and would improperly impair Genworth's goodwill and business reputation.

2

- Exhibit 49, which contains email communications from Defendant McMullan's home email account to individuals at Schwab, transmitting confidential and proprietary information regarding the names and account numbers of various Genworth clients.

Should the Court wish to review the referenced exhibits prior to ruling on Genworth's Motion to Seal, Genworth respectfully requests leave to submit the exhibit for *in camera* review pursuant to Local Rule 5(e)4(d).

Genworth submits that good cause exists to seal the exhibits for the following reasons:

1.      This is an action that involves the misappropriation of Genworth's highly confidential and proprietary information, including information regarding its clients, business strategies, and internal communications.

2.      In order to avoid invasions of individual privacy and to protect the proprietary and confidential interests of the parties and third parties responding to discovery in this case, this Court entered a Protective Order (Doc. No. 88) allowing parties and non-parties to designate information or material produced, formally or informally, in response to a discovery request or otherwise, "Confidential" or "Confidential Attorneys' Eyes Only."  Under this Order, "If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving before the Court to file such Designated Material under seal."  (Id.)

3.      Here it is necessary for Genworth to file the above-referenced materials with the Court in order to illustrate Defendants' misappropriation of the information contained therein, which is central to Plaintiff's claims in this case and its opposition to Defendants' Motion for Summary Judgment.

3

4.     There is good cause and a clear and compelling reason to seal the documents. The parties are involved in providing competing investment services, and the public disclosure of Genworth's confidential and proprietary information could be highly damaging to it.  The information sought to be sealed includes information regarding Genworths' business practices, asset allocation strategies, internal company communications -- much of it inaccurately portrayed by Defendants in an ongoing effort to damage Genworth's good will and foment the *Goodman* class action litigation.  In addition, Exhibits 42, 43, and 49 contain personal information regarding Genworth clients who are not parties to this proceeding, such as their names, account information, or investments.  Genworth's clients provided their information to Genworth under an expectation that Genworth would maintain their privacy.[1]  Further, Exhibits 34, 42 and 43 contain information that Schwab, a non-party to this litigation, designated "Confidential" and produced to the parties on the understanding that those documents would be protected from public disclosure.

5.     As previously determined by this Court, "Genworth took steps to maintain the confidentiality of the client information in question. . . . [T]he identity of, and detailed data about, Genworth's clients is not known and cannot be known outside of Genworth's business." (Doc. No. 101 at 9) (internal quotation mark omitted)  This Court also found "evidence that access to [Genworth's] client databases, including the ACT database, featured restricted access and password protection, and that the Defendants signed a Code of Ethics acknowledging their duty to maintain the confidentiality of the client data."  (Id. at 10).

6.     In addition, the Court found that injunctive relief was warranted because Defendants' dissemination of Genworth's confidential and proprietary information to class

---

[1] See, e.g., Genworth's customer privacy policy at http://www.yourpcg.com/privacy.html.

counsel was designed to impair the value of Genworth's confidential information and "discredit the utility of services provided by Genworth's PCG group," and represented "an unabashed attempt to destroy Genworth's goodwill and customer relations. [Doc. 101 at 14, 16-17.] The Court concluded that Defendant's actions were likely to cause Genworth irreparable harm, and ordered that Defendants not only refrain from disclosing any further information to class counsel, but also directed that they "retrieve from all third-parties" Genworth's confidential and propriety information already provided, which would include the information contained in Exhibit 48. (See Doc. 101 at 14-15, 18-20). In light of the Court's earlier Injunction, the information contained in the referenced exhibits should be sealed and should not be subject to public disclosure.

7. Genworth's Motion is narrowly tailored to the interests of protecting the parties' confidential and proprietary information and the personal and/or confidential and proprietary information of non-parties. Related documents not containing the protected information, including declarations, Plaintiff's Local Rule 56(a)(2) Statement and all other exhibits will be electronically filed, unsealed, on the Court's docket.

**WHEREFORE,** Genworth respectfully requests that its Consented-To Motion to Seal the referenced exhibits related to its Opposition to Defendants' Motion for Summary Judgment be granted.

Dated:  Hartford, Connecticut
       August 11, 2011

Respectfully Submitted,

/s/  *Elizabeth M. Smith*_____
       Eric W. Wiechmann (CT 04331)
       Elizabeth M. Smith (CT 19808)
       ewiechmann@mccarter.com
       esmith@mccarter.com
       McCARTER & ENGLISH, LLP
       City Place I, 185 Asylum Street
       Hartford, Connecticut 06103-3495
       Tele: 860-275-6700
       Fax: 860-724-3397

       SNR DENTON US LLP
       Reid L. Ashinoff  *(admitted phv)*
       Sandra D. Hauser *(admitted phv)*
       Brendan E. Zahner *(admitted phv)*
       1221 Avenue of the Americas
       New York, NY 10020
       reid.ashinoff@snrdenton.com
       sandra.hauser@snrdenton.com
       brendan.zahner@snrdenton.com
       Tele: (212) 768-6700
       Fax: (212) 768-6800

       *Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*

ME1 12122738v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 11th day of August, 2011 via electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/  *Elizabeth M. Smith*
Elizabeth M. Smith

ME1 12122738v.1