**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

GENWORTH FINANCIAL WEALTH            )
MANAGEMENT, INC.                      )
                                      )
                    Plaintiff,        )
vs.                                   )
                                      )
TIMOTHY MCMULLAN, JAMES               )        Civil Action No. 3:09-CV-01521-PCD
COOK, TIMOTHY MCFADDEN,               )
KAREN BAZON, TAMARA RIVERA            )
AND TJT CAPITAL GROUP, LLC            )
                                      )
                    Defendants.       )
_____       )
                                      )
TIMOTHY MCMULLAN, JAMES               )
COOK, TIMOTHY MCFADDEN, AND           )
TJT CAPITAL GROUP, LLC                )
                                      )
Third-Party Plaintiffs,               )        JANUARY 26, 2012
vs.                                   )
                                      )
GURINDER AHLUWALIA                    )
                                      )
Third-Party Defendant.                )

**RESPONSE TO STATUS REPORT CONCERNING THIS**
**COURT'S JUNE 10, 2010 INJUNCTION**

Defendants and Third-Party Plaintiffs Timothy McMullan, James Cook, Timothy

McFadden, Karen Bazon, Tamara Rivera, and TJT Capital Group, LLC (collectively

"Defendants") submit this response to Plaintiffs' Status Report (Docket Entry 259),

seeking adjudication of Plaintiffs' motion concerning enforcement of the injunction

(Docket Entry 235), which seeks clarification of the preliminary injunction.  Defendants

submit that the Court should also adjudicate, at the same time, Defendants' Motion for Clarification (Docket Entry 253), which also seeks clarification of the Court's prior orders with regard to the scope of the preliminary injunction.

Contrary to Plaintiffs' constant accusations, Defendants have never attempted to make an end-run around the preliminary injunction, and have instead consistently sought clarification and direction from the Court with regard to the scope of the preliminary injunction and to clarify legitimate issues before the courts (just as Plaintiffs continue to do).  Given subpoenas directed at Defendants in the class action lawsuit regarding alleged fraud by Genworth, and given unrelated parties' action in a Financial Industry Regulatory Authority ("FINRA") arbitration alleging misdeeds conducted by Genworth employees which requires Defendants to defend themselves from joint and several liability, Defendants need clarification of the preliminary injunction order.

Plaintiffs have likewise repeatedly sought such clarifications (and do so now). However, Plaintiffs have also used every opportunity to threaten Defendants' ability to defend themselves, to misrepresent facts, and to present as established facts the statements and findings from the preliminary injunction, which misrepresentations therein by Plaintiffs, along with the essential predicate of Plaintiffs' claims, have since been undercut by facts elicited during discovery, which substantial evidence is set forth in Defendants' briefs in connection with the motions for summary judgment.  Had Defendants and the Court been aware of and had access to such evidence prior to the April 2010 TRO hearing, Defendants believe the Court would have likely reached a different outcome.  The Court should thus be mindful of the evidence presented in

conjunction with the summary judgment motions as it considers the present motions to clarify the preliminary injunction.

Defendants' Motion for Clarification (Docket Entry 253) should be adjudicated at the same time as Plaintiffs' motion because both motions seek direction from the Court regarding the scope of the preliminary injunction.  Moreover, contrary to Plaintiffs' misrepresentation to the Court in its Objection to Request for Expedited Briefing, dated January 17, 2012, that an arbitration panel had not been appointed (Docket Entry 255 at 2), an arbitration panel had, in fact, been appointed in the FINRA arbitration six (6) days **before** Plaintiffs' Objection was filed.  See Exhibit A (FINRA Letter, dated January 11, 2012) ("FINRA has appointed the panel and scheduled the Initial Prehearing Conference (IPHC) in this case.").  Likewise, contrary to Plaintiffs' insinuation that there is no pending discovery in the FINRA arbitration, discovery in the matter regarding alleged misdeeds at Genworth has commenced and has been demanded of Defendants.  See Exhibit B (Letters from Complainants' counsel).  Thus, Defendants need expeditious direction from the Court so that they may properly proceed in defending themselves in the FINRA arbitration proceeding.

Defendants respect and appreciate their obligation to abide by the preliminary injunction and will continue to do so.  Defendants do, however, reiterate that they will honor any further directives that may be issued by this Court and the District Court for the Eastern District of New York.

WHEREFORE, Defendants respectfully request that their Motion for Clarification (Docket Entry 253) be adjudicated expeditiously in conjunction with Plaintiffs' motion.

Respectfully submitted,

DEFENDANTS TIMOTHY MCMULLAN,
JAMES COOK, TIMOTHY MCFADDEN,
KAREN BAZON, TAMARA RIVERA AND
TJT CAPITAL GROUP, LLC

AND

THIRD-PARTY PLAINTIFFS TIMOTHY
MCMULLAN, JAMES COOK, TIMOTHY
MCFADDEN AND TJT CAPITAL GROUP,
LLC

By:      /s/ Ka Fei Wong
         David P. Friedman (ct03558)
         dfriedman@murthalaw.com
         Ka Fei Wong (ct28130)
         kwong@murthalaw.com
         Murtha Cullina, LLP
         177 Broad Street
         Stamford, Connecticut  06901
         Phone:  203-653-5400
         Fax:  203-653-5444

<u>CERTIFICATION</u>

I hereby certify that on January 26, 2012, a copy of the foregoing was electronically filed.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing though the Court's CM/ECF System.

By     _/s/ Ka Fei Wong_____
Ka Fei Wong (ct28130)

3427968v1