# EXHIBIT 2

                                                                    1

                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GENWORTH FINANCIAL WEALTH      .   Case No. 3:09-CV-01521
                               .   (VLB)
MANAGEMENT, INC.,              .
                               .
          Plaintiff,           .
                               .   Hartford, Connecticut
     v.                        .   April 12, 2010
                               .
TIMOTHY MCMULLAN, ET AL.,      .
                               .
          Defendants.          .
. . . . . . . . . . . . . . .

              HEARING ON MOTION TO COMPEL AND
                  TEMPORARY RESTRAINING ORDER
           BEFORE THE HONORABLE VANESSA L. BRYANT
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:      Robinson & Cole
                        By:  ELIZABETH SMITH, ESQ.
                        280 Trumbull Street
                        Hartford, CT 06103

                        Sonnenschein, Nath & Rosenthal
                        By:  SANDRA D. HAUSER, ESQ.
                             DAVID R. BAUM, ESQ.
                             REID L. ASHINOFF, ESQ.
                        1221 Avenue of the Americas
                        24th Floor
                        New York, NY 10020

                        Paul Hastings, Janofsky &
                        Walker
                        By:  BRAD BLOODWORTH, ESQ.
                        875 15th Street, N.W.
                        10th Floor
                        Washington, DC 20005

Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.
---

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

```
 1   even if the Court intends to take time to draft an
 2   opinion, whatever the Court's preferences are, on
 3   behalf of my client, and given the fact that as
 4   recently as last week customers say Mr. McMullan called
 5   and talked about the class action, we will ask for the
 6   entry of the temporary injunction today, embodying
 7   paragraphs 1 through 4, as recommended.
 8            If Your Honor has any questions, I'm happy to
 9   respond.
10            THE COURT:  The scope of the injunction you
11   seek regarding the discussion of the class action,
12   could you -- are you proposing that the injunction be
13   limited to communications directly with Genworth or
14   former Genworth customers known to the Defendants by
15   virtue of their employment with Genworth?
16            MR. ASHINOFF:  No, Your Honor.  Given that the
17   conjunction -- that the class action complaint is
18   totally inspired by and permeated by an impermissible
19   disclosure of Genworth's confidences, the request is
20   that the injunction prevent them from speaking, or
21   disseminating, or talking about, or responding to any
22   questions about the class action, with anyone except
23   their own lawyers and except pursuant to a lawful
24   subpoena, which subpoena they will give a copy to
25   Genworth upon receipt.
```

```
 1   will litigate in court as to the legitimacy of the
 2   allegations, the truth or falsity, the legality.  All
 3   of that is the class action litigation.
 4          What this Court's business is, respectfully,
 5   is telling these Defendants, "You have wrongly put all
 6   this into class action complaint.  I will not let you
 7   disseminate this information to anybody.  It is
 8   wrongful for you to disseminate any of this
 9   information, to discuss it, or to lead people to it
10   because you planted it there."
11          THE COURT:  But this information is the
12   confidential Genworth information.
13          MR. ASHINOFF:  Yes, as it --
14          THE COURT:  The information concerning
15   Genworth's allocation, portfolio allocation, its
16   investment results and the like.  Those constitute
17   information that the Defendants learned by virtue of
18   their employment at Genworth.
19          MR. ASHINOFF:  That's correct.
20          THE COURT:  And that's what you're seeking to
21   restrain them from communicating to others?
22          MR. ASHINOFF:  Yes, including -- but
23   specifically, they've tried to evade that by basically
24   dumping all of this into this Complaint, feeding it to
25   a plaintiff's lawyer, and then they're saying, "Well,
```

```
 1            THE COURT:  No.
 2            MR. ASHINOFF:  Okay.
 3            THE COURT:  No, I'm focusing on the
 4   legalities, as opposed to what you're seeking.
 5            MR. ASHINOFF:  Okay.  Okay.
 6            THE COURT:  Your responses seem to be limiting
 7   the language that you're proposing in the order itself.
 8            MR. ASHINOFF:  No, Your Honor, actually we're
 9   asking -- the language of paragraph 4 that we're asking
10   for says, "The Defendants are enjoined from making any
11   statement to anyone, including, but not limited to,
12   Genworth clients, prospects, potential clients, or
13   former clients transferred from Genworth to TJT
14   concerning the class action lawsuit pending in the
15   Eastern District of New York, the substance of any
16   allegations made in the class action, or Genworth's
17   relationship with Mr. Brinker."
18            And the reason for that is because they have
19   horrifically abused the confidences of this -- of my
20   client, and made statements about all of this in a
21   massive effort to get people to drop Genworth and go to
22   them.
23            And the only modification to this, I'm
24   suggesting orally, is that they can speak to their own
25   lawyers or they can respond to a legitimately served
```

```
 1    subpoena as long as they give Genworth notice -- prompt
 2    notice of the subpoena.  But otherwise, I'm asking for
 3    this broad preclusion because, Your Honor, it would be
 4    just as abusive for them to give an interview to The
 5    Wall Street Journal or to The Hartford Courant and lay
 6    it all out.
 7            THE COURT:  On the substance of the
 8    allegations?
 9            MR. ASHINOFF:  On the fact that there's a
10    complaint or the substance.  The fact that there's a
11    complaint is being raised by them for only one reason,
12    to get the allegations out.
13            They don't -- The complaint does their talking
14    for them because they spilled all their confidential
15    knowledge into it.  So to tell people, "I'm silent, but
16    look over here," is just as bad as if they were saying
17    it.  And for Your Honor not to enjoin that, is to allow
18    that charade and end run to be perpetrated on my
19    client.  If I'm silent, but my document says
20    everything, and all I can do is point to it with a
21    smile, I'm speaking.  I'm just speaking very
22    deceptively.
23            THE COURT:  Has there been a motion to seal or
24    redact the complaint in the class action?
25            MR. ASHINOFF:  No, Your Honor, because the
```

72

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/_____        May 5, 2010

STEPHEN C. BOWLES