UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 3:09-CV-1521-(JCH) |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | MARCH 8, 2012 |

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

Plaintiff Genworth Financial Wealth Management, Inc., and Third-Party

Defendant Gurinder Ahluwalia (collectively, "Genworth"), hereby respond to the Court's

February 22, 2012 Order directing Genworth to "show why Exhibit Three to defendants'

Reply to Response to Defendant's Motion to Clarify Prior Rulings (Doc. No. 271) should

be sealed in whole or in part."  (Doc. No. 275).  Genworth respectfully submits that the

limited excerpt of the deposition transcript (the "Transcript") contained in Exhibit Three

need not be sealed, and Genworth has no objection to its publication on the docket.

ME1 13105939v.1

In providing this response, Genworth also wishes to briefly address certain comments in Defendants' Motion to Seal that imply that Genworth has acted unreasonably or is abusing any "Attorneys Eyes Only" designation in this instance. Nothing could be further from the truth.

First, Defendants' contention that Genworth "requested" that the Transcript be marked "Attorneys Eyes Only" is incorrect. Instead, the Transcript was automatically designated "Attorney Eyes Only" pursuant to the September 1, 2011, protective order entered by Magistrate Judge Lindsey in *Goodman v. Genworth Financial Wealth Management, Inc*., No. 2:09-CV-05603 (LDW) (ARL) (EDNY) (the "Goodman Order"). A copy of the Goodman Order is attached hereto as Exhibit A.

The Goodman Order was designed to limit these Defendants' access to Genworth's confidential information because the Defendants were previously enjoined by this Court based on a "strong indication that Defendants misappropriated [Genworth's] trade secrets," and "continued to disseminate confidential information …to the counsel for the [Goodman] class action,"[1] and because Defendants have repeatedly attempted to use the discovery process in the instant case to obtain confidential and proprietary information from Genworth that related to the claims in the *Goodman* case. Those attempts were rejected by this Court in a February 11, 2011, Order by the Honorable Thomas P. Smith, U.S.M.J., denying the Defendants' Motion to Compel such discovery and granting Genworth's Motion for Protective Order as to such information. (Doc. No. 152). The Goodman Order upholds this Court's rulings, providing:

> … with respect to the named Defendants in the action captioned *Genworth Financial Wealth Management Inc. v. Timothy McMullan et al.,* Civ. Action No. 3:09-cv-1521 (D.Ct.) (the "TJT Defendants"),

[1] See June 10, 2010 Memorandum of Decision and Order (Doc. No. 101) at 9, 14.

ME1 13105939v.1

notwithstanding any other provision of this Order, the TJT Defendants shall not be afforded access to Confidential Information other than exhibits during the course of a deposition in this case and/or trial, and no copy of any document identified as Confidential shall be provided to be kept by the TJT Defendants or their counsel. ***To the extent that a transcript of the testimony of any of the TJT Defendants includes Confidential Information, such transcript shall be presented to the TJT Defendants' counsel on an "Attorneys Eyes Only Basis*.***"  Any review of such transcript will take place at the offices of counsel for the TJT Defendants so that Confidential Information does not come into the possession of the TJT Defendants.

(Exhibit A at 4-5, ¶ 3.j. (emphasis added)).  Thus, the Transcript that is excerpted in Defendants' Exhibit Three was designated "Attorneys Eyes Only" by court order, and not as the result of any alleged arbitrary designation by Genworth.  In addition, as illustrated by the above quote, Defendants are not "preclude[d] … from reviewing [their] own deposition transcript" as they claim in their Motion to Seal.  (See Motion at 2). Instead, they are able to review their transcripts, but are precluded by the Goodman Order from removing copies of those transcripts from their attorneys' office.

Additionally, the Goodman Order includes provisions whereby any person (including a non-party) may contest a confidential designation by engaging in a "meet and confer" session with the designating party, and then, if necessary, raising the issue with the court.  (See Exhibit A at 10).[2]  The Goodman Order also contains a provision for modification of the order itself by agreement.  (Id. at 14, Paragraph 17).  Despite these provisions, Defendants made no effort to confer with Genworth regarding whether the excerpt from the Transcript needed to be sealed in this instance.  In fact, Defendants did not even serve Genworth with a copy of Exhibit Three until February 29, 2012 – two weeks after the Motion to Seal was filed.  Had Defendants communicated with Genworth first, they could have obtained Genworth's consent to modify the

---

[2] Pursuant to Paragraph 14 of the Goodman Order, it is applicable to non-parties.

3

designation for the excerpt from the Transcript, which would have obviated the need to file a motion to seal in this instance.[3]

Dated:   March 8, 2012                    Respectfully submitted,

                                         /s/      Elizabeth M. Smith
                                         Eric W. Wiechmann (ct04331)
                                         Elizabeth M. Smith (ct19808)
                                         ewiechmann@mccarter.com
                                         esmith@mccarter.com
                                         MCCARTER & ENGLISH, LLP
                                         City Place I, 185 Asylum Street
                                         Hartford, Connecticut 06103-3495
                                         Tele: 860-275-6700
                                         Fax: 860-724-3397

                                         SNR DENTON US LLP
                                         Reid L. Ashinoff  (admitted phv)
                                         Brendan E. Zahner (admitted phv)
                                         reid.ashinoff@snrdenton.com
                                         brendan.zahner@snrdenton.com
                                         1221 Avenue of the Americas
                                         New York, NY 10020
                                         Tele: (212) 768-6700
                                         Fax: (212) 768-6800

                                         Counsel for Plaintiff Genworth Financial
                                         Wealth Management, Inc. and Third-Party
                                         Defendant Gurinder Ahluwalia

---

[3] Genworth does not, by this submission, waive its right to designate other portions of the Transcript, or any other testimony or evidence in this action of the *Goodman* case, as confidential and subject to sealing pursuant to the protective orders entered in both cases (See Doc. Nos. 26 & 88 and the Goodman Order, attached).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 8th day of March, 2012, via electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/  *Elizabeth M. Smith*_____
Elizabeth M. Smith

ME1 13105939v.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL J. GOODMAN and LINDA BROWN,
individually and on behalf of all others similarly
situated,

                         Plaintiffs,

    v.

GENWORTH FINANCIAL WEALTH
MANAGEMENT, INC., GENWORTH FINANCIAL,
INC. and GURINDER S. AHLUWALIA,

                      Defendants.

Civ. No. 09-5603(LDW)(ARL)

---

## STIPULATION AND PROTECTIVE ORDER GOVERNING
## THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting this litigation, would be warranted, and

WHEREAS, the parties have stipulated and agreed to the terms herein, and jointly moved this Court for entry of the following Protective Order, and

WHEREAS, the Court has found that, in order to facilitate the flow of information in discovery in this proceeding, good cause exists for the entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered and limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

1.    **CONFIDENTIAL INFORMATION**

    a.    "Confidential Information" means all information or material that is requested,

produced or disclosed in this case and which a Producing Party, including a party to this action or any counsel producing information or material in this action (whether voluntarily or pursuant to a subpoena or court order), or a Designating Party, including any party named in this action, considers in good faith to constitute or to contain confidential research, development, personal, business, competitive, proprietary, or commercial or other information of a sensitive nature, or trade secrets, whether embodied in documents, information, electronically stored information, tangible things, the factual knowledge of persons, or materials produced in discovery.

b.      Any materials produced or disclosed in discovery in this case that include Confidential Information may be designated as "Confidential" by either the Producing Party or any party to this case by marking it in the manner set forth in paragraph 4 below.

c.      Summaries, notes and other derivatives of Confidential Information, such as testimony, conversations or presentations by parties or counsel, may be designated as Confidential Information by either the Producing Party or any party to this case, and shall thereafter be subject to the provisions of this Order.

## 2.      INFORMATION NOT TO BE DESIGNATED AS CONFIDENTIAL

Information may not automatically be designated as "Confidential Information" without leave of Court if the information is or becomes:

a.      Publicly known or available, other than through violations of law, breaches of legally recognized duty, or violation of the terms and principles of this Order or another Stipulation or Order of Confidentiality or Protection in any other litigation involving one or more of the parties hereto.

b.      Possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, except that Confidentiality designations may be made as to internal Genworth information, in the possession of anyone, that was obtained by or through the TJT Defendants.

- 2 -

c.      Disclosed by a non-designating party with the prior written approval of the designating party.

**3.      ACCESS TO CONFIDENTIAL INFORMATION**

Access to "Confidential Information" as defined in Paragraph 1 of this Order, to the extent such information is known to be considered Confidential by any party, and/or such information is specifically designated as "Confidential" pursuant to this Order, shall be limited to:

a.      The named parties in this case, including all of its/their current officers, directors, employees, and their support staff, and including named class representatives and their spouses, but not including other class members unless and until a class is certified in this case;

b.      The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), who are officially recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

c.      Special masters and mediators or other individuals engaged or consulted in furtherance of potential settlement of the Litigation;

d.      Outside counsel of record for the parties in this Litigation or in-house counsel for the parties, as well as members and employees of their firms and their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

e.      Persons or entities that provide litigation support services (e.g., outside photocopying, data processing, graphic production services, translation, storage or retrieval services, e-discovery vendors, non-witness consultants or jury research consultants) and their employees and subcontractors, employed by the parties or their counsel of record to assist in this Litigation;

f.      Any non-witness consultant, individual expert or expert consulting firm retained

by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to otherwise assist counsel of record in the prosecution or defense of this Litigation, provided, however, that:

(i)     Such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel");

(ii)     The individual expert or Designated Expert Personnel use the information solely in connection with this Litigation;

(iii)     The individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm;

(iv)     Excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is not a current employee of any party or any entity which directly or through a parent or subsidiary competes with any of the Defendants.

g.     Any other person to whom the named parties to this case and the Producing Party all agree in writing or on the record in advance of the disclosure.

h.     Witnesses or individuals whom have either authored or was a recipient of Confidential Information, except for the TJT Defendants whose access is governed by the provisions below.

i.     Any person as to whom the Court directs should have access.

j.     Any deponent in this litigation but only during the course of their deposition and for purposes of their deposition in this case, or the subsequent review of the transcript thereof.

*However,* with respect to the named Defendants in the action captioned *Genworth*

17729156

*Financial Wealth Management, Inc. v. Timothy McMullan et al.*, Civ. Action No. 3:09-cv-1521 (D.Ct.) (the "TJT Defendants"), notwithstanding any other provision of this Order, the TJT Defendants shall not be afforded access to Confidential Information other than as exhibits during the course of a deposition in this case and/or at trial, and no copy of any document identified as Confidential shall be provided to be kept by the TJT Defendants or their counsel. To the extent that a transcript of the testimony of any of the TJT Defendants includes Confidential Information, such transcript shall be presented to the TJT Defendants' counsel on an "Attorneys Eyes Only Basis." Any review of such transcript will take place at the offices of counsel for the TJT Defendants so that Confidential Information does not come into the possession of the TJT Defendants.

## 4. DESIGNATING PROTECTED MATERIAL

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order that is to be disclosed or produced in discovery should be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

a. DOCUMENTS. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party should mark the first page and each subsequent page of the document which contains any Confidential Information with the legend "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" at the top or bottom of each page. In addition, or alternatively, the producing party may redact Confidential Information, such as Personal Identifying Information (e.g., the information addressed at Paragraph 9.b. below), to alleviate the potential need to later file documents in camera or under seal with the Court. All documents produced or disclosed in discovery shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number. Failure to mark every page of a Confidential document shall not be considered a waiver of confidentiality protection, if the designation was intended to cover the entirety of the document.

b. INTERROGATORY ANSWERS.  A Producing Party shall designate interrogatory answers and responses to requests for admissions as "Confidential Information" by stating within the response or otherwise specifying that the answers or responses (or specific parts of them) are "Confidential."  The following legend, or similar language, shall be placed on the front page, or each page, of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION."

c. DEPOSITIONS AND HEARINGS.  With respect to information contained in testimony or other materials used or introduced at depositions or court hearings, counsel for the Designating or Producing Party shall designate appropriate portions of the transcript and exhibits which contain Confidential Information either by making a statement on the record in the course of the deposition or hearing that the testimony or exhibit is Confidential, or by stating on the record that the party intends to designate specific portions of the testimony as confidential by letter.  Any letter designating portions of testimony as confidential shall be served on all counsel in this action within 45 calendar days of receipt of the official transcript of testimony.  If it has been indicated on the record that all or a portion of the transcript will be designated Confidential, then the entire transcript shall be treated as Confidential Information under this Order until the expiration of the 45-day period for designation.  Counsel for the Designating or Producing Party shall instruct the Court reporter to affix the following legend, or similar language, on the front of the original transcript, and on each copy of the transcript: "CONTAINS CONFIDENTIAL INFORMATION."  If all or part of a recorded deposition is designated as "CONFIDENTIAL," the audio, video or other media container shall be labeled with the appropriate legend.

d. TANGIBLE OR COMPUTERIZED MATERIAL.  To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic or magnetic media ("Computerized Material"), as well as

other material produced in a form other than paper ("Tangible Material")), the Producing Party may designate such material as "CONFIDENTIAL" either by cover letter to the Receiving Party referring generally to the Confidential Information, or by affixing to the media, or to the container in which the material is produced, a label with the legend: "CONTAINS CONFIDENTIAL INFORMATION." Whenever a Receiving Party reproduces electronically stored information designated as "Confidential," the Receiving Party shall mark such hard-copy form with the same legend. Whenever any Confidential Computerized Material, or any Confidential Tangible Material, is copied from one form or format into another, the reproducing party shall mark all reproductions with the same legend.

      e.      BRIEFS AND DECLARATIONS. When filing briefs, memoranda, declarations or other papers with the Court, the portions of these filings that discuss or contain Confidential Information, whether information of the filing party, or any adverse party, or any non-party witness, should be redacted and the filing handled as set forth in paragraph 5.d. below.

      f.      MATERIALS MADE AVAILABLE. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential Information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party shall make its designations pursuant to this Order.

**5.      USE OF CONFIDENTIAL INFORMATION.**

      Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      a.      Absent a specific order by the Court, Confidential Information shall be used by the persons or entities to whom such information is disclosed solely for purposes of preparation

and prosecution or defense of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order.

       b.     Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information for any purpose. The Producing Party may withdraw or modify any designation at any time.

       c.     To the extent that any Receiving Party, or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated as "Confidential Information," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, and must affix to any media containing such information a label with the legend "CONTAINS CONFIDENTIAL INFORMATION" or similar language.

       d.     Filing Material With the Court, Redaction:

          i.     When a party or attorney must file Confidential Information with the Court, or when any party files a legal document that discusses Confidential Information, the Confidential Information or portion of the document discussing the same should be redacted from any public filing. A rule of reasonableness shall dictate how redaction is effected.

          iii.     The portion of any legal or Court document that is or contains Confidential Information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such Confidential Information, shall be filed with the Court either in camera if the Court permits, or under seal. The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

**CONFIDENTIAL**
**This envelope contains documents or information that are subject to the Court's Stipulated Protective Order. The confidentiality of the material is to be maintained and the envelope is not to be opened or the contents revealed to any individual other than the presiding judge and his or her law clerk, except by order of the Court.**

17729156

iv. A full and unredacted copy of any submission that is filed under seal shall be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential Information: Subject to Protective Order."

v. Within seven (7) business days of filing any document that is or contains Confidential Information, the submitting counsel shall electronically file with the Court, for its public file, a copy of the submitted materials with the Confidential Information redacted. Any Confidential Information produced by third parties pursuant to this Order also shall be redacted from this public electronic filing.

vi. If any party objects to identified portions of the materials remaining under seal, that party shall state its objections in a faxed or electronically delivered letter to counsel for all parties in this litigation. The parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public electronic filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.

## 6. NOTIFICATION OF PROTECTIVE ORDER.

Confidential Information shall not be disclosed, described or otherwise made available to any individual expert or expert consulting firm described in Paragraph 3 unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation and, for testifying experts, shall be produced to the other party at the time the party produces its expert reports and responds to expert discovery. This prohibition includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

## 7. ACCEPTANCE OF INFORMATION; INADVERTENT DISCLOSURE.

17729156

Acceptance by a party or its attorney of information disclosed under designation as "Confidential" or "Confidential Information" shall not constitute an admission that the information is, in fact, Confidential Information. Inadvertent disclosure of Confidential Information which the disclosing party intended to designate as "Confidential" or "Confidential Information" shall not constitute waiver of any right to designate the information as Confidential Information promptly upon discovery of the error. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. **Timing of Challenges.** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid unnecessary, substantial economic burdens or a later significant disruption of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. **Meet and Confer.** A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if (1) it has engaged in this meet and confer process first or (2) the Designated Party unreasonably refuses to conduct this meet and confer within reasonable amount of time, or (3) The meet and confer cannot be arranged within 3 business days of the challenge.

c. **Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and

17729156

serve a motion, or commence any required pre-motion practices, under rules of this Court that identifies the challenged material and sets forth the basis for the challenge. The Burden remains on the proponent of confidentiality upon any motion to compel.

## 9. PRESERVATION OF RIGHTS AND PRIVILEGES

a.       Nothing contained in this Order shall affect the right, if any, of any Party to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any Party of any right to withhold any Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right which any Party may have to assert such privilege at any stage of this Litigation.

b.       Nothing contained in this Order shall prohibit a Party, consistent with its rights and obligations under the law, from redacting from its documents or electronically stored information, or declining to produce: (1) any non-relevant personal identifying information as to putative class members (other than the named plaintiffs), such as social security numbers, account numbers and other similar information; (2) individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute including, but not limited to, the Health Insurance Portability and Accounting Act of 1996 ("HIPAA"); the Health Care Quality Improvement Act, 42 U.S.C. §11101 et seq. ("HCQIA"), or any potentially applicable state or municipal law or regulation; and (3)  any information protected from disclosure by the physician-patient privilege or any other statutory or common law privilege or immunity from discovery relating to patient health records and information. Nothing in this sub-paragraph 9(b) shall be read as a concession by any Party of the appropriateness or inappropriateness of any particular redaction or declination to produce.

17729156

## 10.    RETURN OR DESTRUCTION OF MATERIALS

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed.  Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order, and so long as the terms and conditions of this Order are met.

## 11.    CLAW BACK OF MATERIALS

a.    A Producing Party that inadvertently produces any document or other information during discovery in this Litigation that the Producing Party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information.  Upon receipt of a written request for return by the inadvertently Producing Party, the Receiving Party (a) shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below.  In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery.  All materials related to the inadvertently produced document or information, and motion, shall be treated as "Confidential" pursuant to this Order, unless otherwise ordered by the Court.  If such a motion is made within sixty (60) days of receiving the notice from the Producing Party of its claim of inadvertent production, the Receiving Party may retain the produced document or information until the Court resolves the motion.  However, the Receiving Party shall not use the document or

information for any purpose other than the motion except upon further order of the Court. If no such motion is made within sixty (60) days, the document or information and all copies shall be returned to the Producing Party and the Receiving Party will not be entitled to retain the document or information in any way. Failure to move within sixty (60) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the Receiving Party. If the Receiving Party disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

**12.    NO ADMISSION**

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**13.    DUTY TO NOTIFY OF RECEIPT OF SUBPOENA**

If any Receiving Party receives a subpoena for documents subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena, so that the Producing Party has an opportunity to object prior to the production of any responsive material.

**14.    APPLICATION OF THIS ORDER TO NON-PARTIES**

This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this Litigation, if said non-party requests the protection of this Order as to its Confidential Information and complies with the provisions of this Order.

**15.    CONTINUING FORCE OF THIS ORDER**

Upon final resolution of this Litigation, the provisions of this Order shall continue to be

- 13 -

binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

## 16. CONFIDENTIAL DESIGNATIONS PRIOR TO THE ENTRY OF THIS ORDER

Until this Order is entered by the Court, any Discovery Material designated as Confidential Information that is produced in this litigation shall be protected from disclosure pursuant to the terms of this Order as if ordered by the Court. If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

## 17. MODIFICATION OF ORDER

This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court. Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential Information, or seeking to prevent Confidential Information from being provided to persons described in Paragraph 3 of this Order.

Nothing in this Order shall prevent the Requesting Party from seeking judicial intervention to modify this Order for Compelling the production of documents and obtaining access to all materials related to the Connecticut action.

## 18. APPLICABILITY TO FUTURE ACTIONS

The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel. Within ten (10) days of (i) entry of appearance by a new party or counsel to the Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in Plaintiff's Complaint, Plaintiffs' lead counsel shall serve a copy of

17729156

this Order on such new party's counsel.

DATED this 8th day of July, 2011.

Leeds, Morelli & Brown, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

Weiss & Lurie
1500 Broadway, 16th Floor
New York, NY 10036

/s/ James E. Tullman_____

Attorneys for Plaintiffs

SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020

/s/ Sandra D. Hauser_____

Attorneys for Defendants

**APPROVED and SO ORDERED:**

_____
U.S. District Judge

Dated: _____, 2011.

- 15 -

**EXHIBIT A**

I hereby certify (i) my understanding that Discovery Material containing Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *Michael Goodman and Linda Brown et al. v. Genworth Financial Wealth Management et al.*, Civ. No. 09-5603 (LDW)(ARL) (E.D.N.Y.), and (ii) that I have received and read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____ ____

Signature: _____ ____

Name: _____

Address: _____

_____

17729156