**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC | ) ) ) ) | Civil Action No. 3:09-CV-01521-JCH |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | ) ) ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | June 11, 2012 |
| vs. | ) | |
| | ) | |
| GURINDER AHLUWALIA | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE JOINT TRIAL MEMORANDUM**

Defendants and Third-Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera, and TJT Capital Group, LLC (collectively "Defendants") hereby object to the Motion for Extension of Time to File Joint Trial Memorandum filed by Plaintiff Genworth Financial Wealth Management, Inc., and Third-Party Defendant Gurinder Ahluwalia (collectively, "Genworth") (Docket No. 287).

The instant case is currently 33 months old as a result of Genworth's well orchestrated strategy to take advantage of its financial strength as a Fortune 250 company and to file endless motions all designed to drag this case out and to inflict as much financial pain on TJT as possible. Two years ago, plaintiff sought and obtained a preliminary injunction (without the Court contemplating a bond) utilizing the resources of three substantial law firms and no less than five senior attorneys.  That injunction continues to impose crippling limitations on the business of defendant TJT Capital Group, LLC and the livelihoods and the business reputations of the individual defendants.  Flexing its financial muscle, this Fortune 250 corporation has spared no expense in taking every conceivable action to crush and gag the defendants for their temerity in (1) filing a counterclaim that blew the whistle on Genworth for its fraudulent activities (see May 31, 2012 Weiss and Lurie letter to EDNY - - attached as Exhibit 1 - - in which, at the bottom of page 2, the former SEC Chairman is quoted as saying that the TJT Defendants "bl[ew] the whistle on what was going on at Genworth"), and (2) asserting counter claims and cross claims against Genworth and its chief executive officer for defamation.  Having been empowered by the issuance of the preliminary injunction, Genworth has abused that injunction order by, inter alia, threatening to seek contempt and other sanctions against defendants for violating the injunction should they obey subpoenas served upon them to testify at depositions duly noticed in the class action currently pending in the District Court for the Eastern District of New York pertaining to Genworth's improper investment activities.  These efforts to intimidate and gag the individual defendants have consumed many months and

significant resources by intentionally delaying the litigation in this Court and in the Eastern District of New York.

As a result of recent rulings from this Court and the Eastern District of New York, Genworth's efforts to gag the individual defendants have failed.  But their actions designed and intended to crush defendants financially continue unabated. Each day that the preliminary injunction remains in force is an undue burden on TJT. It is in this context that Genworth's most recent motion for an extension of almost four months to submit the joint pre-trial memorandum must be viewed for what it is – a disingenuous attempt to inflict further harm on TJT.

Genworth claims that it and its army of lawyers are faced with significant scheduling demands and constraints in the class action lawsuit and in a FINRA arbitration brought by an unhappy customer and that the present case is so complex that "it will be extremely difficult, if not impossible, for the parties to fully and accurately identify all of the issues for trial and comply with all of the elements of the joint trial memorandum by July 2, 2012."  But despite Genworth's effort to characterize this case as a matter of extraordinary complexity, in reality, the case is a relatively straight forward trade secret/ breach of contract case brought by Genworth against a few individuals who had the gall to leave their employment with Genworth and set up a competing venture.  While it is apparent that Genworth intends to obfuscate the issues by filing a deluge of motions in limine - - as it has threatened to do in its current motion - - the case is not so complex that the bevy of lawyers who have appeared in this case on Genworth's behalf cannot work with defendants' counsel to comply with the pre-trial order in a timely manner.  Defendants' counsel is committed to using its

best efforts to comply.  This Court has the right to expect the same from Genworth and its counsel.

Nor will the attention of Genworth's counsel be unduly distracted by the proceedings in the Eastern District of New York and FINRA.  The proceedings in the Eastern District of New York are on hold pending completion of the depositions of the individual defendants, which are not required to be taken until two weeks **after** the July 2, 2012 deadline for compliance with this Court's pre-trial order.  And, following the completion of those depositions, it is the class plaintiffs - - and not Genworth - - who are required to file the next brief in connection with the class plaintiff's motion for class certification.  Furthermore, Genworth had nearly a year to depose the TJT witnesses in the Eastern District of New York case and made a calculated decision not to do so in the hope that they could convince this Court to gag the witnesses. Moreover, the TJT witnesses were deposed for 21 hours in November, 2011, pursuant to an order issued by the Eastern District of New York.  Although little if any relevant testimony came out of the nearly 21 hours of depositions due to Genworth's blanket invocation of the injunction, it is an affront to the Court to suggest, as Genworth has done, that Genworth and its army of attorneys did not prepare for those depositions. Similarly, Genworth's invocation of the FINRA matter as a reason for further delay is absurd.  The arbitration is a relatively small matter in which the individual defendants who have been named as respondents are proceeding pro se and in which lead counsel for Genworth's Capital Brokerage Corporation has been identified by Genworth as an associate at the SNR Denton law firm and not one of the lead attorneys handling the current matter.  The initial FINRA conference with the

arbitration panel, claimants and respondents occurred on February 21, 2012. Genworth has already had nearly four months to prepare its FINRA defense. The time constraints imposed by those matters simply do not render Genworth's army of lawyers and/its multiple law firms incapable of completing the requirements imposed by this Court's pre-trial order.

Finally, Genworth's argument that the depositions of the individual defendants "may impact who Genworth will call as witnesses in the present case, the subject matter about which they will testify, and the evidence to be presented and objected to in motions in limine" is particularly disturbing.

First, the discovery deadline in this case passed many months ago and Genworth simply has no right to drag this case out so that it can acquire new evidence and formulate new strategic approaches to the prosecution of this case.  It was Genworth that all along insisted on strict compliance with the discovery cutoff. And it was Genworth that fought vigorously to prevent the depositions from happening. Having employed for so long a policy of obstruction and delay with respect to these depositions, Genworth should not be rewarded with a  delay to further punish TJT so that it can use the depositions for maximum advantage in this case.

Second, Genworth has vigorously advanced its view that the substance of the claims being litigated in the class action lawsuit have no relevance to the present lawsuit and that the defendants did not even have the right to pursue in discovery matters pertaining to Genworth's abusive practices in the handling of customers' investments and its motive for its scorched-earth assault on TJT Defendants. And now, Genworth has the audacity to assert that it cannot possibly comply with the

Court's pre-trial order until after it hears the answers to deposition questions addressing these very same factual matters.

Genworth has used this lawsuit and the preliminary injunction that it obtained in this case to try to gag the individual defendants so that the truth regarding Genworth's failure to disclose all portfolios and its fraudulent handing of customers' investments would remain hidden. To that end, it has gone so far as to abandon the underlying premise of its claims in the present lawsuit, i.e. that the identities of the customers and the substance of defendants' communications with those customers were trade secrets and/or confidential information that needed to be protected from poaching by defendants. In an effort to persuade the Eastern District of New York to construe the preliminary injunction to prohibit inquiry into matters relating to internal Genworth practices and communications, Genworth's counsel reversed course and announced that, notwithstanding the underlying premise of this action, the individual defendants' communications with their customers were not confidential and thus were not within the scope of the preliminary injunction. See Plaintiff's/Third-Party Defendant's Response to Defendant's Motion to Clarify Prior Rulings, dated February 2, 2012, at p. 2 (attached as Exhibit 2) in which Genworth brazenly stated that "[i]t has never been Genworth's position that communications between Genworth clients and Genworth employees, during the course of their employment with Genworth, is disclosure of confidential information." One wonders what remains of their claims in this case given this extraordinary abandonment by Genworth of the central premise of its trade secret/confidential information claim.

Genworth has advanced no legitimate justification for further delay and is attempting to use contorted arguments in an effort to further punish TJT.  Counsel for plaintiff should be directed by this Court to work with counsel for defendants to achieve compliance with the pre-trial order in a timely fashion.

Respectfully submitted,

DEFENDANTS TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC

AND

THIRD-PARTY PLAINTIFFS TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN AND TJT CAPITAL GROUP, LLC

By:      _/s/ David P. Friedman_____
David P. Friedman (ct03558)
dfriedman@murthalaw.com
Ka Fei Wong (ct28130)
kwong@murthalaw.com
Murtha Cullina, LLP
177 Broad Street
Stamford, Connecticut  06901
Phone:  203-653-5400
Fax:     203-653-5444

<u>CERTIFICATION</u>

I hereby certify that on June 11, 2012, a copy of the foregoing was electronically filed.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing though the Court's CM/ECF System.

By   _/s/ David P. Freidman_____
David P. Friedman (ct03558)