# EXHIBIT 1

# WEISS & LURIE

16th Floor
1500 Broadway
New York, New York 10036
TEL (212) 682-3025
FAX (212) 682-3010

May 31, 2012

New York . Los Angeles

The Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York                           **VIA ECF**
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

Re: <u>Goodman, et al. v. Genworth, et al.; 09-cv-5603 (JFB)(GRB)</u>

Dear Judge Brown:

Plaintiffs respectfully move this Court for an Order vacating and reconsidering the portion of its May 30, 2012 Order allocating to the parties equal examination time of the TJT witnesses. The Court's Order is based upon an incomplete record, as Plaintiffs were not afforded an opportunity to respond to Defendants' moving brief of the previous evening.[1] Contrary to Defendants' representation that counsel for the witnesses sought to "limit the length of their depositions, to half a day for each party," the fact is that the limitation sought was merely that each deposition be limited to seven hours. Equally dividing the deposition time between the parties is prejudicial to Plaintiffs and will impede their ability to make a complete record. By contrast, Defendants have previously deposed these witnesses in the Connecticut action, without Plaintiffs' participation and without time limitation, and aim to use their second chance to depose them to undermine their credibility, rather than to obtain substantive testimony.

Defendants have spared no effort or expense to thwart the development of a record from these witnesses, choosing instead to blatantly obstruct the depositions through intimidation and the gross exaggeration of the scope of the Injunction. They did so at their own peril and in complete disregard and contempt for the numerous decisions rendered by both this Court and the District Court of Connecticut on this specific issue. This Court has already described Defendants' conduct as "egregious" and a "complete barrier to reasoned discovery." January 24, 2012 Order at 13. Thus, it is precisely because of Defendants' wrongful obstruction of the prior depositions of these witnesses in this litigation and the expense and waste of time to which the Defendants subjected these witnesses that the witnesses sought to limit the renewed depositions to seven hours. Equally dividing those seven hours is grossly unfair to Plaintiff and punishes Plaintiffs for the Defendants' prior refusal to permit the witnesses to provide any substantive testimony to the numerous questions asked at their previous depositions.

---

[1]    On May 25, 2012, the parties participated in a status conference before the Honorable Joseph Bianco. Issues concerning the TJT depositions were referred to Your Honor. On the evening of May 29, 2012, Defendants filed a letter brief requesting that "each of Plaintiffs and Genworth be allowed to examine, and Genworth be allowed to cross-examine, each TJT Defendant for at least seven hours of testimony." While Plaintiffs were in the process of preparing an opposition to Genworth's letter, the Court issued its May 30th Order limiting the depositions to seven hours and allocating 3 ½ hours to Plaintiffs and 3 ½ hours to Defendants.

WEISS & LURIE

The Honorable Gary R. Brown  
United States Magistrate Judge

May 31, 2012  
Page 2

Genworth Has No Need For 3 1/2 Hours of Testimony

Plaintiffs have expended enormous resources and demonstrated in multiple submissions their right to obtain the TJT witnesses' testimony. As evidenced by the numerous questions posed by Plaintiffs to these witnesses at their thwarted depositions, three and one-half hours are insufficient for Plaintiffs to take the substantial testimony required. On the other hand, Genworth's desire to further explore credibility issues with these witnesses simply cannot justify the equal splitting of time at the depositions. Genworth is intimately familiar with the credibility issues and has conducted extensive depositions of each of the TJT witnesses thereon in the Connecticut case. Those credibility issues have been fully discovered by Genworth and perhaps may be the subject of cross-examination at trial. They otherwise have no relevance since credibility cannot be considered either in the context of class certification or summary judgment. *Lynch v. U.S. Automobile Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (In determining class certification "the court does not . . . make credibility determinations."); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 328-29 (S.D.N.Y. 2009) (In deciding summary judgment "the Court may not make factual findings, determine credibility of witnesses or weigh evidence.").

The TJT Witnesses

Since the outset of this Action, it was clear that the TJT witnesses likely were the most important witnesses in this case. Tim McMullan was the head of Genworth's Private Client Group for nearly the entire Class Period and was the primary person who communicated with Bob Brinker; Tim McFadden and James Cook were two of the six Account Executives who communicated with Plaintiffs and investors during the Class Period. All of the witnesses authored and/or received Class Period emails and documents that go to the heart of Plaintiffs' Claims. Moreover, all of the witnesses are intimately familiar with the issues alleged in the Complaint, including but not limited to: (1) Genworth's marketing materials and other uniform communications to investors, (2) the severe under performance of the Brinker portfolios caused by Genworth's failure to follow Brinker's recommendations, (3) Genworth's effort to procure revenue through targeted ASF fees, (4) Genworth's secret utilization of "Brinker Basic," and (5) Genworth's inability and failure to follow Brinker as a result of undisclosed operational issues.[2]

In November of 2011, Magistrate Judge Lindsay ordered that the depositions of the TJT witnesses proceed, warning Genworth about dangers of overbroad invocation of the Injunction: "if the defendants take the position that they can't answer any questions, right away I am going to know

---

[2] Contrary to Defendants' efforts to smear these witnesses, this Action was not brought about and is not being prosecuted because of some fantastical campaign by three former employees to destroy Genworth. Instead, Plaintiffs' securities laws claims are well-pled and were sustained by this Court because Defendants throughout the entire Class Period defrauded investors regarding the management of the "Brinker" portfolios. Over 20 merits deposition have been taken in this Action, including the five Plaintiffs, millions of pages of Genworth internal documents have been produced, and Defendants have failed to offer any evidence of record in this case that the TJT witnesses were anything other than whistle blowers to Genworth's securities fraud. As Harvey Pitt, the former Chairman of the SEC testified, McMullan "bl[ew] the whistle on what was going on at Genworth." Pitt Tr. at 209.

WEISS & LURIE

The Honorable Gary R. Brown                                              May 31, 2012
United States Magistrate Judge                                                    Page 3

there's a problem here, that isn't what was contemplated by the injunction in the District Court of Connecticut." After three full days of depositions, not a single word of substantive testimony was obtained by Plaintiffs' Counsel. Instead, what Plaintiffs obtained were approximately 700 hundred of pages of questions and blanket objections from Genworth purportedly based on the Injunction. Moreover, in the two depositions (amounting to nearly 400 pages) in which Defendants asked questions, Defendants' examination amounted to a mere 20 pages. Defendants did not create a record – though this was the entire purpose of the taking of the depositions – that could by any means justify equally dividing the deposition time for these witnesses.

Further warranting Plaintiffs' request, is the fact that Defendants have moved to strike documents cited in the Complaint and in Plaintiffs' Motion for Class Certification for lack of authentication. While Plaintiffs will oppose the motion to strike as baseless, a significant amount of Plaintiffs' allocated time will be consumed in exploration of these documents, which Defendants improperly prevented Plaintiffs from doing in the first round of depositions.

The Defendants Have Had a Full Opportunity to Depose These Witnesses

Defendants remarkably contend that they should be given a "full opportunity" to examine the witnesses. On March 31, 2011, this Court denied Defendants' Motion to Dismiss and set January 18, 2012 as the deadline for merits discovery. Thus, for nearly 9 1/2 months Defendants had ample opportunity to take the depositions of the witnesses. Yet, instead of seeking to take the deposition of these witnesses, as this Court aptly stated "counsel for Genworth has pursued a different tack." January 24, 2012 Order at 12. In fact, Defendants have spent an entire year doing everything possible to prevent the witnesses from being deposed in this Action, including: (1) arguing that the Injunction strictly prohibits these witnesses testifying, under any circumstances, including pursuant to a deposition or trial subpoena; (2) seeking to enforce the Injunction in Connecticut against the TJT witnesses; (3) moving the District of Connecticut to enjoin Plaintiffs' counsel from pursuing the depositions; (4) arguing that this Court has absolutely no authority to interpret the scope of the Injunction; (5) completely interfering with and obstructing these depositions by threatening sanctions against the witnesses if they answered Plaintiffs' questions; and (6) making lengthy, obstructionist, frivolous objections. *Id.* at 13.

In light of the fact that Genworth, had "ample opportunity to obtain" the depositions, asked only a handful of questions during the depositions, and has instead used the injunction as a sword to thwart the depositions and intimidate these witnesses, any examination by the Defendants should be limited to obtaining responses to the questions they previously asked. Fed. R. Civ. P. 26(b)(2)(ii).

Relief Requested

Based on the foregoing, Plaintiffs request that (1) this Court's May 30th Order allocating equal examination time be vacated, (2) that the Court limit Plaintiffs' examination of each TJT witness to six hours and Defendants' examination of each TJT witness to one hour, and (3) that the depositions be ordered to be completed within the next 30 days.

Respectfully submitted,

/s/ James E. Tullman