UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL | : | |
| WEALTH MANAGEMENT, INC. | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:09-CV-1521 (JCH) |
| | : | |
| v. | : | |
| | : | JULY 2, 2012 |
| TIMOTHY MCMULLAN ET AL., | : | |
|     Defendants. | : | |

**NOTICE**

Counsel for Plaintiff and counsel for Defendants have each submitted a letter with an attached proposed "Protective Order" for use in connection with FINRA arbitration involving some of the defendants here. The court has reviewed the proposed alternative drafts (and noted counsel's inability to reach agreement on what, to the court, seems to be a matter about which there should be little disagreement).

The court views the claimants' proposal (Exhibit A to Letter Filed by David Friedman on June 13, 2012 (Doc. No. 293)) as reasonable, that is, appropriate and responsive to the court's invitation, see Doc. No. 281 at 23, with three exceptions.

First, the court does not understand the need or appropriateness, for the scope of entities in paragraph seven. It would appear to the court that the sentence should end at "FINRA personnel," in the middle of line three. Unless there is some statutory obligation to disclose to the SEC in this context, this part of paragraph seven appears to run contrary to paragraph five, second sentence.

Second, it appears some provision requiring the signatories to agree to submit to the jurisdiction of the United States District Court for the District of Connecticut for the

purpose of any enforcement action brought there would be required.  Otherwise, if the promises cannot be enforced, the contract is an empty document.

Third, it would appear, if depositions will be taken in the FINRA arbitration, that a paragraph like the plaintiff's sixth paragraph would be appropriate.

With these three changes, it is this court's view that the claimant's version is adequate to address the needs of protecting confidential information, while allowing fair litigation of the claimants' claims.  The court expects the parties to enter into such agreement (claimants' version with three alterations).  If the parties fail to do so within fourteen days of this Notice, the court requests that it be so informed.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 2nd day of July, 2012.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge