Exhibit 6

Plaintiffs' Statement of Contested Issues of Fact and Law.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC,**<br><br>Defendants. | **Civil Action No. 3:09-CV-1521-(PCD)** |
| **TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC,**<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>**GURINDER AHLUWALIA,**<br><br>Third-Party Defendant. | **July 25, 2012** |

**PLAINTIFF'S STATEMENT OF CONTESTED ISSUES OF FACT AND LAW**

**STATEMENT OF CONTESTED ISSUES OF FACT**

<u>Genworth's Affirmative Claims Against the Defendants</u>

1. Whether Defendants breached their contractual confidentiality and non-disclosure obligations to Genworth by use of Genworth client information.

2. Whether the efforts taken by Genworth to guard its client lists and related client information were reasonable under the circumstances to afford them trade secret protection.

3. Whether Defendants' use of client lists, client assets, client account information and confidential business information and their disclosure to Charles Schwab and to class action plaintiffs' counsel in the <u>Goodman</u> case, both before and after their departures from Genworth, violated any duty or obligation to Genworth.

4. Whether the Defendants' misappropriation of Genworth's confidential and trade secret client information (1) offends public policy, (2) is immoral, unethical, oppressive or unscrupulous, and (3) caused substantial injury to Genworth, thus making it "unfair" conduct in violation of CUTPA.

5. Whether the Defendants' contact with Genworth's clients to solicit business, solicit participation in the class action, and to share notice of the class action, intentionally interfered with Genworth's customer relationships, and whether that conduct was tortious or otherwise improper.

6. Whether the Defendants were entitled to access Genworth's computer systems after their departure.

7. Whether Genworth incurred at least $5,000 in losses, including its costs of investigating its computer for damage and remedying the damage, as a result of the Defendants' unauthorized access to Genworth's computer systems.

8. The nature and specific amount of actual damages that Genworth has suffered as a result of the Defendants' conduct.

<u>The Principal Defendants' Counterclaims and Third-Party Claims</u>

9. Whether Genworth held a reasonable belief on August 24, 2009, when it sent letters and e-mails to PCG clients regarding its relationship with Mr. Brinker, that Mr. Brinker did not have a contract with TJT as of that date.

10. Whether Genworth made reasonable efforts to remove from both its marketing materials and its website the word "exclusive" from descriptions of Genworth's relationship with Mr. Brinker, after Genworth renewed its contract on a non-exclusive basis with Mr. Brinker in July 2009.

11. Whether Genworth's website statements specifically identified the Principal Defendants, and whether any third parties (such as a client or prospective client of Genworth or TJT) viewed such statements after Genworth made efforts to remove the word "exclusive" from its website.

- 3 -

12. Whether there is substantial proof establishing that Mr. Cordes' alleged statement to Ms. Zandy that Mr. McMullan "had stolen some records" was true.

13. Consideration of the following factors in determining whether Genworth or Mr. Ahluwalia engaged in "deceptive" conduct in violation of CUTPA: (1) whether Genworth or Mr. Ahluwalia made a representation, omission or other practice likely to mislead actual or potential customers of Genworth or TJT; (2) whether actual or potential customers interpreted the message reasonably under the circumstances; and (3) whether the misleading representation, omission, or practice was material.

14. Whether the Principal Defendants have suffered any ascertainable loss as a result of a violation of CUTPA by Genworth or Mr. Ahluwalia.

15. Whether Genworth or Mr. Ahluwalia intentionally interfered with the Principal Defendants' business relationships, and whether that conduct was tortious or otherwise improper.

16. Whether the Principal Defendants have suffered an actual loss that was caused by any tortious conduct of Genworth or Mr. Ahluwalia.

## STATEMENT OF CONTESTED ISSUES OF LAW

Genworth's Affirmative Claims Against the Defendants

17. Whether the Defendants breached contractual confidentiality and non-disclosure obligations that they owe to Genworth.

18. Whether Genworth has suffered actual damages as a result of the Defendants' breach of contract.

19. Whether Genworth's client list and related client information constitutes a trade secret.

20. Whether Genworth has sustained an actual loss, or the Defendants have been unjustly enriched, as a result of the Defendants' misappropriation of Genworth's trade secret information.

21. Whether the Defendants engaged in unfair and/or deceptive acts or practices that violate CUTPA.

22. Whether Genworth has sustained an ascertainable loss as a result of the Defendants' CUTPA violations.

23. Whether the Defendants tortiously interfered with Genworth's customer relationships.

24. Whether Genworth has suffered a loss that was caused by the Defendants' tortious conduct.

25. Whether Genworth has proven that Mr. Cook, Mr. McFadden and TJT are liable under the Computer Fraud and Abuse Act.

26. Whether Genworth has proven that the Defendants are liable under the Stored Communications Act.

27. Whether Genworth is entitled to actual compensatory damages pursuant to its claims against the Defendants.

28. Whether Genworth is entitled to punitive damages under CUTSA and CUTPA.

29. Whether Genworth is entitled to attorneys fees under CUTSA and CUTPA.

30. Whether Genworth is entitled to a permanent injunction against the Defendants.

The Principal Defendants' Counterclaims and Third-Party Claims

31. Whether Mr. McMullan, Mr. McFadden, Mr. Cook and TJT (the "Principal Defendants") have proven their claim of defamation against Genworth.

32. Whether Genworth has established a defense to the Principal Defendants' defamation claim by presenting substantial proof demonstrating that one or more of its alleged defamatory statements were, in fact, true.

33.     Whether the Principal Defendants have proven their claim for disparagement when it is "a species of defamation".

34.     Whether the Principal Defendants have proven that Genworth and Mr. Ahluwalia engaged in deceptive conduct in violation of CUTPA.

35.     Whether the Principal Defendants have proven that they suffered an ascertainable loss as a result of a violation of CUTPA by Genworth or Mr. Ahluwalia.

36.     Whether the Principal Defendants have a legal claim for tortious interference with business expectancy and the identical claim of common-law unfair competition, including whether Genworth and Mr. Ahluwalia engaged in conduct which rises to the level of being tortious and improper.

37.     Whether the Principal Defendants have proven that they suffered an actual loss that was caused by tortious conduct of Genworth or Mr. Ahluwalia.

Dated:  Hartford, Connecticut
            July 25, 2012

Respectfully Submitted,

/s/ Reid Ashinoff
SNR DENTON US LLP
Reid L. Ashinoff  *(admitted phv)*
Sandra D. Hauser *(admitted phv)*
Brendan E. Zahner *(admitted phv)*
1221 Avenue of the Americas
New York, NY 10020
reid.ashinoff@snrdenton.com
sandra.hauser@snrdenton.com
brendan.zahner@snrdenton.com
Tele: (212) 768-6700
Fax: (212) 768-6800

Eric W. Wiechmann (CT 04331)
Elizabeth M. Smith (CT 19808)
ewiechmann@mccarter.com
esmith@mccarter.com
McCARTER & ENGLISH, LLP
City Place I, 185 Asylum Street
Hartford, Connecticut 06103-3495
Tele: 860-275-6763
Fax: 860-560-5970

*Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*