**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GENWORTH FINANCIAL | : | |
| WEALTH MANAGEMENT, INC. | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:09-CV-1521 (JCH) |
| | : | |
| v. | : | |
| | : | JULY 27, 2012 |
| TIMOTHY MCMULLAN ET AL., | : | |
| Defendants. | : | |

**NOTICE**

On July 2, 2012, this court issued a Notice of its expectation that the parties to FINRA arbitration would enter into an agreement regarding their requests to the court for a protective order and requested that the parties notify the court if they failed to enter into such an agreement within fourteen days. <u>See</u> Notice (Doc. No. 298). On July 17, 2012, counsel for the plaintiff notified the court that such an agreement had not been reached. <u>See</u> Status Report (Doc. No. 299). It appears that the parties continue to disagree with respect to paragraphs eight and thirteen of the plaintiff's revised proposed order (Doc. No. 299-1). Although plaintiff's counsel noted in his July 17 letter that he hoped this issue would be resolved within a week, no party has reported anything further to the court on this issue. The court views plaintiff's proposal (Doc. No. 299-1) to be appropriate, as modified by the two comments that follow.

With regard to paragraph eight of plaintiff's proposal (Doc. No. 299-1), it is the court's view that it will not enter an order that, by its terms, seeks to prevent involuntary disclosure to any state or federal regulatory authority. What the court does intend to do is to prevent persons involved in the FINRA arbitration, and receiving discovery from another person or entity in that proceeding, from <u>voluntarily</u> disclosing documents or

other confidential information held or known to that person or entity only because he or it received it in connection with the FINRA arbitration.  Thus, amending plaintiff's proposal as follows would make that clear: "Nothing in this Protective Order shall restrict the right of the parties to disclose such Confidential Information to the FINRA arbitrators assigned to this case (the "Panel"), stenographic reporters, and FINRA personnel administering this case.  The parties may, without violating this Protective Order, respond to regulatory authorities entitled by statute, regulation, or SRO rules to such disclosure."

Second, with respect to paragraph thirteen of plaintiff's proposal (Doc. No. 299-1) and paragraphs thirteen and fourteen of FINRA claimants' proposal (Doc. No. 299-2), the court notes that counter claimants' proposal omits the explicit submission to the jurisdiction of this court for the enforcement of the Protective Order that is included in plaintiff's proposal.  It could be suggested that FINRA claimants' proposal, by agreeing to "enforcement" in this court, acknowledges this court's jurisdiction sub silencio. However, given the proposed deletion by the FINRA claimants of the express submission, agreement to such submission should be made explicitly.  Further, the court does not understand counter claimants' paragraph thirteen—beginning after "arbitration" in line 1—and does not view it as necessary.

With these comments and the amendment to paragraph eight set forth above, it is this court's view that plaintiff's version is adequate to address the needs of protecting confidential information, while allowing fair arbitration of the FINRA claims.  The court expects the parties to enter into such agreement (plaintiff's version with the alteration). If the parties fail to do so within fourteen days of this Notice, the court requests that it be

so informed.  Absent some showing of good cause, if the parties do not enter into a protective order as described above, the court does not expect to approve a protective order, and thus, expects its injunction will prevent disclosure by defendants.


**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 27th day of July, 2012.



_____/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge