# Exhibit A

## Kroot, Joshua

| **From:** | Kroot, Joshua |
| **Sent:** | Monday, August 06, 2012 3:05 PM |
| **To:** | 'Martin Ryan'; David P. Friedman |
| **Cc:** | Ashinoff, Reid L.; Zahner, Brendan E. |
| **Subject:** | Levi/FINRA Protective Order |
| **Attachments:** | FINRA Protective Order Revise 8-6-2012.pdf |

Dear Martin and David,

Attached, please find a revised protective order, which makes the change ordered by Judge Hall in her 7/30/2012 order (Doc. No. 305). Martin, please sign and email a PDF of the signature page to us as soon as possible so that Genworth can make its production. David, given our concerns about communicating directly with Messrs. McFadden and McMullan, please forward the attached to them for their signature.

Best regards,

Josh

FINANCIAL INDUSTRY REGULATORY AUTHORITY

| | |
|---|---|
| **TRUDY LEVI and BAROUKH LEVI,** individually, jointly and as Trustee on behalf of the Baroukh Levi Living Trust dated 3/20/95, the Park Anesthesiologist Profit Sharing Plan, the Park Anesthesia Profit Sharing Plan, the Professional Anesthesia SC Employee Retirement Plan, the Park Anesthesia LLC 401k Plan, and the Baroukh Levi IRA, <br><br> Claimants, <br><br> v. <br><br> **CAPITAL BROKERAGE CORPORATION, TIMOTHY MCFADDEN, TIMOTHY MCMULLAN, ALEXANDER OVERKAMP, JEFFREY JOSEPH, GENWORTH FINANCIAL WEALTH MANAGEMENT, INC.,** including its Private Client Group division, and **GENWORTH FINANCIAL ASSET MANAGEMENT, INC.,** <br><br> Respondents. | **FINRA DR No. 11-03458** |

### STIPULATED AGREEMENT AND PROTECTIVE ORDER GOVERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, in the course of this arbitration disclosure may be sought of information which a party regards as being of a confidential nature; and

WHEREAS, TRUDY LEVI and BAROUKH LEVI, individually, jointly and as Trustee on Behalf of the Baroukh Levi Living Trust Dated 3/20/95, the Park Anesthesia Profit Sharing Plan, the Professional Anesthesia SC Employee Retirement Plaint, the Park Anesthesia LLC 401k Plan, and the Baroukh Levi IRA ("Claimants") and Capital Brokerage Corporation, Timothy McFadden, Timothy McMullan, Alexander Overkamp, and Jeffery Joseph ("Respondents") desire to establish a mechanism to protect the disclosure of such confidential information in this arbitration;

IT IS HEREBY STIPULATED by and between the parties hereto that the following Stipulated Agreement and Protective Order Governing the Exchange of Confidential Information ("Protective Order") shall govern the disclosure of confidential documents and information provided by the parties in this action.

1.  The term "Confidential Information" as used herein means and includes non-public documents and information concerning or relating to income tax returns, income tax

related records, account statements, account information forms, health and medical records and other personal or non-public information of any of the parties, as well as salary information, personnel-related records, financial records, and any other documents which reasonably may be determined to contain confidential information.

2.    This Protective Order governs the disclosure of all Confidential Information, including all copies, excerpts, and summaries thereof, as well as notes, pleadings, memoranda, reports, or other written communications that reveal or contain such Confidential Information.

3.    The parties or their respective counsel, may designate as "CONFIDENTIAL" any documents or information (including portions thereof) that are disclosed in connection with this proceeding, if they in good faith deem that such documents or information contain Confidential Information.

4.    Documents or information (including portions thereof) may be designated as Confidential by stamping the documents or information with the legend "Confidential" prior to their production, or counsel for the producing party may designate, by bates-stamp, the documents that are Confidential. Stamping such a legend on the cover or top page of any multiple-page document shall so designate all pages of such document, unless otherwise indicated by the producing party.

5.    With respect to information contained in deposition testimony or other materials used or introduced at depositions or court hearings, the parties, non-parties or their respective counsel may designate appropriate portions of the transcript and exhibits that contain Confidential Information either by making a statement on the record in the course of the deposition or hearing that the testimony or exhibit is Confidential, or by stating on the record that they intend to designate specific portions of the testimony as confidential by letter. Any letter designating portions of testimony as confidential shall be served on all counsel in this action within 60 calendar days of receipt of the transcript of testimony. If it has been indicated on the record that all or a portion of the transcript will be designated Confidential, then the entire transcript shall be treated as Confidential Information under this Protective Order until the expiration of the 60-day period for designation. Counsel for the designating or producing party shall instruct the Court reporter to affix the following legend, or similar language, on the front of the original transcript, and on each copy of the transcript: "CONTAINS CONFIDENTIAL INFORMATION." If all or part of a recorded deposition is designated as "Confidential," the audio, video or other media container shall be labeled with the appropriate legend.

6.    All Confidential Information produced hereunder shall be retained in the possession and control of counsel receiving such Confidential Information in such a manner as to preserve its confidential nature. Such Confidential Information shall not be used for any purposes by the parties, or on their behalf, other than in connection with this arbitration proceeding and any subsequent related proceedings, such as a Petition to Vacate and/or Modify Arbitration Award, and shall not be disclosed to any person or entity by any party or their counsel, except as expressly permitted herein.

7.    Confidential Information may be disclosed to persons who are members of, associated with, or legal assistants employed or experts and/or consultants retained by the

parties' undersigned counsel where such disclosure is needed in connection with and/or in preparation for arbitration, provided that the person to whom such disclosure is made complies with the provisions of paragraph 8 hereof.

8.     Nothing in this Protective Order shall restrict the right of the parties to disclose such Confidential Information to the FINRA arbitrators assigned to this case (the "Panel"), stenographic reporters, and FINRA personnel administering this case. The parties may, without violating this Protective Order, respond to regulatory authorities entitled by statute, regulation, or SRO rules to such disclosure.

9.     Any prospective witness, expert or consultant for the parties to whom any of the Confidential Information is proposed to be disclosed shall agree to be bound by the terms of this Protective Order.

10.    Each party has the right to object to the designation of Confidential Information by the other party. Such objection shall set forth fully the reasons why the objecting party believes such designation is improper. If the parties are unable to come to an agreement, any party may, on reasonable notice, apply for a ruling by the Panel Chairperson. The designated Confidential Information at issue shall continue to be treated as confidential unless the Panel Chairperson issues an order to the contrary.

11.    The parties, their respective counsel, and any other person bound by the terms of this Protective Order, shall utilize the Confidential Information solely in accordance with the provisions of this Protective Order.

12.    Neither this Protective Order nor the provision of any Confidential Information hereunder shall be construed as a waiver of any party's rights (a) to object to any discovery request on the basis of confidentiality, relevance, privilege or any other applicable ground; (b) to object to the introduction of any Confidential Information, as defined herein, as evidence at any hearing in this matter; and/or (c) to seek other and further protections as to any Confidential Information that may be offered or admitted as evidence at any hearing in this matter.

13.    The Panel shall determine the scope of discovery in this arbitration and this Protective Order may be enforced by the United States District Court for the District of Connecticut. The parties agree to submit to the jurisdiction of the United States District Court for the District of Connecticut, for the purpose of any action or motion to enforce this agreement.

14.    Counsel for each party may maintain a copy of all documents designated as Confidential, subject to the terms of this Confidentiality Agreement, for a period of seven years following the final termination of this arbitration, including all appeals and/or subsequent related litigation, if any. Upon termination of this seven year period, all copies of the documents designated as Confidential will be destroyed or returned to the producing party.

15.    If any receiving party receives a subpoena for documents subject to this Protective Order, the person subpoenaed must inform the subpoena's issuer of this Protective Order, provide the subpoena's issuer with the copy of the Protective Order, and give the producing party prompt notice by email of the subpoena within two (2) business days after its receipt, and shall not produce any documents in response to the subpoena unless and until the party that designated

the documents or information as Confidential indicates that it has no objection to such production, or otherwise has an adequate opportunity to object prior to the production of any responsive material.

So Stipulated:

                                                  Respondents Capital Brokerage Corporation, Alexander Overkamp and Jeffery Joseph

DATED: August __, 2012        By:    _____
                                                  REID ASHINOFF, their attorney

                                                  Respondent Timothy McFadden

DATED: August __, 2012                _____
                                                  Timothy McFadden

                                                  Respondent Timothy McMullan

DATED: August __, 2012                _____
                                                  Timothy McMullan

- 5 -

                                    Claimants

DATED: August __, 2012        By:    _____
                                                  MARTIN Q. RYAN, their attorney


DATED: August __, 2012        So ordered: _____
                                                      Panel Chairperson