UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 3:09-CV-1521-JCH |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION OF INJUNCTION** <br><br> October 30, 2012 |

Plaintiff/Third-Party Defendant Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia (collectively "Plaintiff") respectfully submit this memorandum in response to Defendants'/Third-Party Plaintiffs' (collectively "Defendants") Motion for Clarification (Dkt. 321).

## ARGUMENT

The Defendants are asking the Court to provide a blanket waiver of the injunction, so that the Defendants can seek expungement and respond to a FINRA investigation with absolutely no

restrictions.  If the Defendants' request was limited to the specific FINRA inquiry -- which asks about whether and when they took Genworth customer data, what they took, who they shared it with, and whether they sought authorization from Genworth before taking it, then Genworth might well have no objection.  But the Defendants seek far broader authority from the Court, claiming that they require complete and utter discretion to disclose whatever they deem fit, with no specificity, no parameters, and no protection of confidentiality for Genworth.  Genworth's problem with this request is that Defendants have made clear in litigating this lawsuit that <u>their</u> view of what is "responsive" to questions regarding their misappropriation of Genworth customer information extends to include their allegations of wrongful conduct by Genworth which are the subject of the *Goodman* Class Action in the E.D.N.Y. (Dkt. 314).  Magistrate Judge Smith squarely rejected Defendants' efforts to connect the Goodman allegations to their theft of client data (Dkt. 152), holding that such allegations and evidence of alleged wrongdoing by Genworth <u>have nothing to do with, and are no defense to, whether Defendants misappropriated Genworth's customer information</u>.

  Defendants' current request is thus excessive and wholly at odds with the approach this Court has already taken on the same issues presented by this Motion.  It bears repeating that the Defendants were enjoined after the Court found that they had engaged in serious wrongdoing, which included taking Genworth's information, destroying evidence of that theft and lying in Court about that destruction of evidence.

   Plaintiff requests that instead of the complete waiver the Defendants seek, the Court give the Defendants some latitude to respond to the FINRA requests, but not to allow Defendants to further their judicially recognized goal of damaging Genworth and its reputation (Dkt. 101 at 13-14, 15, 16-17),   especially in a FINRA forum where (i) no protective order is in place, and (ii) Plaintiff is not present to defend against those gratuitous and irrelevant allegations.  In short, this

ME1 14346922v.1

Court should not allow Defendants to present their alleged class action evidence and claims against Genworth in response to the FINRA questions about their taking of Genworth's client information. In the alternative, this Court should require Defendants to present their proffer to FINRA here in advance to this Court, and to show with specificity how what Defendants seek leave to produce or to say is actually responsive to, and insists upon tailoring any response which includes Genworth information protected by the injunction to what is actually called for under the FINRA requests.

1. <u>FINRA Investigation</u>

Regarding the FINRA investigation, the Defendants apparently received the request from FINRA in August and waited almost two months to advise the Court. The FINRA investigation, by Defendants' own description, deals with whether the Defendants have "taken customer data from Genworth." (Dkt. 321 at 2) Plaintiff submits that the Defendants should be permitted to respond solely to the core facts requested in the specific FINRA inquiry: whether and when they took Genworth customer data, what they took, why, who they shared it with and whether they sought authorization from Genworth before taking it.

In contrast to seeking a narrow exception to respond to FINRA's actual inquiry regarding Genworth's customer data, the Defendants are asking the Court to completely unfetter them from the Court's injunction: "[t]he Individual Defendants must therefore be in a position to provide <u>all</u> information <u>they deem responsive</u> to the inquiry . . ." (Dkt. 321 p. 3) (emphasis added) Similarly here, the Court should both demand specificity, and limit the Defendants to providing evidence that responds to the FINRA inquiry, without airing their so-called class action allegations of alleged wrongdoing on Genworth's part. The Defendants clearly took customer information to establish their own competing business, and they can simply inform FINRA that they did so. Rehashing class allegations is not responsive to the FINRA requests of these

Defendants, just as those allegations are no defense to the misappropriation of Genworth's customer information at issue in this lawsuit. (See Decision of Magistrate Judge Smith, Dkt. 152, and Genworth's Motion *in Limine* No. 1, Dkt. 301 in this case, hereby incorporated into this Response) The Defendants have instigated the *Goodman* class action and seek to inject their allegations against Genworth with almost every document they file, everywhere they can. Defendants cannot and should not be the sole arbiter of what they can disclose, especially when their motion fails to apprise the Court in even general terms of what they propose to disclose and why. The Court should not accept on faith that the Defendants can be trusted to unilaterally decide what they can disclose.

Finally, the Defendants are on record in this case as having destroyed every single copy of the client lists they took from Genworth and/or sent to Charles Schwab. Assuming that they do intend to produce this evidence, and assuming that the Defendants' account of their spoliation is accurate, as to FINRA's request for the names of the affected customers, the Defendants do not possess this information in their own corporate or personal records.[1] As the Court has already found, the only reason these documents surfaced was because Charles Schwab produced them subject to the protective order in this case. (Dkt. 101, 88, 26) Charles Schwab previously refused to allow their documents to be produced in the *Goodman* case, and there is no reason to believe that the Defendants have obtained the consent of Charles Schwab or even notified Charles Schwab that they intend to produce these Schwab documents to FINRA. Defendants certainly did not notify Genworth within ten business days that its customer data was being sought by FINRA, as required under the protective order. (Dkt. 26 at ¶ 15)

---

[1] The list of customer data transmitted to Charles Schwab is more extensive than the Defendants' own current client list, and therefore the Defendants presumably cannot use their own database if they intend to respond truthfully to FINRA. Because the list sent by Defendants to Charles Schwab includes the names of Genworth customers who never moved to TJT, it is clear that the customers were not the source of that data and did not authorize its transfer to Charles Schwab.

As such, the Defendants' request raises different issues under the protective order as opposed to the injunction, which have not been briefed, as well as the rights of a non-party to this case.  At an absolute minimum, the Defendants should be required to detail exactly what documents or information they intend to disclose to FINRA, who those documents belong to and whether that party has consented or been notified and given a fair opportunity to be heard. Presumably there is a manner of providing the information and also protecting confidentiality, by redaction or some other method.  But Defendants are instead asking the Court to simply disregard the rights of Genworth and Charles Schwab and let the Defendants produce whatever they please with no notice to anyone.  The Court should deny the motion until the Defendants have informed the affected parties and the Court of this information, or else the Defendants apparently will send Charles Schwab documents containing Genworth's confidential client list to FINRA with no confidentiality protections at all, even though Genworth is not a member of FINRA and Schwab has no notice of what is happening.

2.     Expungement

The recently settled claim in the FINRA arbitration concerned an allegation that a single customer's accounts were divested from the stock market without permission, and then reinvested into the market too slowly.  Defendants again do not make clear what exactly they intend to submit in support of a request for expungement, including what Genworth data they possess such that disclosure would violate the injunction. Just as with the FINRA investigation, there is no connection between the Defendants seeking expungement (i.e. showing that the FINRA Claimants' individual allegations against them are unfounded) and the Defendants' allegations against Genworth -- and the Defendants should not be freed by an overbroad waiver of the injunction to launch new allegations against Genworth that are entirely disconnected from the purpose they articulate.

As an initial point, the FINRA arbitration panel found that evidence regarding the class action was unnecessary to the FINRA arbitration, and barred discovery going to the Claimants' *Goodman* type claims, ruling that only FINRA "List 1" documents need to be produced. (See Exhibits A and B)  The FINRA panel held that the List 1 documents only involve the handling of the specific Claimants' accounts, and not any proprietary information. (Exhibit A)  Just like Magistrate Judge Smith, the FINRA panel declined to accept Defendants' claim that their fraud allegations against Genworth are a defense to any allegation against them.  Given the request for a broad waiver and the lack of specificity in Defendants request, Genworth has to conclude that Defendants' request has nothing to do with expungement, but rather everything to do with their continuing efforts to import allegations against Genworth into this now concluded FINRA arbitration, notwithstanding the rulings by the FINRA panel.  The Court should refuse to accept that Defendant McMullan, for example, needs to use a broad and undisclosed swath of Genworth's confidential information to explain whether he did or did not follow a single client's buy or sell orders.

The Defendants again have offered no reason why they need to provide Genworth's confidential information or air their grievances against Genworth to obtain expungement.  The FINRA arbitration panel ruled that List 1 documents are what is required in the FINRA arbitration, not a collection of documents relating to the Defendants' issues with Genworth.  Moreover, even if Genworth's confidential information was required to seek expungement, which it is not, the suggestion that the procedures the Court has already mandated are not "applicable or feasible" with regard to the expungement claim is completely incorrect.  (Dkt. 321 fn 2)  There is no indication that the FINRA Claimants will not actively participate in any expungement proceeding that must seek to establish that the FINRA Claimants' claims were false, factually impossible or clearly erroneous.  (FINRA Rule 2080, Exhibit C)  The Court's

- 6 -

prior rulings have already detailed the conditions for disclosing confidential information in the

FINRA Arbitration to the FINRA Claimants and panel, and those rulings should not be disturbed

ME1 14346922v.1

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' motion be denied, or in the alternative, that Defendants be expressly prohibited from repeating their allegations concerning Genworth either in response to FINRA's inquiry or in the process of seeking expungement.

Dated: New York, New York
October 30, 2012

                            Respectfully Submitted,

                            /s/ Reid Ashinoff
                              Reid L. Ashinoff *(admitted phv)*
                              Sandra D. Hauser *(admitted phv)*
                              Brendan E. Zahner *(admitted phv)*
                              SNR DENTON US LLP
                              1221 Avenue of the Americas
                              New York, NY 10020
                              reid.ashinoff@snrdenton.com
                              sandra.hauser@snrdenton.com
                              brendan.zahner@snrdenton.com
                              Tele: (212) 768-6700
                              Fax: (212) 768-6800

                              McCARTER & ENGLISH, LLP
                              Eric W. Wiechmann (CT 04331)
                              Elizabeth M. Smith (CT 19808)
                              City Place I, 185 Asylum Street
                              Hartford, Connecticut 06103-3495
                              ewiechmann@mccarter.com
                              esmith@mccarter.com
                              Tele: 860-275-6763
                              Fax: 860-560-5970

                              *Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*

- 9 -

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 30th day of October, 2012 via electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                    /s/ *Elizabeth M. Smith*

ME1 14346922v.1