# EXHIBIT 1

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GENWORTH FINANCIAL WEALTH . Case No. 3:09-CV-01521
. (VLB)
MANAGEMENT, INC., .
.
Plaintiff, .
. Hartford, Connecticut
v. . April 8, 2010
.
TIMOTHY MCMULLAN, ET AL., .
.
Defendants. .
. . . . . . . . . . . . . .

HEARING ON MOTION TO COMPEL AND
TEMPORARY RESTRAINING ORDER
BEFORE THE HONORABLE VANESSA L. BRYANT
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:    Robinson & Cole
                      By:  ELIZABETH SMITH, ESQ.
                      280 Trumbull Street
                      Hartford, CT 06103

                      Sonnenschein, Nath & Rosenthal
                      By:  SANDRA D. HAUSER, ESQ.
                           DAVID R. BAUM, ESQ.
                           REID L. ASHINOFF, ESQ.
                      1221 Avenue of the Americas
                      24th Floor
                      New York, NY 10020

                      Paul Hastings, Janofsky &
                      Walker
                      By:  BRAD BLOODWORTH, ESQ.
                      875 15th Street, N.W.
                      10th Floor
                      Washington, DC 20005

Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.

---

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

1  that such a right does not exist by virtue of the
2  employment relationship?
3              MR. MACDONALD: There's a scale, and
4  obviously, at some point, we're divulging company
5  information as a new formula for Coca-Cola that yes, you
6  certainly could not divulge that kind of thing. And I
7  think farther up the scale, you get to more opinionated
8  things, such as where we're at here, which is I think
9  that Genworth was not doing what it was telling you he
10 was doing with regard to your investments. That's not
11 divulging a trade secret. And I think that maybe where
12 kind of the same page as far as --
13             THE COURT: Okay, so your argument is that a
14 former employee can divulge information that they
15 learned because they were employees of a company, as
16 long as that information which they disclose is not a
17 trade secret?
18             MR. MACDONALD: Yes.
19             THE COURT: Okay.
20             And you -- okay, so you concede that if the
21 information is a trade secret, your client should be
22 precluded from disclosing it?
23             MR. MACDONALD: If it is a trade secret in the
24 context of talking to other people about the misconduct
25 at Genworth. I'm going to limit it to that. Then I

1  think there is a real question about -- well, it's not a
2  question.  I think it's again a sliding scale of where
3  you go.  We certainly don't want whistleblowers to stop
4  blowing whistles.  We don't want to -- we certainly
5  don't want any rule that says that you can never leave a
6  corporation and divulge anything to anyone.
7          THE COURT:  Well, a whistleblowers statute
8  permits disclosure of believed illegal activity --
9          MR. MACDONALD:  That's right.
10         THE COURT:  -- to a public body.  I don't
11 think that that's what the Plaintiffs are seeking to do,
12 to preclude your client from going to the SEC or some
13 other agency.
14         MR. MACDONALD:  Right, because, of course,
15 that would be utterly defenseless.  You could not argue
16 that.
17         THE COURT:  So, that's not before the Court.
18         MR. MACDONALD:  Yeah, I think --
19         THE COURT:  I'm asking you to join the issue,
20 because we have a limited time.
21         MR. MACDONALD:  Fair enough.
22         But, Judge, I'll just leave it at this.
23         THE COURT:  Yes.
24         MR. MACDONALD:  I don't think it's an on and
25 off switch.  I think that there is a point at which the

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


/s/_____                May 5, 2010
    STEPHEN C. BOWLES