# EXHIBIT 2

## Expungement Rules 12805 and 13805 (Including Rule 2080)

The SEC has approved FINRA Dispute Resolution's new expungement rules. The new rules apply to any expungement order issued on or after January 26, 2009. The new rules are contained in the FINRA Codes of Arbitration Procedure for Customer and Industry Disputes, Rules 12805 and 13805 respectively.

The new rules establish new procedures that arbitrators must follow when considering requests for expungement relief of customer dispute information from the CRD System under Conduct Rule 2080. These new procedures are designed to: (1) make sure that arbitrators have the opportunity to consider the facts that support or oppose a decision to grant expungement; and (2) to ensure that expungement occurs only when the arbitrators find and document one of the narrow grounds specified in Rule 2080.

Pursuant to the new rules, in order to grant expungement of customer dispute information under Rule 2080, the panel must:

    (a) Hold a recorded hearing session (by telephone or in person) regarding the appropriateness of expungement. This paragraph will apply to cases administered under Rule 12800, the Simplified Arbitration procedures, even if a customer did not request a hearing on the merits.

    (b) In cases involving settlements, review settlement documents and consider the amount of payments made to any party and any other terms and conditions of a settlement.

    (c) Indicate in the arbitration award which of the Rule 2080 grounds for expungement serve(s) as the basis for its expungement order and provide a brief written explanation of the reason(s) for its finding that one or more Rule 2080 grounds for expungement applies to the facts of the case. Therefore, the arbitrators must make one of the following findings:
        1. The claim, allegation, or information is factually impossible or clearly erroneous; or
        2. The registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds; or
        3. The claim, allegation, or information is false.

    (d) Assess all forum fees for hearing sessions in which the sole topic is the determination of the appropriateness of expungement against the parties requesting expungement relief.

Rule 2080 requires that all directives to expunge customer dispute information from the CRD system be confirmed by or ordered by a court of competent jurisdiction. It also requires that FINRA members or associated persons name FINRA as an additional

party in any court proceeding in which they seek an order to expunge customer dispute information or request confirmation of an award.

**Please be advised that FINRA will generally oppose confirmation of the expungement portion of the arbitration award in most cases where it participates in the judicial proceeding.**

These new rules do not affect FINRA's practice of permitting expungement, without judicial intervention, of information from the CRD system as directed by arbitrators in intra-industry arbitration awards that involve associated persons and firms based on the defamatory nature of the information ordered expunged. Arbitrators must clearly state in the award that they are ordering expungement relief based on the defamatory nature of the information in the CRD system.

For more information about expungement Rules 12805 and 13805, review Regulatory Notice 08-79.