UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br><br> Plaintiff, <br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 3:09-CV-1521-JCH |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br><br> Third-Party Plaintiffs, <br> v. <br><br> GURINDER AHLUWALIA, <br><br> Third-Party Defendant. | **PLAINTIFF'S MOTION FOR EXPEDITED SCHEDULING OF FINAL PRETRIAL CONFERENCE** <br><br> November 5, 2012 |

Plaintiff/Third-Party Defendant Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia (collectively "Plaintiff") respectfully submit this motion to request that the final pretrial conference in this case, which is currently scheduled for November 20, 2012, be rescheduled to an earlier date. Alternatively, Plaintiff requests an opportunity to address two specific issues related to the final pretrial conference with the Court on an expedited basis, following the motion hearing that is currently scheduled for today, November 5, 2012 at 3:00 p.m. Defendants oppose this motion.

ME1 14362326v.1

The two issues for which Plaintiff seeks expedited resolution are: (1) Plaintiff's Motion in Limine No. 1 (Doc. No. 301) relating to evidence regarding the alleged merits of Defendants' allegations that Genworth wrongfully managed its clients' accounts; and (2) the Court's anticipated schedule of dates for holding trial and the method for handling witnesses who are expected to be called to testify both as to Genworth's affirmative claims against Defendants, and as to Defendants' counterclaims against Genworth. Early guidance on these scheduling issues is sought because both issues can impact the length of trial, and the scope and magnitude of witnesses, testimony and trial exhibits that will be introduced at trial.

Good cause exists for granting the requested relief. As matters currently stand, the final pretrial conference will take place only two weeks before trial commences. The two issues raised above will significantly impact the trial planning and the travel schedules for various witnesses.

With regard to evidence, for example, Genworth's trial exhibits and witness designations were made in reliance upon the prior ruling by Magistrate Judge Smith dated February 11, 2011 (Doc. No. 152), where the court barred Defendants from seeking or offering any discovery related to their allegations of wrongdoing by Genworth in the management of clients' accounts, holding that such evidence was "irrelevant to the instant action." (Doc. No. 152 at 2). Defendants designated both witnesses and numerous trial exhibits related to these allegations against Genworth. Genworth's Motion in Limine 1 (Doc. No. 301) addresses this evidence. Depending on whether this Court determines that such evidence will be admissible or not at trial, the Plaintiff and possibly the Defendants will need to modify their trial designations and strategy to address the introduction of significant additional testimony and evidence, the number of witnesses who will testify, the exhibits to be introduced, and potentially the timing, length, number and nature of each witness' testimony.

Similarly, Plaintiff anticipates that certain witnesses may be called to testify regarding two distinct issues – first relating to the issues raised in Plaintiff's case in chief, and then later relating to Defendants' separate and distinct counterclaims. Plaintiff seeks guidance as to how the Court would like the parties to handle those witnesses for direct and cross examination in order to ensure that evidence is introduced appropriately and any objections are preserved. The resolution of this issue also will impact the timing and flow of trial and the timing of the witnesses' appearances.

If these issues are not addressed sooner than November 20th, Plaintiff anticipates that it will be much more difficult and costly for the parties and the witnesses to arrange their schedules and make or modify travel arrangements at the last minute in order to appear at trial, particularly in light of the intervening holiday season running from the current date of the pretrial conference through the trial.[1]

---

[1] Thanksgiving falls on November 22, 2012, and Hanukkah begins on December 8, 2012.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reschedule the final pretrial conference to an earlier date, or in the alternative, allow the parties to address the two issues identified above with the Court following the November 5, 2012 motion hearing.

Dated:   Hartford, CT
         November 5, 2012

                                      Respectfully Submitted,

/s/ Elizabeth M. Smith
Eric W. Wiechmann (CT 04331)
Elizabeth M. Smith (CT 19808)
McCARTER & ENGLISH, LLP
City Place I, 185 Asylum Street
Hartford, Connecticut 06103-3495
ewiechmann@mccarter.com
esmith@mccarter.com
Tele: 860-275-6763
Fax: 860-560-5970

Reid L. Ashinoff  *(admitted phv)*
Sandra D. Hauser *(admitted phv)*
Brendan E. Zahner *(admitted phv)*
SNR DENTON US LLP
1221 Avenue of the Americas
New York, NY 10020
reid.ashinoff@snrdenton.com
sandra.hauser@snrdenton.com
brendan.zahner@snrdenton.com
Tele: (212) 768-6700
Fax: (212) 768-6800

*Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*

- 5 -

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 5th day of November, 2012 via electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                /s/ *Elizabeth M. Smith*