**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | ) ) ) | Civil Action No. 3:09-CV-01521-JCH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC | ) ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | ) ) ) ) | DECEMBER 3, 2012 |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GURINDER AHLUWALIA | ) ) ) | |
| Third-Party Defendant. | ) | |

**DEFENDANTS / THIRD-PARTY PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION / CLARIFICATION**

Pursuant to Rule 7(c) of the Local Rules of Civil Procedure, Defendants and Third-Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera, and TJT Capital Group, LLC (collectively "Defendants") respectfully move for reconsideration / clarification on a limited basis, of the Court's decision (Docket No. 349) granting, as stated on the record, Motion in Limine No. 1

filed by Plaintiff Genworth Financial Wealth Management, Inc., and Third-Party Defendant Gurinder Ahluwalia (collectively, "Genworth") (Docket No. 301).[1]

Defendants request that the Court reconsider / clarify its decision for the sole and limited purpose of addressing whether testimony and documentary evidence regarding the full content of the communications between Defendants McMullan, McFadden, and Cook (the "Principal Defendants") and customers following the Principal Defendants' departure from Genworth will be permitted at trial. Because the claim that Defendants allegedly misled clients by not fully disclosing their involvement in the class action was not part of Genworth's original complaint, given that the allegedly misleading communications did not occur until well after the filing of the complaint, and because Genworth never amended its complaint in the 39 months following the commencement of this action, if the claim is to be part of the trial, Defendants must be allowed to defend themselves in a meaningful way by providing the full content of those communications. If Defendants are denied the opportunity to speak to the totality of those communications, they will be prejudiced in that the issue of whether or not the communications were deceptive will be decided upon a consideration of only that portion of those communications that Genworth has deemed it advantageous to proffer.

---

[1] In requesting reconsideration on a limited basis, Defendants do not waive any of the much broader arguments previously raised by them in opposition to Motion in Limine No. 1 (Docket No. 301). While Defendants continue to believe that Genworth's fraud is highly relevant to the claims, affirmative defenses, and counterclaims in this action and that the exclusion of evidence establishing the full nature of the fraud is highly prejudicial to Defendants, this Court has made it clear that it has rejected that position. The present motion for reconsideration does not seek to have the Court reconsider that part of its decision.

It is respectfully submitted that the factual question of whether customers were deceived by the Principal Defendants' alleged failure to articulate their role in the class action lawsuit cannot be properly assessed by the trier of fact unless the full content of those communications is admitted into evidence. Stated another way, determining whether any customer was or was not deceived requires the trier of fact to consider what, if anything, the participants to the discussions said about the class action. To this end, a passing reference to the class action lawsuit in a conversation might suggest one conclusion whereas a more extensive discussion might suggest a different conclusion. It is respectfully submitted that the trier of fact cannot make an informed decision on the issue of deception based upon a review of only those portions of the communications that one side seeks to put forth. Because the Court did not specifically address this issue in its decision, and because it is unclear whether the Court's decision on Plaintiff's Motion in Limine No. 1 permits or precludes such evidence, Defendants request reconsideration / clarification for the purpose of requesting that the Court decide this issue that was raised but not decided by the Court in its ruling.

Allowing such evidence would not result in a trial on the merits of Defendants' contention that Genworth engaged in extensive fraud in its handling of customers' funds and it is not, and would not be, necessary for the trier of fact to decide whether Defendants' allegations were accurate. To the contrary, the evidence regarding the full content of the communications with customers is needed by the trier of fact for the limited purpose of providing the proper context for Genworth's claims that customers were deceived regarding the Principal Defendants' role in the class action.

To prove that Defendants acted deceptively in discussing the class action lawsuit, Genworth has offered a selective set of emails between the Principal Defendants and a handful of customers.  See Plaintiff's Proposed Exhibits 417, 238, 239, 240.  The proposed exhibits consist of emails from the Principal Defendants forwarding a copy of the notice of claim issued by counsel for the plaintiff class in the class action.  Some of these emails indicate that prior communications had taken place concerning the class action; others invite such communications; still others are silent on the subject.  To ask the trier of fact to determine whether these communications are deceptive without putting them in the context of the entirety of the communications between the Principal Defendants and the customers is not reasonable and thus not fair to the parties.  To that end, Defendants seek to introduce additional emails exchanged between the Principal Defendants and customers, as well as testimony regarding the content of communications between the Principal Defendants and customers in order to provide the full context of their communications so that the trier of fact can make a proper assessment.  Failing to allow the full content of the communications between the Principal Defendants and customers to be part of the trial would result in substantial prejudice to the Defendants.

Moreover, while Genworth seeks to show that the Principal Defendants did not disclose their involvement in the class action to customers, Genworth has now indicated that it is no longer pursuing any claim that the Principal Defendants' actual involvement in the class action was wrongful.[2]  This motion seeks reconsideration /

---

[2] Genworth, at oral argument, seems to have suggested that it intended to produce evidence that Defendants failed to tell customers "that [Defendants] had fed it all to the [class action] plaintiff's counsel, found the [class] plaintiffs and teed it up and rewrote the notices."  11/20/12 Transcript at 32.  However, as

-4-

clarification of an issue that was raised in Defendants' opposition to Motion in Limine No. 1, as well as during oral argument by Defendants and the Court, but which was not explicitly addressed by the Court in its decision.  See Docket No. 314 at 15 ("In order to properly defend against Genworth's claim that clients were misled by Defendants' failure to explicitly divulge any involvement they had in the class action, the full scope of Defendants' communications with clients must be taken into account"); 11/20/12 Transcript at 37 (the Court stating:  "[t]he only question to me as the trier of fact is what you said to this perspective client or your clients"); 11/20/12 Transcript at 37 (counsel arguing that the trier of fact has "to look at things in the totality in order to find whether it's truly deceptive").  Defendants seek reconsideration / clarification because the Court did not address this issue in its decision.

Defendants' discussion in its opposition brief on this point was not more expansive because, at that point, Genworth had not limited its tortious interference and CUTPA claims to Defendants' alleged failure to disclose to customers their involvement in the class action.  Instead, prior to its submission of its reply memorandum in support of its Motion in Limine Number 1, Genworth's CUTPA and tortious interference claims had included also the allegation that the Principal Defendants had fed counsel for the Plaintiff class in the class action with proprietary information regarding the extent to which Genworth had failed to invest customer

---

the Court noted, Genworth likewise seems to have suggested that it intended to prevent Defendants from producing evidence regarding the same issue to contradict Genworth's assertions or to provide a fuller context.  See 11/20/12 Transcript at 50 (the Court stating. "You want to put some of it but you don't want to let them put any of it in").

funds in accordance with the recommendations of Bob Brinker, as it had promised customers it would do. It was not until oral argument on its Motion in Limine Number 1 that Genworth made it clear that it no longer intended to pursue those allegations and thus that those prior allegations could no longer form the basis of Defendants' argument that Genworth's fraud in failing to invest customer funds in accordance with Mr. Brinker's recommendations was relevant to this case.[3]

Nothing requested in this motion would require a trial on the merits of the allegations of Genworth's fraud. This motion does not seek reconsideration of the Court's decision to preclude a trial on the merits of Genworth's fraudulent activities. Instead, this motion only seeks to allow Defendants to produce evidence of the context in which the Principal Defendants forwarded the class action notices to

---

[3] Genworth's prior emphasis on Defendants' communications with class counsel, however, cannot blithely be overlooked as if they had never happened. Those communications were highlighted by Genworth for Judge Bryant at the hearing on the preliminary injunction and provided a justification for the court to issue far reaching injunctive relief, without any requirement of a bond, that remains in place today, precluding Defendants from providing any information to class counsel. See Docket No. 101 at p. 14 ("evidence presented at the . . . hearing reflects that the Defendants have continued to disseminate confidential information by providing Genworth information to the counsel for the class action, as well as analysis of that information for inclusion in the class action complaint"); p. 17 ("the Plaintiff argued during the April 12 proceedings that the class action complaint is permeated with non-public information . . . that was presumably provided by the Defendants, as suggested by the documented email contact between the Defendants and the attorney for the class action plaintiffs, prior to the class action's filing"); pp. 19-20 (enjoining Defendants from "disclosing Genworth's relationship with Robert Brinker, and the contents of the class action complaint," and from ""providing context for the pending class action proceeding"). Under the threat of contempt, Defendants were forced to spend vast amounts of their limited resources to obtain clarification in this Court and in the Eastern District of New York as to whether they could honor duly issued subpoenas and answer questions under oath at depositions taken in the class action, without subjecting themselves to findings of contempt for violating the preliminary injunction. Even in the Joint Trial Memorandum, Genworth continued to press to have that aspect of the preliminary injunction made permanent. It was only after Defendants pointed out that these allegations opened the door to the admission of evidence of Defendants' motivation and thus Genworth's fraud that Genworth announced its decision to abandon that aspect of its claim. While this Court may be correct that there is little that it can do at this juncture to address such an inequitable set of circumstances, it does provide revealing context to Genworth's present efforts to present evidence of Defendants' alleged failure to disclose their role in fomenting the class action, while seeking to preclude Defendants from offering evidence of the full nature of those communications and the context in which those took place.

-7-

customers, consisting of all of the communications between the Principal Defendants and the customers surrounding the forwarding of the notices and the involvement of the Principal Defendants in the class action.  This evidence is necessary so that Defendants can properly defend against the allegations that they acted deceptively in their communications with customers, and so that the trier of fact can properly assess whether customers were misled or deceived about the Principal Defendants' actual involvement in the class action.

     WHEREFORE, Defendants respectfully request that the Court reconsider / clarify its decision on Plaintiff's Motion in Limine No. 1 to allow Defendants to provide documentary evidence and testimony regarding the full extent of the Principal Defendants' communications with customers.

Respectfully submitted,

DEFENDANTS TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC

AND

THIRD-PARTY PLAINTIFFS TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN AND TJT CAPITAL GROUP, LLC

By:  /s/ Ka Fei Wong
David P. Friedman (ct03558)
dfriedman@murthalaw.com
Ka Fei Wong (ct28130)
kwong@murthalaw.com

Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, Connecticut 06901
Phone: 203-653-5400
Fax: 203-653-5444

CERTIFICATION

I hereby certify that on December 3, 2012, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

                                                     */s/ Ka Fei Wong*
                                                    Ka Fei Wong (ct28130)

4218781v3