UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC. | ) | Civil Action No. 3:09-CV-01521-DOP |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC | ) | December 14, 2012 |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| GURINDER AHLUWALIA | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**DEFENDANTS / THIRD-PARTY PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL MODIFICATION OF PRELIMINARY INJUNCTION**

Pursuant to Rule 60(b)(6), Rule 59(e), and Rule 65 of the Federal Rules of Civil Procedure, Defendants and Third-Party Plaintiffs Timothy McMullan, James Cook, Timothy McFadden, Karen Bazon, Tamara Rivera, and TJT Capital Group, LLC (collectively "Defendants") respectfully move for partial modification of the preliminary injunction, issued by the Court over two and a half years ago, which enjoined

Bates Number 1

Defendants from, *inter alia*, communicating with plaintiff's counsel for the class action lawsuit and from communicating with and soliciting clients (Docket No. 101). There is no longer a legitimate basis for maintaining in place these portions of the preliminary injunction. Specifically, Plaintiff Genworth Financial Wealth Management, Inc. ("Genworth") has recently indicated that it is no longer pursuing any claim based on allegations that the Defendants' actual involvement in the class action was wrongful, including any communications they had with class action counsel, and Judge Hall, during the pretrial conference, confirmed that Genworth would be precluded from seeking any such claims and that it would not be presenting any evidence related to any such allegations at trial. These allegations regarding communications with class counsel were never part of Genworth's original Complaint, which was never amended, and none of these allegations are part of this case. Thus, there is no lawful basis to enjoin Defendants from communicating with class action counsel. Moreover, despite the lack of any non-competition or non-solicitation agreement, Defendants have been enjoined from communicating with and soliciting former customers for more than two and a half years, and over three and a half years since leaving Genworth. Given the lack of a security bond in conjunction with the preliminary injunction and the fact that Defendants will continue to suffer financially as a result of their inability to even communicate with former customers whose identities are well known to them after such an extensive period of time, there is no conceivable basis for continuing to enjoin Defendants from communicating with or soliciting former customers.

**BACKGROUND**

On June 10, 2010, Judge Bryant issued a preliminary injunction after a hearing in which Genworth focused on and presented evidence regarding the allegation that Defendants had fed counsel for the plaintiff class in the class action against Genworth in the District Court for the Eastern District of New York, captioned <u>Goodman, et al. v. Genworth Financial Wealth Management, Inc., et al.</u>, No. 09-cv-5603, with allegedly confidential information regarding the extent to which Genworth had failed to invest customer funds in accordance with the recommendations of renowned investment strategist Robert "Bob" Brinker.  Genworth highlighted those communications for Judge Bryant at the hearing on the preliminary injunction as the basis of its CUTPA and tortious interference claims.  <u>See</u> Docket No. 101 at 14 ("evidence presented at the . . . hearing reflects that the Defendants have continued to disseminate confidential information by providing Genworth information to the counsel for the class action, as well as analysis of that information for inclusion in the class action complaint"); 15 ("Genworth has therefore provided extensive evidence that [Defendant] McMullan disclosed proprietary information to lead class counsel, and that such information pervades the class action complaint . . . ."); 17 ("the Plaintiff argued during the April 12 proceedings that the class action complaint is permeated with non-public information . . . that was presumably provided by the Defendants, as suggested by the documented email contact between the Defendants and the attorney for the class action plaintiffs, prior to the class action's filing") (attached as <u>Exhibit 1</u>).  This evidence provided an apparent justification for the Court to issue far reaching preliminary injunctive relief, including an order enjoining Defendants from

"disclosing Genworth's relationship with Robert Brinker, and the contents of the class action complaint," from ""providing context for the pending class action proceeding," and from "communicating in any way or manner with any current client or known client prospect of Genworth . . . ." Docket No. 101 at pp. 18-20.  The Court issued the injunctive relief without any time limitations on any of the restraints and without any requirement of a security bond from Genworth.

Throughout this litigation, Genworth continued to allege that its CUTPA and tortious interference claims were based on Defendants' involvement in the class action.[1]  See, e.g., Docket No. 196 at 30-31 ("[Defendants] fomented the Class Action against Genworth, fed class counsel Genworth's proprietary information, and then used the Class Action complaint as a marketing piece to induce clients to switch to TJT"); 35 ("Defendants embarked on a campaign of misrepresentation after their departures by . . . inciting the Class Action against Genworth and then using it as a marketing piece").  Even in the Joint Trial Memorandum, Genworth continued to press for a permanent injunction precluding Defendants from communicating with class counsel.  See Docket No. 304 at 4-5 (seeking a permanent injunction restraining Defendants from "using any of Genworth's information . . . for the benefit of a third party, including without limitation providing information or context for the Class Action . . .").  Genworth likewise requested to permanently enjoin Defendants from "soliciting

---

[1] While Genworth, throughout these proceedings, has made allegations regarding the class action, including its allegations that Defendants violated CUTPA and committed tortious interference because they allegedly misled clients by failing to inform clients about their involvement or role in the class action, none of these allegations appear in the Complaint Genworth filed in this case, as all the allegations related to the class action occurred well after the filing of the Complaint and the Complaint was never amended.  See Docket No. 1 (Complaint).  Thus, none of these allegations are actually part of the operative Complaint.

or otherwise initiating any further contact or communications with any Genworth client . . . ." Docket No. 304 at 4, ¶ 6.B.1.b).

More recently, however, Genworth, in conjunction with its arguments relating to its Motion in Limine Number 1, announced its decision to abandon the aspect of its claims alleging that Defendants' communications with class counsel constituted actionable and wrongful conduct.[2]  See 11/20/12 Hearing Transcript at 31-32 (attached as Exhibit 2); see also Docket No. 319 at 1-2, 5-6.  The Court therefore noted that Genworth "is not going to include anything having to do with the taking of information and sharing it with class counsel." See 11/20/12 Hearing Transcript at 49.

## ARGUMENT

I.  There is No Longer Any Basis to Enjoin Defendants from Communicating with Class Action Counsel

A trial court has inherent power to modify its orders and, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, a court may modify a preliminary injunction for "any reason that justifies relief."  See Fed. R. Civ. P. 65(b)(6); see also Sierra Club v. United States Army Corps of Engineers, 732 F.2d 253, 256-257 (2d Cir. 1984).  "A preliminary injunction may be modified if the moving party demonstrates that a material change in circumstances justifies the alteration.  An injunction should be modified only when the changed circumstances demonstrate that 'continuance of

---

[2] Genworth had used this aspect of the preliminary injunction to its maximum benefit by the time Genworth decided to abandon the claim.  Genworth had used it as a basis for threatening Defendants with contempt if they testified pursuant to duly issued subpoenas at depositions in the class action, forcing Defendants to spend vast sums to seek clarification of the scope of the injunction to avoid running afoul of this aspect of the preliminary injunction.  The courts ultimately admonished Genworth for its overbroad and excessively restrictive interpretation of the preliminary injunction in this regard, and allowed Defendants to testify pursuant to subpoenas.  After having forced Defendants to incur substantial expenses dealing with these issues, Genworth has now withdrawn these allegations.

the injunction is no longer justified and/or [] will work oppressively against the enjoined parties.'" Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd., 427 F. Supp. 2d 491, 501 (S.D.N.Y. 2006).

Defendants seek modification of the preliminary injunction due to the recent change in Genworth's claims. Because Genworth has withdrawn its allegations that Defendants' communications with class action counsel were wrongful and actionable, and because the Court has confirmed that Genworth can no longer seek a claim based on these allegations, there is no longer a lawful basis to continue precluding Defendants from communicating with class action counsel.

Genworth presented evidence during the preliminary injunction hearing to support its allegations that Defendants' communications with, and provision of information to, counsel for the class action were wrongful and supported Genworth's CUTPA and tortious interference claims. See Docket No. 101 at 14-15, 17-18. The Court granted Genworth's request to preliminarily enjoin Defendants from communicating with class action counsel based on Genworth's initial allegations and presentation that these communications were wrongful and actionable. See Docket No. 101 at 17-18, 20. Genworth has now, however, abandoned those initial allegations and no longer claims that Defendants' communications with class action counsel, which involved the supplying of truthful non-confidential and non-trade secret information, constitute actionable conduct. See 11/20/12 Hearing Transcript at 31-32, 37, 43-44 (the Court, in describing Genworth's CUTPA claim, stating that "[Genworth] has presented to me that with respect to his CUTPA claim . . . it is on the deceptive prong that the defendant[s] failed to tell the clients about their role in the class action

initiation when they told the clients about the class action"); 49 (the Court stating that Genworth's claim "is not going to include anything having to do with the taking of information and sharing it with class counsel").

Given that Genworth no longer seeks to pursue any claim, and thus to present any evidence at trial, that Defendants' communications with class action counsel were wrongful, and given the Court's admonishment in that regard, there is no legitimate basis for continuing the portion of the preliminary injunction precluding Defendants from engaging in such communications because Genworth can no longer obtain a permanent injunction on the subject. Genworth's prior focus on the alleged wrongfulness of Defendants' communications with class action counsel provided the justification for the Court's decision to prevent them from communicating with class action counsel, and such evidence would have been required in order to make that part of the preliminary injunction permanent. The current change in circumstances therefore requires a modification of the preliminary injunction to remove this restriction, as the restraint on such communications is no longer justified and cannot be supported.

II. <u>No Legitimate Basis Exists under the Circumstances to Continue Precluding Defendants from Communicating with or Soliciting Former Customers</u>

Defendants have been prevented from communicating with or soliciting former customers for what has now been over two and a half years since the issuance of the preliminary injunction and three and a half years since Defendants left Genworth.[3] By the time trial is concluded in this case, nearly three years will have elapsed since the

---

[3] Defendants left Genworth between June and August 2009, the preliminary injunction was issued in June 2010, and trial is presently scheduled to begin in late March 2013.

preliminary injunction was issued and nearly four years since Defendants left Genworth.

The customers at issue are investors who are former customers of Defendants and who are well-known to Defendants, and whose contact information is readily ascertainable from public sources. Regardless of what the trier of fact determines with regard to the merits of the trade secrets and breach of contract claims, under these circumstances, Defendants should not be precluded in perpetuity from communicating with and/or soliciting these former customers. Defendants did not have any non-solicitation or non-competition agreements with Genworth. Even assuming, for purposes of this motion, that there was some basis for preventing Defendants from soliciting former clients following their departure from Genworth, any reasonable limitation on solicitation would have needed to expire after a reasonable amount of time. See, e.g., CT Cellar Doors, LLC v. Palamar, No. UWY-CV-105016075S, 2010 Conn. Super. LEXIS 3247, at *14-15 (Conn. Super. Ct. Dec. 10, 2010) (stating that covenants not to compete are enforceable only if their imposed restraint is reasonable, and the restraint must be limited in its operation with respect to time and place) (quoting Deming v. Nationwide Mut. Ins. Co., 279 Conn. 745, 761 (2006) and Mattis v. Lally, 138 Conn. 51, 54 (1951)) (unreported cases are attached hereto as Exhibit 3). Given that more than three years have passed since Defendants left Genworth, and more than two and a half years have passed since the issuance of the preliminary injunction preventing all solicitation and communication with customers, it is no longer reasonable to continue enjoining Defendants from communicating with and/or soliciting former customers whose identities Defendants

know and are aware of, and whose contact information can be obtained from public sources.

Even in cases where courts have found that former employees acted egregiously in wrongfully taking away a plaintiff's customers, and even where customer lists were found to be trade secrets, courts have placed a limitation on the amount of time a defendant could not solicit former clients or compete with a former employer.  See, e.g., Webster Bank, N.A. v. Cahill, No. CV094018982S, 2009 Conn. Super. LEXIS 1672, at *11-12 (Conn. Super. Ct. June 16, 2009) (in a trade secrets case, the court issued a preliminary injunction enjoining the defendant from disclosing or using trade secrets and ordering the defendant to return all data, files, and customer information, but only enjoined the defendant from soliciting any customers of the plaintiff's for a period of one year); TyMetrix, Inc. v. Szymonik, No. CV064019412S , 2006 Conn. Super. LEXIS 3865, at *17-18 (Conn. Super. Ct. Dec. 28, 2006) (finding that a restrictive covenant was reasonable and, while issuing temporary injunctive relief enjoining the defendant from using or disclosing any trade secrets, including customer lists, the court only enjoined the defendant from soliciting or calling any client or prospective client for a period of two years from the date the defendant terminated his employment with the plaintiff); Mec-Gar v. Hard, No. CV020077396S, at *22-23 (Conn. Super. Ct. Oct. 2, 2002) (enjoining the defendant for a period of one year from the date of the order from soliciting a customer of the plaintiff's after a finding that the defendant had violated his fiduciary duty by soliciting the customers of his employer prior to the termination of his employment) (unreported cases attached hereto as part of Exhibit 3).

There is simply no purpose in continuing to deprive Defendants of the ability to solicit or even communicate with former customers. Any knowledge about the customers that Defendants were privy to as a result of being employed by Genworth is now stale, given the passage of more than three years since their departure from Genworth. Defendants continue to know the identities of these customers, but are unable, due to the preliminary injunction, from even communicating with these customers. Defendants continue to suffer financially as a result of the preliminary injunction preventing them from communicating with former clients, which has now been in place for over two and a half years. The situation is particularly damaging given that no security bond was required or posted, in contravention of the requirements under Rule 65(c) of the Federal Rules of Civil Procedure. Irrespective of whether Genworth is ultimately entitled to relief under its trade secrets and breach of contract claims, there is simply no basis for perpetually preventing Defendants from communicating or soliciting former customers.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court modify the preliminary injunction to eliminate the restrictions on Defendants' ability to communicate with class action counsel and to solicit and communicate with customers.

Respectfully submitted,

DEFENDANTS TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA AND TJT CAPITAL GROUP, LLC

AND

THIRD-PARTY PLAINTIFFS TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN AND TJT CAPITAL GROUP, LLC

By:   /s/ Ka Fei Wong
      David P. Friedman (ct03558)
      dfriedman@murthalaw.com
      Ka Fei Wong (ct28130)
      kwong@murthalaw.com

Murtha Cullina, LLP
177 Broad Street, 4th Floor
Stamford, Connecticut  06901
Phone:  203-653-5400
Fax:  203-653-5444

## CERTIFICATION

I hereby certify that on December 14, 2012, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing though the Court's CM/ECF System.

                                                     /s/ *Ka Fei Wong*
                                                     Ka Fei Wong (ct28130)

Bates Number 12