# EXHIBIT 2

Bates Number 1

```
                                                                     1

 1                   UNITED STATES DISTRICT COURT.

 2                       DISTRICT OF CONNECTICUT

 3      _____
        GENWORTH FINANCIAL WEALTH    )
 4      MANAGEMENT, INC.             )
                       Plaintiff    )   NO: 3:09CV1521(JCH)
 5                                   )
        vs.                          )   November 20, 2012
 6      TIMOTHY McMULLAN, ET AL     )   9:00 a.m.
                       Defendants   )
 7      _____)
                                         141 Church Street
 8                                       New Haven, Connecticut

 9                      ORAL ARGUMENT

10
        B E F O R E:
11                  THE HONORABLE JANET C. HALL, U.S.D.J.

12
        A P P E A R A N C E S:
13
        For the Plaintiff   :        Reid L. Ashinoff
14                                   Brendan Zahner
                                     Sandra Hauser
15                                   Sonnenschein, Nath &
                                     Rosenthal
16                                   1221 Avenue of the
                                     Americas, 24th Fl.
17                                   New York, NY 10020

18                                   Eric Watt Wiechmann
                                     McCarter & English
19                                   Cityplace I
                                     185 Asylum St.
20                                   36th Fl.
                                     Hartford, CT 06103-3495
21
        For the Defendants  :        David Paul Friedman
22                                   Ke Fei Wong
                                     Murtha Cullina, LLP-Stmfd
23                                   177 Broad Street, 4th Floor
                                     Stamford, CT 06901
24

25
```

```
 1              THE COURT:  Where is it in your complaint?
 2              MR. ASHINOFF:  My point the CUTPA claim is not
 3     that they took the material and gave it to class
 4     counsel.
 5              THE COURT:  What's the basis?  Actually it is
 6     your reply which unfortunately I have lost.  At page 5,
 7     you talk about I think you seem to say there's two
 8     bases.
 9              MR. ASHINOFF:  314.
10              THE COURT:  Is that where you are saying that?
11              MR. ASHINOFF:  Document number 314 is our
12     opposition.  No.  Excuse me.
13              THE COURT:  319.
14              MR. ASHINOFF:  319.  It is on page, footnote
15     bottom of page 5 through top of page 6.
16              THE COURT:  Right.  You tell me -- you are
17     telling me that to the extent you have a CUTPA claim.  To
18     the extent you are proceeding under the unfair prong of
19     CUTPA, it is not premised on the defendant's conduct
20     vis-a-vis class action counsel or the beginning of the
21     class action but instead is on, quote, their
22     misappropriation of confidential client data information
23     to start a competing business, is that correct?
24              MR. ASHINOFF:  Yes, your Honor.
25              THE COURT:  The basis under the deceptive prong
```

```
 1    is what?
 2             MR. ASHINOFF:  And this came out in the
 3    discovery is that they started sending the class action
 4    complaint to customers of Genworth and said look at this,
 5    this is a public announcement, without telling them that
 6    they had fed it all to the plaintiff's counsel, found the
 7    plaintiffs and teed it up and rewrote the notices.
 8             THE COURT:  So the theory is that it is
 9    deceptive because while what it says is true, it fails to
10    tell the whole truth?
11             MR. ASHINOFF:  Yes.
12             THE COURT:  Those are your two bases for CUTPA
13    and nothing else?
14             MR. ASHINOFF:  Yes.
15             MR. FRIEDMAN:  Here is the problem --
16             THE COURT:  Go ahead, sir.
17             MR. ASHINOFF:  One other point.  What we really
18    are going to try is the fact that they took all of the
19    various client records, client information, protected
20    electronic databases, took it, down loaded it, shipped it
21    to Schwab to help them set up their business.  After they
22    got letters demanding that they return and preserve it,
23    they destroyed it all.  The only way we got it is when we
24    subpoenaed third party Schwab.  You read a lot about
25    it.
```

37

```
 1      information.
 2              THE COURT:  No, they are not.  They are not.
 3      They are not going to go into -- they are not going to be
 4      allowed to go into what you told class counsel was
 5      truthful or wasn't truthful, whether it is fraudulent or
 6      wasn't, whether what they did was fraudulent or wasn't.
 7      They aren't going to offer anything about that.  If they
 8      do, they will have opened the door for you to drive your
 9      truck through.  That would be my view.  However, if their
10      proof is limited, not for CUTPA, but throughout the case
11      I assume arising principally out of CUTPA is limited to
12      you took my confidential information and violation of
13      some law, okay.  And two, you said something to your
14      clients which was deceptive because it was incomplete
15      because it failed to describe your role, your meaning
16      your client's role in connection with the matter they
17      communicated to their clients or prospective clients
18      about, it could be every word your client told class
19      counsel was absolutely correct that the plaintiffs are
20      engaged in a massive fraud.  It is irrelevant to me.  The
21      only question to me as the trier of fact is what you said
22      to this perspective client or your clients.  I don't know
23      who they were.  Whoever you told about the class action
24      was what you said in any deceptive.  I don't know if it
25      was.  I don't know that you had to tell them that you had
```

43

```
 1    specific exhibits that we're trying to offer in this
 2    case.
 3              THE COURT:  I probably will be unhappy with
 4    myself when it comes time to rule on exhibits.  I don't
 5    tend to rule on each and every one of those exhibits by
 6    my ruling on this motion.  In fact, my ruling on the
 7    motion 301, in limine number 1 is as follows: granted on
 8    the position the plaintiff does not present evidence
 9    concerning any conduct by defendants in going to or
10    communicating with the class counsel other than
11    concerning defendant's communication with clients
12    mentioned thereon or comment thereon or failure to
13    comment thereon on the defendant's role in initiating or
14    encouraging the class action.  Nothing in this ruling
15    addresses whether the particular exhibits in the exhibit
16    A to document 301 are excluded.  I believe that requires
17    an individual review of each of the documents in light of
18    this ruling but that will not be done today.
19              MR. ASHINOFF:  Your Honor --
20              THE COURT:  Yes, sir, would you like to persuade
21    me to rule against you?
22              MR. ASHINOFF:  No.  Your Honor, my only concern
23    is this, if it turns out it is not your Honor trying the
24    case, some judge who's getting this overwhelming record
25    won't know logic or basis for the ruling so they can
```

```
 1    apply that to various exhibits and documents.
 2              THE COURT:  The basis for my ruling is that the
 3    plaintiff has represented to me that with respect to his
 4    CUTPA claim which I think is a principal basis upon which
 5    this evidence is claimed to be relevant by the defendant.
 6    Not the sole basis but the principal basis that the CUTPA
 7    is based upon the fact that the plaintiff's view the
 8    defendants took confidential information.  Second, it is
 9    on the deceptive prong that the defendant failed to tell
10    the clients about their role in the class action
11    initiation when they told the clients about the class
12    action.  Based upon that, my ruling seems to me is very
13    clear and will be in the minute entry.  There will be
14    communication to anyone other than myself who tries the
15    case.
16              As to the particular exhibits, those have to be
17    looked at in the context of all the exhibits and in light
18    of the ruling but I have not done that yet.  I don't
19    believe that the allegations that are at issue in the
20    Eastern District case are relevant here.  I do think
21    there's some appeal to the defendant's argument that they
22    should be able to explain -- I'm being very vague in my
23    description here -- explain why they did what they did
24    but if none of that is at issue in the plaintiff's
25    claims, then I don't see why they should be able to do
```

1  are still alleging things that are not part of that
2  complaint.
3          THE COURT:  It is not moving anymore, sir.  It
4  is not moving anymore.  It is not going to include
5  anything having to do with the taking of information and
6  sharing it with class counsel.
7          MR. FRIEDMAN:  I understand.  But he is seeking
8  to.
9          THE COURT:  On whether he can prove under his
10 allegation of proof of the intent aspect or the tortious
11 aspect by proving destruction of evidence, that goes to
12 whether I'm going to decide the adverse inference claim
13 or not.  If I don't decide the adverse inference claim, I
14 will hear about that or the judge who tries it will hear
15 about it because he still has the right to ask for an
16 adverse inference.  That's part of the trial in
17 connection with the remedy of an adverse inference.
18 Whether it is in the complaint or not, it is still coming
19 in.
20         MR. FRIEDMAN:  I guess what I don't understand
21 on the one hand, I thought, your Honor, the basis for the
22 ruling was he's narrowed his claim now so that it doesn't
23 include giving to class counsel any materials and you
24 indicate that's not part of the case because you didn't
25 allege it.  He's keeping in the complaint even though it

```
 1    marked or to be marked at trial.  I need you to identify
 2    what you want to send to FINRA.  File it with me, and I
 3    will rule on Monday.
 4              MR. FRIEDMAN:  Thank you.
 5              THE COURT:  I think you better do that sooner
 6    than later because they have a right to respond.
 7              (Whereupon, the above hearing adjourned at 11:20
 8    a.m.)
 9
10
11    COURT REPORTER'S TRANSCRIPT CERTIFICATE
12    I hereby certify that the within and foregoing is a true
13    and correct transcript taken from the proceedings in the
14    above-entitled matter.
15
16    /s/  Terri Fidanza
17    Terri Fidanza, RPR
18    Official Court Reporter
19
20
21
22
23
24
25
```