# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENWORTH FINANCIAL WEALTH MANAGEMENT, INC., <br> Plaintiff, <br><br> v. <br><br> TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, KAREN BAZON, TAMARA RIVERA and TJT CAPITAL GROUP, LLC, <br><br> Defendants. | Civil Action No. 3:09-CV-1521-DOP |
| TIMOTHY MCMULLAN, JAMES COOK, TIMOTHY MCFADDEN, AND TJT CAPITAL GROUP, LLC, <br> Third-Party Plaintiffs, <br><br> v. <br><br> GURINDER AHLUWALIA, <br> Third-Party Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION/CLARIFICATION** <br><br> December 21, 2012 |

Plaintiff/Third-Party Defendant Genworth Financial Wealth Management, Inc. ("Genworth") and Third-Party Defendant Gurinder Ahluwalia (collectively "Plaintiffs") respectfully submit this memorandum in opposition to Defendants'/Third-Party Plaintiffs' Motion for Reconsideration/Clarification (Doc. No. 359, "Defendants' Motion").

## FACTS AND ARGUMENT

Defendants' Motion for Reconsideration does not present any new fact or law for the Court to consider. Nor is there ambiguity in the Court's ruling that requires clarification. Rather, Defendants' Motion asks the Court to reconsider an argument it has twice heard, and has

ruled against.  Without proffering any document they seek to introduce, Defendants' request that they be allowed to present evidence concerning the "full content" of their discussions with Genworth clients, including any discussion of the Class Action allegations.  This request would create an exception to the Court's order so large that it would swallow the order itself.  Defendants do not meet the standard for a motion to reconsider.  The order needs no additional clarity and the Motion should be denied.

A motion for reconsideration "may not be used to relitigate an issue the court has already decided." *Robinson v. Holland*, No. 3: 02–cv–1943, 2008 WL 1924972, at *1 (D. Conn. Apr. 30, 2008). It is "not simply a second bite at the apple for a party dissatisfied with a court's ruling." *Weinstock v. Wilk*, No. 3:02–cv–1326, 2004 WL 367618 (D. Conn. Feb. 25, 2004). "The standard for granting a motion for reconsideration is strict." *Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65 at 69 (D. Conn. 2010).  "Reconsideration will only be granted if "a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id., quoting Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Defendants' Motion seeks to relitigate an issue the Court heard and decided at the November 20, 2012 hearing on Plaintiffs' Motion in Limine 1, namely Defendants' argument that because Genworth alleges it was deceptive for Defendants to conceal their involvement in instigating the Class Action, while at the same time sending information concerning the Class Action to Genworth clients, Defendants should be allowed to present "**testimony and**

**documentary evidence**[1] regarding the **full content of the communications** between Defendants . . . and customers" including "**what, if anything, the participants to the discussions said about the class action**." (Defs. Mot. at 2-3) (emphasis added).[2]

In its November 20, 2012 ruling, the Court rejected Defendants' argument, and rightly so. Defendants' request to introduce unidentified new documents goes far beyond what is necessary to defend against Genworth's allegations. It would provide a back door for Defendants to present irrelevant evidence of Genworth's alleged fraud -- evidence that two separate judges in this case have now ruled is not relevant to any party's claims or defenses. (*See* Doc. Nos. 152, 349)

This Court's order granting Plaintiffs' Motion in Limine 1 does not bar Defendants from showing that they did indeed inform Genworth's clients of their role in the Class Action. It grants Plaintiffs' request to exclude evidence of, *inter alia*, "Genworth's client portfolio compositions, asset allocations and investment strategy, comparisons to Robert Brinker's *MarkeTimer* newsletter model portfolio compositions, asset allocations and investment strategy and advice, as well as the absolute and relative performance of Genworth's portfolios and client

---

[1] Defendants request the ability to submit unspecified new "documentary evidence" at trial in addition to testimony, but it is unclear why they would need to do so. Defendants were on notice well before trial exhibits were due that one of Genworth's theories of CUTPA damages was that Defendants hid their involvement in the Class Action. The Court addressed this very theory in its ruling on the parties Motions for Summary Judgment four months before exhibits were due. *See* Doc. No. 280 at 24-25 ("Genworth also argues that the Principal Defendants violated CUTPA's deceptive provision by . . . sending Genworth client information about the class action without disclosing their role in assisting its filing.") Defendants had ample time to submit any documentary evidence they had in their possession that would rebut this assertion, and should not be enabled now to introduce unidentified new documents.

[2] Defendants assert that this evidence is important because "a passing reference to the class action lawsuit in a conversation might suggest one conclusion whereas a more extensive discussion might suggest a different conclusion." (Defs. Mot. at 3) This is fallacious. No presumption regarding whether Defendants did or did not inform Genworth clients of their role in instigating the Class Action attaches to a discussion merely based on the length or detail of the discussion.

accounts" (MIL 1, Doc. No. 301 at 2), *i.e.* Class Action evidence, none of which is relevant to any of Defendants' defenses.

Defendants argue that "[t]hese issues were raised in the MIL and the hearings, but not decided in the ruling." (*Id.* at 3)  These issues were raised, heard and decided.

In their Opposition to Motion in Limine 1, Defendants argued:

> In order to properly defend against Genworth's claim that clients were misled by Defendants' failure to explicitly divulge any involvement they had in the class action, **the full scope of Defendants' communications with clients must be taken into account**.

(Defs. Opp. to MIL 1, Doc. No. 314 at 15) (emphasis added)

Again in the November 20, 2012 hearing on Motion in Limine 1, Defendants argued:

> [Plaintiffs] also have sought to introduce into evidence a number of exhibits which their communications with clients and other documents, for example, which they believe established that my guys or the defendants were deceptive in terms of the way they communicated with the customers by conveying certain information, but not -- but the totality of the communications were not -- were deceptive because they did not include the fact that our guys had a role in terms of the class action lawsuit. **We think it is impossible to respond to those claims apart from the issue of fraud** . . .

(11/20/2012 Transcript, Doc. No. 353 at 36:11-22) (emphasis added)

The colloquy between Defendants and the Court on this issue continued for several transcript pages, directly after which, the Court ruled against Defendants and granted Motion in Limine 1, reasoning, "I don't believe that the allegations that are at issue in the Eastern District case are relevant here." (*Id.* at 36:11-44:15)  In so ruling, the Court specifically contemplated whether evidence concerning Defendants' communications with Genworth clients regarding Defendants' role in the Class Action would be admissible, and ruled that Genworth could "comment thereon on the defendant's role in initiating or encouraging the class action," but was

barred from going any further and presenting evidence regarding the Class Action allegations or Defendants communications with Class Counsel regarding them.  (*Id.* at 43:6-14)

This limitation is clear and creates an even field: <u>all</u> parties are barred from presenting evidence concerning the Class Action allegations, but no party is barred from presenting evidence that Defendants did or did not disclose their role in the Class Action to Genworth clients.

On the other hand, granting the Motion for Reconsideration would allow Defendants to testify regarding all of the Class Action allegations in detail, under the guise that the testimony is simply an account of what Defendants told Genworth clients.  Such an exception to the Court's order on Motion in Limine 1 would effectively negate the order.

Courts routinely deny motions for reconsideration in circumstances like this.  Just a few recent examples include: *Tzanetis v. Weinstein & Riley, P.S.*, No. 3:09–CV–00413, 2011 WL 3163503 (D. Conn. July 26, 2011), where the plaintiff moved for reconsideration of an order granting summary judgment against her, but "point[ed] to no new controlling law or evidence warranting reconsideration.  Rather, she forcefully repeat[ed] the two arguments she had previously presented in support of her motion for summary judgment," and her motion for reconsideration was therefore denied.  *Id.* at \*3-\*4.  Similarly, in *Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65 (D. Conn. 2010), the defendant's motion for reconsideration was denied where defendant rehashed its previous arguments in an "attempt[] to obtain the proverbial second bite at the apple," but did "not point[] to any new facts or evidence that the Court overlooked and might reasonably be expected to alter its conclusion."  *Id.* at 69-70.  *See also Vigorito v. UBS PaineWebber, Inc.*, 2009 WL 1789443, \*3 (D. Conn. June 17, 2009); *Day v. Lantz*, 2007 WL 549735, \*1 (D. Conn. Feb. 16, 2007); *Ryan v. Sullivan, Hill, Lewin, Rez, Engel and LaBazzo*, 2005 WL 367836, \*2 (D. Conn. Jan. 25, 2005).

Defendants here have made no showing that "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" exists.  The ruling does not require clarification or modification.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny Defendants' Motion for Reconsideration in its entirety.

Dated:  New York, New York
            December 21, 2012

>Respectfully Submitted,
>
>/s/ Reid Ashinoff
>   Reid L. Ashinoff  *(admitted phv)*
>   Sandra D. Hauser *(admitted phv)*
>   Brendan E. Zahner *(admitted phv)*
>   SNR DENTON US LLP
>   1221 Avenue of the Americas
>   New York, NY 10020
>   reid.ashinoff@snrdenton.com
>   sandra.hauser@snrdenton.com
>   brendan.zahner@snrdenton.com
>   Tele: (212) 768-6700
>   Fax: (212) 768-6800
>
>
>   McCARTER & ENGLISH, LLP
>   Eric W. Wiechmann (CT 04331)
>   Elizabeth M. Smith (CT 19808)
>   City Place I, 185 Asylum Street
>   Hartford, Connecticut 06103-3495
>   ewiechmann@mccarter.com
>   esmith@mccarter.com
>   Tele: 860-275-6763
>   Fax: 860-560-5970
>
>   *Counsel for Plaintiff Genworth Financial Wealth Management, Inc. and Third-Party Defendant Gurinder Ahluwalia*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that I have caused to be served a true and correct copy of the foregoing document on this 21st day of December, 2012, via electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

      /s/      Joshua Kroot

      Joshua Kroot